Leela Kapur (SBN 125548)
  leela.kapur@lacity.org
Joseph A. Brajevich (SBN 156144)
  joseph.brajevich@ladwp.com
Kathleen A. Kenealy (SBN 212289)
  kathleen.kenealy@lacity.org
LOS ANGELES CITY ATTORNEY'S OFFICE
221 N. Figueroa Street, Suite 1000
Los Angeles, California 90012
*Attorneys For Defendants*
*City of Los Angeles, Michael Feuer*

BROWNE GEORGE ROSS LLP
Eric M. George (SBN 166403)
  egeorge@bgrfirm.com
Maribeth Annaguey (SBN 228431)
  mannaguey@bgrfirm.com
Kathryn L. McCann (SBN 245198)
  kmccann@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
T: 310·274·7100 / F: 310·275·5697
*Attorneys For Defendants*
*City of Los Angeles, Michael Feuer*

Edith R. Matthai (SBN 66730)
  ematthai@romalaw.com
T. John Fitzgibbons (SBN 238439)
  jfitzgibbons@romalaw.com
ROBIE & MATTHAI
350 S. Grand Ave, Suite 3950
Los Angeles, CA 90071
T: 213·706·8000 / F: 213·706·9913

*Attorneys For Defendant*
*Thomas Peters*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual,<br><br>Defendants. | Case No. 2:19-cv-06661-VAP (PLAx)<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NO MORE THAN 30 DAYS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KATHLEEN A. KENEALY IN SUPPORT THEREOF; DECLARATION OF JASON Y. KELLY IN SUPPORT THEREOF**<br><br>Judge:  Virginia A. Phillips<br>Courtroom:  8A<br><br>Hearing Date:  August 26, 2019<br>Hearing Time:  2:00 PM<br><br>Trial Date:  None Set |

1328185

TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants City of Los Angeles, Michael Feuer, James Clark,[1] and Thomas Peters (collectively, the "City Defendants") hereby apply *ex parte*, pursuant to Local Rule 7-19, for an order extending the deadline for the City Defendants to answer or otherwise respond to the initial putative class action complaint to September 26, 2019 (*i.e.*, an extension of no more than 30 days).

The grounds for this *Ex Parte* Application are as follows:

- Plaintiff Dennis Bradshaw filed the putative class action complaint in this action on July 31, 2019 (Dkt. No. 1), naming, *inter alia*, the City Defendants as defendants.

- Plaintiff served the putative class action complaint on Defendant City of Los Angeles (the "City") on August 6, 2019.  The remaining City Defendants were served that day or immediately thereafter.

- The deadline for the City to answer or respond to the complaint currently is August 27, 2019.

- On August 14, 2019, the City's counsel contacted Plaintiff's counsel, on behalf of all City Defendants, regarding a stipulation to extend to September 26, 2019 (*i.e.*, by not more than 30 days) the City Defendants' deadline to answer or respond to the class action complaint.

- On August 16, 2019, Plaintiff's counsel agreed and represented that he had no objection to a 30-day extension.  But on August 20, 2019, after 8:30 p.m., Plaintiff's counsel reneged on the agreement, representing

---

[1]     For the limited purpose of seeking an extension to his deadline to answer or otherwise respond to the initial complaint, Browne George Ross LLP is also representing Defendant James Clark.  (Declaration of Jason Y. Kelly ("Kelly Decl."), filed concurrently, ¶ 1.)

1    that Plaintiff would no longer agree to a 30-day extension and, instead,

2    would *consider* a one-week extension.

3    • The City requested that Plaintiff reconsider and advised that if he did

4    not, the City Defendants would be forced to seek *ex parte* relief.

5    Plaintiff rejected the request and instead insisted that only a one-week

6    extension would be available and only if the City agreed to it that same

7    day.

8    • The City Defendants did not accept Plaintiff's counsel's one-week

9    offer.

10    • There is good cause for extending the City Defendants' deadline to

11    September 26, 2019.  The City Defendants relied on Plaintiff's

12    agreement and need more time to evaluate the putative class action

13    complaint.

14    • No Scheduling Order has been entered by this Court.  An extension

15    would, therefore, not alter or impact the Court's trial calendar or

16    prejudice Plaintiff.

17    • Upon information and belief, the City Defendants have valid responses

18    and defenses to Plaintiff's allegations and claims.  The City Defendants

19    will, therefore, be prejudiced if they do not have the opportunity to

20    adequately develop and present these arguments and defenses.

21    • Further, by waiting until *after hours* on August 20, 2019, to renege on

22    his agreement, Plaintiff has made it impossible for the City Defendants

23    to respond with a motion that complies with Local Rule 7-3's meet and

24    confer requirements.  The meet and confer would have had to occur by

25    August 20, 2019**.**

26    Accordingly, the City Defendants respectfully request an order extending the

27 deadline for them to answer or otherwise respond to the putative class action

28 complaint to September 26, 2019.

This *Ex Parte* Application is based on this application; the accompanying memorandum of points and authorities; the declaration of Kathleen A. Kenealy and exhibit attached thereto; the declaration of Jason Y. Kelly and exhibits attached thereto; the proposed order; the pleadings, documents, and records on file herein; and such further oral or documentary evidence as may be presented at any hearing on this Application.

DATED:  August 22, 2019        BROWNE GEORGE ROSS LLP
                               Eric M. George
                               Maribeth Annaguey
                               Kathryn L. McCann

                               By:    */s/ Maribeth Annaguey*
                                     Maribeth Annaguey
                               Attorneys for CITY OF LOS ANGELES AND
                               MICHAEL FEUER


DATED:  August 22, 2019        ROBIE & MATTHAI
                               Edith R. Matthai
                               T. John Fitzgibbons

                               By:    */s/ T. John Fitzgibbons*
                                     T. John Fitzgibbons
                               Attorneys for THOMAS PETERS


## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

I, Maribeth Annaguey, am the ECF User whose identification and password are being used to file this stipulation.  Per Local Rule 5-4.3.4(a)(2)(i), I hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  August 22, 2019        By:    */s/ Maribeth Annaguey*
                                     Maribeth Annaguey

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.**   **Introduction**

Despite initially agreeing to grant the customary 30-day extension to respond to an initial complaint, Plaintiff Bradshaw subsequently refused to honor his agreement.  Defendants City of Los Angeles, Michael Feuer, James Clark, and Thomas Peters (collectively, the "City Defendants") are now forced to seek *ex parte* relief for an order to extend the deadline for them to answer or otherwise respond to Plaintiff Bradshaw's initial putative class action complaint, filed on July 31, 2019, to September 26, 2019.  This extension would not be for more than 30 days.

There is good cause for granting this extension.  The City Defendants relied on Plaintiff's agreement to a 30-day extension, which would allow them sufficient time to retain counsel, evaluate Plaintiff's class action claims, and to meet and confer with Plaintiff's counsel prior to filing any responsive pleading or motion.

Upon information and belief, the City Defendants have valid responses and defenses to Plaintiff's class action allegations and claims.  Denying an extension, particularly under these circumstances, would prejudice the City Defendants' opportunity to develop and present these arguments and defenses.  Indeed, by stringing the City Defendants along, Plaintiff has made it impossible for the City Defendants to comply with Local Rule 7-3's meet and confer requirements under the current schedule, which would have had to occur *before* Plaintiff reneged on his agreement for the extension.

Further, this Court has not entered a scheduling order.  An extension would, therefore, not alter or impact the Court's trial calendar or prejudice Plaintiff.

Accordingly, this Court should extend the City Defendants' deadline to September 26, 2019.

**II.**   **Local Rule 7-19 Requirements**

Per Local Rule 7-19, the contact information for Plaintiff Bradshaw's counsel is provided below:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION
TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY 30 DAYS

1
2
3
4
5
6

Filippo Marchino (fm@xlawx.com)
Damon Rogers (dr@xlawx.com)
Thomas Gray (tg@xlawx.com)
The Ex-Law Group, P.C.
625 Fair Oaks Ave., Suite 390
South Pasadena, CA 91030
Tel: 213-599-3380
Fax: 213-599-3370

7  ## III.   Background

8  ### A.   The Filing and Service of the Initial Complaint

9    On July 31, 2019, Plaintiff Bradshaw filed the initial putative class action
10 complaint in this action, spanning over 50 pages and asserting eleven claims—
11 including a RICO claim—against eight defendants.  (Dkt. No. 1.)  The defendants in
12 the putative class action complaint include the City Defendants.  (*Id.*)  Defendant
13 City of Los Angeles (the "City") was served with the class action complaint on
14 August 6, 2019, and the other City Defendants were served thereafter.  (Declaration
15 of Kathleen A. Kenealy ("Kenealy Decl."), filed concurrently, ¶¶ 2-3.)  The deadline
16 for the City to answer or respond to the complaint is August 27, 2019.  (*Id.* ¶ 3.)

17 ### B.   The Agreement to Extend the City Defendants' Deadline

18   Since the initial complaint was filed, the City Defendants have been taking
19 steps to retain counsel and to evaluate Plaintiff's class action allegations and claims.
20 (*Id.* ¶ 4.)  Recognizing that more time would be necessary before they could answer
21 or respond to the initial complaint, Kathleen A. Kenealy of the Los Angeles City
22 Attorney's Office contacted Plaintiff's counsel on August 14, 2019 about stipulating
23 to extend—by not more than 30 days—the deadline for the City Defendants to
24 answer or respond to the initial complaint.  (*Id.* ¶¶ 5-6, Ex. 1.)

25   Filippo Marchino, counsel for Plaintiff, responded on Friday, August 16,
26 2019, agreeing to a 30-day extension.  (*Id.* ¶¶ 6-7, Ex. 1.)  Mr. Marchino explained
27 that Plaintiff had no objection to the extension and that Ms. Kenealy should "[f]eel
28 free to circulate a draft of the stipulation and we will return in short order."  (*Id.*)

This extension was requested and agreed to well before Local Rule 7-3's deadline to meet and confer with respect to the possible filing of a responsive motion. (*See* L.R. 7-3.)

The following Monday and Tuesday, Jason Y. Kelly, outside counsel for the City, contacted Mr. Marchino to memorialize the agreement and sent the draft stipulation. (Kelly Decl. ¶¶ 6-9, Ex. 3.) At 8:34 p.m. on Tuesday, August 20, 2019—just seven days before the City's response is due and after the City Defendants could comply with Local Rule 7-3's deadline to meet and confer on any responsive motion—Mr. Marchino reneged on his agreement, informing the defense counsel that Plaintiff would no longer agree to the 30-day extension because he had learned that class counsel in a state court class action[2] *may* seek to stay the instant action. (*Id.* ¶ 10, Ex. 4.) Instead of the agreed-to 30 days, Plaintiff now would only *consider* a one-week extension. (*Id.*) Despite Mr. Kelly's request that this decision be reconsidered, otherwise the City Defendants would be forced to seek *ex parte* relief, Mr. Marchino averred that Plaintiff would only offer a one-week extension, which Plaintiff would withdraw if the City Defendants did not accept by that afternoon (Wednesday, August 21, 2019). (*Id.* ¶¶ 11-12, Ex. 4.) The City Defendants did not accept Plaintiff's new offer. (*Id.* ¶ 13.)

The City Defendants relied on Plaintiff's agreement to a 30-day extension. (*Id.* ¶ 14.) They are still evaluating Plaintiff's factually and legally complex class

---

[2]   Among other allegations, Plaintiff's class action complaint attacks a class action settlement reached in the state court action titled *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "*Jones* Action"). (*See* Dkt. No. 1.) Class Counsel in the *Jones* Action, Brian Kabateck, recently reported to the *Jones* Court: "Class Counsel is currently contemplating whether to file a motion to stay the *Bradshaw* matter pending resolution of the outstanding issues in the instant case . . . ." (Kelly Decl. ¶ 15, Ex. 5 at 3.) This only underscores the complexity of the instant class action lawsuit and the need to allow sufficient time for the City Defendants to evaluate an appropriate response in light of the already pending litigation.

1   action allegations and claims.  (*Id.*)

2   ## C.  The *Ex Parte* Application

3   At 2:15 p.m. on Thursday, August 22, 2019, Mr. Kelly called Plaintiff's

4   counsel's office to speak with Mr. Rogers or Mr. Gray (Mr. Marchino represented

5   that he is currently traveling overseas) about this Application.  (*Id.* ¶ 2.)  Mr. Tom

6   Cassaro answered the phone and represented that he was the only person in

7   Plaintiff's counsel's office at the moment.  (*Id.*)  Mr. Kelly explained to Mr. Cassaro

8   that: (1) this Application would be filed on August 22, 2019; (2) the City

9   Defendants would seek an order to extend their deadline to answer or respond to the

10   initial complaint to September 26, 2019; and (3) there is good cause to extend the

11   deadline because, *inter alia*, Plaintiff's counsel agreed to extend the deadline, but

12   now refused to honor the agreement, the City Defendants need additional time to

13   answer or respond to the class action complaint, and an extension would not

14   prejudice Plaintiff.  (*Id.*)  Mr. Kelly also informed Mr. Cassaro that the *Ex Parte*

15   Application would be electronically served through the Court's ECF system and that

16   any opposition must be filed not later than 24 hours after service.  (*Id.* ¶ 3.)  If

17   Plaintiff did not intend to oppose the *Ex Parte* Application, counsel must inform the

18   court clerk by telephone.  (*Id.*)  Mr. Kelly later sent an e-mail to all three of

19   Plaintiff's attorneys, setting forth all of this information.  (*Id.* ¶ 5, Ex. 2.)

20   In response, Mr. Cassaro could not say whether Plaintiff would oppose this

21   request.  (*Id.* ¶ 4.)

22   ## IV.  Argument

23   Federal Rule of Civil Procedure 6(b) provides, "When an act may or must be

24   done within a specified time, the court may, for good cause, extend the time . . . if a

25   request is made . . . before the original time or its extension expires."  Fed. R. Civ.

26   P. 6(b).  Here, the deadline for the City Defendants to answer or respond to the

27   complaint has not expired.  (*See* Kenealy Decl. ¶ 3.)  Further, there is good cause for

28   extending the deadline to September 26, 2019.

*First*, Plaintiff agreed to a 30-day extension.  Under this Court's Local Rules, a 30-day stipulated extension to the initial complaint is effective immediately, and "need not be approved by the judge." (L.R. 8-3.)  The City Defendants relied upon that agreement, only for Plaintiff to renege a week before the City Defendants' answers or responses are due.  The City Defendants will be prejudiced if Plaintiff is rewarded for his gamesmanship and refusal to honor the parties' agreement.

*Second*, the City Defendants needed additional time to retain counsel and still need time to further analyze the putative class action complaint, which spans over 50 pages, asserting eleven claims—including a RICO claim—against eight defendants, and implicates ongoing proceedings in the *Jones* Action pending in California State Court.  The City Defendants believe they have valid responses and defenses to Plaintiff's allegations and claims.  (Kelly Decl. ¶ 14.)  Denying an extension, particularly under these circumstances, would prejudice the City Defendants' opportunity to develop and present these arguments and defenses. Indeed, Plaintiff's gamesmanship has prejudiced the City Defendants by making it impossible for them to respond with a motion that complies with Local Rule 7-3's meet and confer requirements.

*Third*, this Court has not entered a scheduling order.  An extension would, therefore, not alter or impact the Court's trial calendar or prejudice Plaintiff.

//
//

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION
TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY 30 DAYS

**V.    <u>Conclusion</u>**

For the foregoing reasons, the City Defendants request that this Court extend their deadline to answer or otherwise respond to the initial complaint to September 26, 2019.

DATED:  August 22, 2019        BROWNE GEORGE ROSS LLP
                               Eric M. George
                               Maribeth Annaguey
                               Kathryn L. McCann

                        By:    _/s/ Maribeth Annaguey_
                               Maribeth Annaguey
                        Attorneys for CITY OF LOS ANGELES AND
                        MICHAEL FEUER


DATED:  August 22, 2019        ROBIE & MATTHAI
                               Edith R. Matthai
                               T. John Fitzgibbons

                        By:    _/s/ T. John Fitzgibbons_
                               T. John Fitzgibbons
                        Attorneys for THOMAS PETERS

## DECLARATION OF KATHLEEN A. KENEALY

I, Kathleen A. Kenealy, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am an attorney at the Los Angeles City Attorney's Office. I am over the age of eighteen years, have personal knowledge of the facts set forth below, and could competently testify thereto if called as a witness.

2. On July 31, 2019, Plaintiff filed the initial putative class action complaint in this action. The defendants named in the initial complaint include Defendants City of Los Angeles, Michael Feuer, James Clark, and Thomas Peters (collectively, the "City Defendants"). (Dkt No. 1.)

3. Defendant City of Los Angeles was served with the complaint on August 6, 2019. I am informed and believe that Defendants Michael Feuer, James Clark, and Thomas Peters were served that day or immediately thereafter. The deadline for Defendant City of Los Angeles to answer or respond to the complaint is August 27, 2019.

4. Since the initial complaint was filed, the City Defendants have been in the process of retaining counsel and evaluating the class action complaint.

5. On August 14, 2019, I contacted Thomas Gray, Plaintiff's counsel, by e-mail, and asked if he would agree to a 30 day extension of time for the City Defendants' responsive filing. Such an extension would make September 26, 2019 the deadline for the City Defendants to answer or respond to the initial complaint. I also offered to prepare a stipulation pursuant to Local Rule 8-3 for Plaintiff's counsel's review.

6. Attached as **Exhibit 1** is a true and correct copy of an e-mail chain from August 14, 2019 to August 16, 2019 between me and Plaintiff's counsel, copying other recipients.

7. On August 16, 2019, Filippo Marchino, Plaintiff's counsel, informed

1   me that "Plaintiff has no objection to a 30-day continuance." Mr. Marchino further

2   said: "Feel free to circulate a draft of the stipulation and we will return in short

3   order." Exhibit 1 contains Mr. Marchino's e-mail.

4          Executed this 22nd of August, 2019, at Los Angeles, California.

5          I declare under penalty of perjury of the laws of the United States that the

6   foregoing is true and correct.

7

8                                                  Kathleen A. Kenealy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



**Kathleen Kenealy <kathleen.kenealy@lacity.org>**

---

## Re: Bradshaw v City (2:19-cv-06661)
1 message

---

**Filippo Marchino** <fm@xlawx.com>                    Fri, Aug 16, 2019 at 10:23 AM
To: Kathleen Kenealy <kathleen.kenealy@lacity.org>
Cc: Thomas Gray <tg@xlawx.com>, Damon Rogers <DR@xlawx.com>, Tom Cassaro <tc@xlawx.com>

Ms. Kenealy,
it is a pleasure to meet you via email. I look forward to working with you on this matter.

Plaintiff has no objection to a 30-day continuance, provided that you enter an appearance in the case for the Defendants City, Feuer, Clark and Peters at the same time the stipulation for extension of time is filed.

Feel free to circulate a draft of the stipulation and we will return in short order.

With warm regards,
Filippo Marchino

**PLEASE NOTE OUR NEW ADDRESS!!**

--



|  |  |
|---|---|
|  | Filippo Marchino |
|  | Attorney |
|  | The X-Law Group P.C. |
|  | 625 Fair Oaks Ave, Suite 390 |
|  | South Pasadena, CA - 91030 - U.S.A. |
|  | Tel: +1 213 599 3380 |
|  | Fax: +1 213 599 3370 |
|  | *"Cela existe. Pas ici, mais maintenant."* |

*POTENTIAL CLIENT:*
If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

On Thu, Aug 15, 2019 at 10:40 AM Kathleen Kenealy <kathleen.kenealy@lacity.org> wrote:
> Thank you.  I look forward to hearing from you.
>
> On Thu, Aug 15, 2019 at 9:52 AM Thomas Gray <tg@xlawx.com> wrote:
>> Dear Ms. Kenealy:

**Exhibit 1**

I am copying on this email Damon Rogers and Filippo Marchino, who are on this case with me.
We will discuss your request internally and respond to you in short order.

Sincerely,
Thomas Gray

On Wed, Aug 14, 2019 at 1:18 PM Kathleen Kenealy <kathleen.kenealy@lacity.org> wrote:
Dear Mr. Gray -- On behalf of the defendants City, Feuer, Clark and Peters, I am contacting you with respect to the
above case.  We were served on August 6.  Will you agree to a 30 day extension of time for our responsive filing?
That would put our response due date at September 26, 2019.  If so, I will have a stipulation prepared pursuant to
Local Rule 8-3.  I am happy to discuss this further by telephone if you wish.  Looking forward to hearing from you.

Kate Kenealy

--
Kathleen A. Kenealy
Senior Assistant City Attorney
Executive Office
Los Angeles City Attorney's Office
200 North Main Street, 8th Floor
Los Angeles, California  90012
(213) 978-8351 - Telephone

Kathleen.Kenealy@lacity.org


*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client
privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure,
copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or
saving in any manner.
***********************************************************************


--



Thomas Gray

Attorney


The X-Law Group P.C.

625 Fair Oaks Avenue, Suite 390

South Pasadena, CA - 91030

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised,
however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for
any statutes of limitations or other deadlines for your case or potential case.

**Exhibit 1**

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

--
Kathleen A. Kenealy
Senior Assistant City Attorney
Executive Office
Los Angeles City Attorney's Office
200 North Main Street, 8th Floor
Los Angeles, California 90012
(213) 978-8351 - Telephone

Kathleen.Kenealy@lacity.org

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
******************************************************************

**Exhibit 1**

## DECLARATION OF JASON Y. KELLY

I, Jason Y. Kelly, declare and state as follows:

1.      I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California.  I am an attorney with the firm of Browne George Ross LLP, counsel for Defendant City of Los Angeles and Michael Feuer.  I am over the age of eighteen years, have personal knowledge of the facts set forth below, and could competently testify thereto if called as a witness.  For the limited purpose of seeking an extension to his deadline to respond to the initial complaint, Browne George Ross LLP is also representing James Clark.

**Plaintiff Was Given Notice and Served With This *Ex Parte* Application**

2.      At 2:15 p.m. on Thursday, August 22, 2019, I called Plaintiff's counsel's office to speak with Mr. Rogers or Mr. Gray (Mr. Marchino represented that he is currently traveling overseas) about this Application.  Mr. Tom Cassaro answered the phone and represented that he was the only person in Plaintiff's counsel's office at the moment.  I explained to Mr. Cassaro that: (1) this Application would be filed on August 22, 2019; (2) the City Defendants would seek an order to extend their deadline to answer or respond to the initial complaint to September 26, 2019; and (3) there is good cause to extend the deadline because, *inter alia*, Plaintiff's counsel agreed to extend the deadline, but now refused to honor the agreement, the City Defendants need additional time to answer or respond to the class action complaint, and an extension would not prejudice Plaintiff.

3.      I also informed Mr. Cassaro that the *Ex Parte* Application would be electronically served through the Court's ECF system and that any opposition must be filed not later than 24 hours after service.  If Plaintiff did not intend to oppose the *Ex Parte* Application, counsel must inform the court clerk by telephone.

4.      I asked Mr. Cassaro whether Plaintiff would oppose the *Ex Parte* Application.  Mr. Cassaro could not say whether Plaintiff would oppose this request.

5.      Attached as **Exhibit 2** is a true and correct copy of an e-mail I sent to

1  Plaintiffs' counsel that set forth all of the information described in paragraphs 2-3
2  above.

3  ### The Agreement to Extend the Deadline for the City Defendants

4  6.     On Monday, August 19, 2019, I contacted Mr. Marchino's office
5  regarding the stipulation, pursuant to Local Rule 8-3, for an extension of no more
6  than 30 days for the City Defendants to answer or respond to the putative class
7  action complaint.  The receptionist informed me Mr. Marchino was unavailable.
8  Accordingly, I left a message for Mr. Marchino with the receptionist.

9  7.     In the morning of Tuesday, August 20, 2019, I again contacted
10  Mr. Marchino's office regarding the stipulation and left another message with the
11  receptionist.

12  8.     At 2:26 p.m. on August 20, 2019, Mr. Marchino sent me an e-mail in
13  response to my voicemails.  Attached as **Exhibit 3** is a true and correct copy of an e-
14  mail chain dated August 20, 2019 between me and Mr. Marchino, with other
15  recipients copied.

16  9.     At 3:46 p.m. on August 20, 2019, I responded to Mr. Marchino's e-
17  mail, attaching the draft stipulation reflecting the parties' agreement to extend the
18  City Defendants' deadline by 30 days.  I asked that Mr. Marchino let me know if we
19  had his authorization to sign and file the stipulation.  Exhibit 3 contains my e-mail
20  and the draft stipulation attached thereto.

21
22  ### Plaintiff's Refusal to Honor the Agreement to Extend the City Defendants' Deadline

23  10.     At 8:34 p.m. on August 20, 2019, Mr. Marchino emailed me stating:
24  "Since sending you our email, we have learned that the Class counsel in Jones is
25  likely going to seek to stay our action.  Accordingly, unfortunately, given the
26  circumstances we can no longer agree to grant the LA defendants an extension.  If
27  you need a one week extension, because of this blunder, ***I'm happy to consider***
28  ***that***."  (Emphasis added.)  Attached as **Exhibit 4** is a true and correct copy of an e-

mail chain dated August 20 and 21, 2019 between me and Mr. Marchino, with other recipients copied.

11.   At 10:18 a.m. on August 21, 2019, I responded to Mr. Marchino's e-mail, reiterating that Plaintiff already agreed to provide the City Defendants the 30-day extension, and that the City Defendants relied upon this agreement and drafted a stipulation for Plaintiff's counsel's review and signature.  I asked Mr. Marchino to reconsider and to honor the parties' agreement; otherwise, the City Defendants would have no choice but to seek *ex parte* relief from the Court.  Exhibit 4 contains my e-mail to Mr. Marchino.

12.   At 10:30 a.m. on August 21, 2019, Mr. Marchino again rejected our request and offered only a one-week extension.  Mr. Marchino demanded the City Defendants respond to the offer for a one-week extension by 5 p.m. that day, otherwise the offer would "be deemed withdrawn."  Exhibit 4 contains Mr. Marchino's e-mail.

13.   The City Defendants did not accept Plaintiff's new offer.

14.   The City Defendants relied on Plaintiff's agreement to a 30-day extension.  They are still evaluating Plaintiff's factually and legally complex class action allegations and claims.  The City Defendants believe they have valid responses and defenses to Plaintiff's allegations and claims.

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### The *Jones* Action

15.    Class Counsel in the state court action titled *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "*Jones* Action") recently reported to the *Jones* Court:  "Class Counsel is currently contemplating whether to file a motion to stay the *Bradshaw* matter pending resolution of the outstanding issues in the instant case . . . ."  Attached as **Exhibit 5** is a true and correct copy of the Joint Status Conference Statement, filed on August 15, 2019 in the *Jones* Action.

Executed this 22nd of August, 2019, at Los Angeles, California.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

/s/ Jason Y. Kelly
Jason Y. Kelly

DECLARATION OF JASON Y. KELLY IN SUPPORT OF *EX PARTE* APPLICATION
TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY 30 DAYS

# EXHIBIT 2

**Jason Kelly**

| | |
|---|---|
| **From:** | Jason Kelly |
| **Sent:** | Thursday, August 22, 2019 2:29 PM |
| **To:** | Filippo Marchino; Damon Rogers; Thomas Gray |
| **Cc:** | Maribeth Annaguey |
| **Subject:** | Bradshaw v. City of Los Angeles, et al., No. 2:19-cv-6661-VAP (C.D. Cal.) |

Counsel,

I write to confirm my phone call with Tom Cassaro of your office today at 2:15 p.m.  Tom represented that he was the only person in your office at the moment.

As I stated on the call, the City Defendants will file an *Ex Parte* Application today, on August 22, 2019.  This *Ex Parte* Application will seek an order to extend the City Defendants' deadline to answer or respond to the initial complaint to September 26, 2019.  There is good cause to extend the deadline because, *inter alia*, Plaintiff's counsel agreed to extend the deadline, but has now refused to honor the agreement, the City Defendants need additional time to answer or respond to the class action complaint, and an extension would not prejudice Plaintiff.

The *Ex Parte* Application will be electronically served through the Court's ECF system, and any opposition must be filed not later than 24 hours after service.  If Plaintiff does not intend to oppose the *Ex Parte* Application, counsel must inform the court clerk by telephone.

Best,

**Jason Kelly**
**BROWNE GEORGE ROSS** LLP
Los Angeles • New York • San Francisco
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Main 310.274.7100 | Fax 310.275.5697
jkelly@bgrfirm.com
www.bgrfirm.com

**Exhibit 2**

# EXHIBIT 3

**Jason Kelly**

| | |
|---|---|
| **From:** | Jason Kelly |
| **Sent:** | Tuesday, August 20, 2019 3:46 PM |
| **To:** | 'Filippo Marchino' |
| **Cc:** | Tom Cassaro; Thomas Gray; Monica Ramirez; Damon Rogers; Maribeth Annaguey |
| **Subject:** | RE: Bradshaw v. City of Los Angeles et al. |
| **Attachments:** | Bradshaw - Stip re Resp to Compl (2019.08.20).DOCX |

Hello Filippo,

Thank you for your e-mail.  We are co-counsel with Ms. Kenealy in connection with the representation of the LA Defendants in this action.  Our firm will accept service of all court filings in this action going forward.

Attached is a draft stipulation reflecting the parties' agreement to extend the deadline to respond to the complaint by 30 days.  Please let me know if we have your authorization to sign and file.

Thank you for your attention.

Best,

**Jason Kelly**
**BROWNE GEORGE ROSS** LLP
Main 310.274.7100 | jkelly@bgrfirm.com

**From:** Filippo Marchino <fm@xlawx.com>
**Sent:** Tuesday, August 20, 2019 2:26 PM
**To:** Jason Kelly <jkelly@bgrfirm.com>
**Cc:** Tom Cassaro <tc@xlawx.com>; Thomas Gray <tg@xlawx.com>; Monica Ramirez <mr@xlawx.com>; Damon Rogers <Dr@xlawx.com>
**Subject:** Bradshaw v. City of Los Angeles et al.

Hello Jason,

I trust this finds you well. I wanted to get back to you after your phone call to my office yesterday afternoon.

I am currently traveling overseas for work and cannot talk by phone at the moment.  Can you confirm that Ms. Kenealy is no longer representing the LA Defendants (City, Feuer, Clark and Peters) in Bradshaw v. City of Los Angeles and that your firm will accept service of all court filings going forward?

with warm regards,
Filippo



Filippo Marchino

Attorney

**Exhibit 3**

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*
If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**Exhibit 3**

Leela Kapur (State Bar No. 125548)
  leela.kapur@lacity.org
Joseph A. Brajevich (State Bar No. 156144)
  joseph.brajevich@ladwp.com
Kate Kenealy (State Bar No. 212289)
  kathleen.kenealy@lacity.org
LOS ANGELES CITY ATTORNEY'S OFFICE
221 N. Figueroa Street, Suite 1000
Los Angeles, California 90012

BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Maribeth Annaguey (State Bar No. 228431)
  mannaguey@bgrfirm.com
Kathryn L. McCann (State Bar No. 245198)
  kmccann@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendants
CITY OF LOS ANGELES,
MICHAEL FEUER, JAMES CLARK,
and THOMAS PETERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual,<br><br>Defendants. | Case No. 2:19-cv-06661-VAP (PLAx)<br><br>**STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NOT MORE THAN 30 DAYS (L.R. 8-3)**<br><br>Complaint Served: August 6, 2019<br>Current Response Due: August 27, 2019<br>New Response Date: September 26, 2019 |

1325482

1    Pursuant to Local Rule 8-3, Plaintiff Dennis Bradshaw ("Plaintiff") and

2  Defendants City of Los Angeles, Michael Feuer, James Clark, and Thomas Peters

3  (collectively, the "City Defendants") (Plaintiff and the City Defendants, collectively,

4  are the "Parties"), through their respective counsel, hereby stipulate as follows:

5    WHEREAS Plaintiff served the initial complaint in the above-captioned

6  action on the City of Los Angeles on August 6, 2019, and served the remaining City

7  Defendants thereafter;

8    WHEREAS the City of Los Angeles currently has until August 27, 2019 to

9  answer or respond to the initial complaint;

10    WHEREAS the Parties have agreed that the City Defendants shall have an

11  additional thirty days, from the earliest date any of the City Defendants were served,

12  to answer or respond to the initial complaint;

13    NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the

14  Parties, through their respective counsel, that the City Defendants shall answer or

15  otherwise respond to the initial complaint by September 26, 2019.

16  DATED:  August ___, 2019    THE X-LAW GROUP, P.C.

17                                             Filippo Marchino
                                               Damon Rogers
18                                             Thomas E. Gray

19                                     By: _____

20                                             Filippo Marchino
21                                     Attorneys for DENNIS BRADSHAW

22  DATED:  August ___, 2019    BROWNE GEORGE ROSS LLP

23                                             Eric M. George
                                               Maribeth Annaguey
24                                             Kathryn L. McCann

25                                     By: _____

26                                             Eric M. George
27                                     Attorneys for CITY OF LOS ANGELES, MICHAEL
                                       FEUER, JAMES CLARK, and THOMAS PETERS

28

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

I, Eric M. George, am the ECF User whose identification and password are being used to file this stipulation.  Per Local Rule 5-4.3.4(a)(2)(i), I hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  August ___, 2019      By: _____

Eric M. George

-2-                                         Case No. 2:19-cv-04618-RGK-FFM

STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NOT MORE THAN 30 DAYS
(L.R. 8-3)                                                         **Exhibit 3**

# EXHIBIT 4

**Jason Kelly**

| | |
|---|---|
| **From:** | Filippo Marchino <fm@xlawx.com> |
| **Sent:** | Wednesday, August 21, 2019 10:30 AM |
| **To:** | Jason Kelly |
| **Cc:** | Damon Rogers; Maribeth Annaguey; Monica Ramirez; Thomas Gray; Tom Cassaro |
| **Subject:** | Re: Bradshaw v. City of Los Angeles et al. |

Counsel -
Thank you for your email.

Note - our email was never replied to. So I'm not sure how defendants would rely on such a representation without even acknowledging it.

Also, the mention of gamesmanship is not appreciated. If you re-read our email, we offered you a week extension to make up for this issue, so you would be exactly in the position you were but for the mishap. Your own email acknowledges the "week" lost. So we tendered it back. So how this is gamesmanship, is beyond me.

Last - this insistence on a 30-day extension without cause validates our initial concerns.

Please let me know by close of business today (5pm pst) if you will accept our offer of a week extension. If we don't hear from you it will be deemed withdrawn.

With regards,
Filippo Marchino

On Wed, Aug 21, 2019 at 19:18 Jason Kelly <jkelly@bgrfirm.com> wrote:

Counsel,

I am disappointed in your response and if a call would help towards finding a resolution, we are certainly open to it. However, to be clear, last week, you agreed to a 30-day extension for Defendants City of Los Angeles, Mr. Feuer, Mr. Clark, and Mr. Peters (the "City Defendants") to respond to the complaint. Such an extension is customary and certainly, given the complexities of the complaint, more than reasonable. The City Defendants relied on your agreement and drafted a stipulation for your review and signature. But now, just one week before the City Defendants' response is due, you are reneging on your agreement. Such gamesmanship is not well received.

I ask that you re-consider and provide your authorization to sign and file the stipulation extending the City Defendants' deadline by 30 days. If you remain unwilling to honor your word, we will have no choice but to seek *ex parte* relief from the Court. I look forward to hearing from you by 4 p.m. today. I am available by phone as well.

Thank you for your attention.

**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Main 310.274.7100 | jkelly@bgrfirm.com

**Exhibit 4**

**From:** Filippo Marchino <fm@xlawx.com>
**Sent:** Tuesday, August 20, 2019 8:34 PM
**To:** Jason Kelly <jkelly@bgrfirm.com>
**Cc:** Tom Cassaro <tc@xlawx.com>; Thomas Gray <tg@xlawx.com>; Monica Ramirez <mr@xlawx.com>; Damon Rogers <Dr@xlawx.com>; Maribeth Annaguey <mannaguey@bgrfirm.com>
**Subject:** Re: Bradshaw v. City of Los Angeles et al.


Hello Jason,

thank you for your email.


Since sending you our email, we have learned that the Class counsel in Jones is likely going to seek to stay our action. Accordingly, unfortunately, given the circumstances we can no longer agree to grant the LA defendants an extension. If you need a one week extension, because of this blunder, I'm happy to consider that.


All that being said, we should perhaps have a call in short order.


With regards,

Filippo


--

THE X—LAW GROUP
A Professional Corporation

Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

**Exhibit 4**

*POTENTIAL CLIENT:*
If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

On Tue, Aug 20, 2019 at 3:47 PM Jason Kelly <jkelly@bgrfirm.com> wrote:

Hello Filippo,


Thank you for your e-mail.  We are co-counsel with Ms. Kenealy in connection with the representation of the LA Defendants in this action.  Our firm will accept service of all court filings in this action going forward.


Attached is a draft stipulation reflecting the parties' agreement to extend the deadline to respond to the complaint by 30 days.  Please let me know if we have your authorization to sign and file.


Thank you for your attention.


Best,


**Jason Kelly**
**BROWNE GEORGE ROSS LLP**
Main 310.274.7100 | jkelly@bgrfirm.com


**From:** Filippo Marchino <fm@xlawx.com>
**Sent:** Tuesday, August 20, 2019 2:26 PM
**To:** Jason Kelly <jkelly@bgrfirm.com>
**Cc:** Tom Cassaro <tc@xlawx.com>; Thomas Gray <tg@xlawx.com>; Monica Ramirez <mr@xlawx.com>; Damon Rogers <Dr@xlawx.com>
**Subject:** Bradshaw v. City of Los Angeles et al.

**Exhibit 4**

Hello Jason,

I trust this finds you well. I wanted to get back to you after your phone call to my office yesterday afternoon.

I am currently traveling overseas for work and cannot talk by phone at the moment.  Can you confirm that Ms. Kenealy is no longer representing the LA Defendants (City, Feuer, Clark and Peters) in Bradshaw v. City of Los Angeles and that your firm will accept service of all court filings going forward?

with warm regards,
Filippo

--

THE X —LAW GROUP
A Professional Corporation

Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

POTENTIAL CLIENT:
If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete

**Exhibit 4**

this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

--

<mark>PLEASE NOTE OUR NEW ADDRESS!!</mark>

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

**Exhibit 4**

# EXHIBIT 5

EX SERVICE
64101796
Aug 15 2019
03:16PM
File & ServeXpress

1
BRIAN S. KABATECK (SBN 152054)
bsk@kbklawyers.com

**[Exempt from Filing Fee
Government Code § 6103]**

2
ANASTASIA K. MAZZELLA (SBN 245201)
am@kbklawyers.com

3
**KABATECK LLP**
633 West Fifth Street, Suite 3200

4
Los Angeles, CA 90071
Telephone:     (213) 217-5000

5
Facsimile:     (213) 217-5010

6
Attorneys for ANTWON JONES, on behalf of
the Class

7

8
MICHAEL N. FEUER (SBN 111529)
JOSEPH A. BRAJEVICH (SBN 156144)
**Los Angeles City Attorney's Office**

9
111 N. Hope Street, Room 340
Los Angeles, CA 90012

10

11
ERIC GEORGE (SBN 166403)
MARIBETH ANNAGUEY (SBN 228431)
**BROWN GEORGE ROSS LLP**

12
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

13
Telephone:     (310) 274-7100
Facsimile:     (310) 275-5697

14

15
Attorneys for Defendant
CITY OF LOS ANGELES

16

17
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

18
**COUNTY OF LOS ANGELES**

19
ANTWON JONES, individually and on
behalf of the class,

Lead Case No.: BC577267

20
                    Plaintiffs,

21

**JOINT STATUS CONFERENCE
STATEMENT**

22
          v.

23
CITY OF LOS ANGELES, *et al.*,

24
                    Defendants.

**Date**:        August 21, 2019
**Time**:        11:00 a.m.
**Dept.**:       SS6

25
**Judge**:       Honorable Elihu M. Berle

26

27

28

---

1
2

The parties have met and conferred and report the following positions on various issues for the Status Conference on August 21, 2019.

3

## I.      CLASS COUNSEL'S STATEMENT REGARDING ITS ROLE

4
5
6
7
8
9

Class Counsel does not view its role as one that involves investigating or making any determination on the propriety of the *Jones* Settlement – i.e., whether the Settlement was the product of collusion, fraud, or ethical violations.  That role belongs solely to the Special Master. Rather, as stated in Class Counsel's 90 Day Report filed on July 25, 2019, Class Counsel is solely focused on evaluating whether the Settlement is fair and reasonable, in whole or in part, despite the controversy surrounding its formation and to ensure that ratepayers receive the refunds to which they are entitled.

10
11
12
13
14
15
16
17
18
19

Furthermore, contrary to the belief of some ratepayers and attorneys (and certain media outlets), Class Counsel does not seek to immediately "blow up" or "set aside" or "unwind" or "reject" the entire Settlement, nor does Class Counsel believe that unwinding the entire Settlement is necessarily the best result for the Class. In fact, unwinding the entire Settlement is akin to throwing the baby out with the bathwater. Such a move would only open the floodgates for other plaintiffs' attorneys to file new class actions on behalf of the same ratepayers for the same claims – resulting in more chaos for ratepayers. Class Counsel believes the best result for the Class may ultimately consist of a number of different solutions including, but not limited to, additional refunds under existing provisions of the Settlement that class members may be entitled to, and/or, unwinding other provisions, such as the omnibus subclass, that Class Counsel determines, after a thorough investigation, are not appropriate or fair.

20
21
22
23
24

In short, calls to unwind the entire Settlement are simply premature. Class Counsel will continue to evaluate the reasonableness of the existing Settlement in an effort to find resolutions that benefit **the Class**, not the City or other lawyers chomping at the bit to file additional lawsuits. Class Counsel will file a 180 Day Report on October 25, 2019 which will update the Court on their efforts in achieving these goals.

25

## II.     RULE 17 REFUND AND CREDIT UPDATE

26
27
28

On July 15, 2019, the City began applying Rule 17 credits.  As of August 9, 2019, the City has applied approximately $22 million in credits (composed of automation and manual review). So far, there have been no issues with the City's roll out of Rule 17 credits to rate payers.  Except with

respect to those subject to further discussion by the Parties, the City is still on track to finish applying Rule 17 credits, a total of approximately $38.5 million, by mid-September 2019.

## III.     MEDIATION

Class Counsel is continuing to meet and confer with the City and its counsel concerning, among other issues, what constitutes an applicable credit under Rule 17 pursuant to the revised class action settlement (including but not limited to billing issues characterized as "back-billing," "zero bills," "zero consumption," "estimated bills," and "cancel rebill"), whether interest or penalties should apply, and to resolve all such issues.  The parties have agreed to, and have scheduled, an initial mediation with the Hon. Carl West (Ret.) for August 26, 2019.  Class representative, Antwon Jones, will attend the August 26, 2019 mediation. Likewise, Class Counsel in the related actions known as *Morski v. City of Los Angeles*, No BC 568722 (the "*Morski* Action") and *Macias v. City of Los Angeles* erroneously sued as Los Angeles Department of Water and Power, et al., Case No. BC594049 (the "*Macias* Action") have also agreed to attend this mediation to the extent claims in the *Morski* and/or *Macias* actions overlap with or relate to Rule 17 and other back billing issues referenced herein. The City and Class Counsel in the *Jones* action are also in the process of scheduling a second mediation to address additional issues not encompassed by the first mediation.

## IV.     OTHER LAWSUITS AND POTENTIAL CLAIMS

### a.  The Bradshaw Class Action

On July 31, 2019 in the United States District Court of California, Central District, entitled *Dennis Bradshaw v. City of Los Angeles, et al.* (2:19-cv-06661) ("*Bradshaw*"). The putative class members are defined as "all persons who were members of the Settlement Class in *Jones v. City of Los Angeles*." The legal theories alleged include: violation of 42 U.S.C. § 1983, unjust enrichment, breach of fiduciary duty, professional malpractice, affirmative misrepresentation, negligent misrepresentation, fraudulent concealment, violation of the Consumer Legal Remedies Act, violation of the Unfair Competition Law, declaratory judgment, and violation of the Racketeer Influenced and Corrupt Organizations Act.

Class Counsel is currently contemplating whether to file a motion to stay the *Bradshaw* matter pending resolution of the outstanding issues in the instant case, including whether the *Jones* Settlement, in whole or in part, is fair and reasonable notwithstanding the allegations of collusion, fraud, etc.  Class Counsel is committed to ensuring that the *Bradshaw* action does not interfere with its efforts in reviewing the *Jones* Settlement and obtaining additional refunds for the ratepayers under the existing Settlement. Moreover, the *Bradshaw* action arguably violates the general release set forth in the *Jones* Settlement, which for now remains valid and enforceable.

**b.  Antwon Jones' Government Tort Claim**

On July 23, 2019, Antwon Jones filed a Government Claim with the City of Los Angeles (the "City").  According to the Notice filed on July 31, 2019, Mr. Jones filed the Government Claim to preserve any claims he and/or a putative class may have against the City and certain of its departments, officials and employees relating to his representation by Paul O. Paradis, Gina M. Tufaro, Paradis Law Group PLLC, Paul R. Kiesel, Kiesel Law LLP and others in his billing dispute with the City and the Los Angeles Department of Water and Power. The Government Claim was filed on Mr. Jones' behalf by his individual counsel, Isaacs Friedberg LLP. The  parties are currently evaluating whether Mr. Jones' Government Claim affects his adequacy as class representative in the *Jones* matter.

It is also  important to note that Class Counsel does not represent Mr. Jones in the Government Claim or any other claim(s) Mr. Jones has or  may have in his individual capacity. While Mr. Jones has a right to bring whatever claims he and  his counsel deem necessary, Mr. Jones has filed this Government Claim without Class Counsel's approval or involvement. Class Counsel has no intention of representing Mr. Jones, or any other class member, in any matter outside the above-entitled action and makes no comment on the viability of Mr. Jones' Government Claim.

**IV.     EXPERT CONSULTANTS RETAINED BY CLASS COUNSEL**

Per Class Counsel's 90-Day Report filed with the Court on July 25, 2019, Class Counsel intends to utilize the services of consultants with expertise in energy billing and project management to review and analyze an appropriate amount of the LADWP's available data pre and post September 3,

2013. Class counsel also intends to rely on the expertise of a statistician to advise as to an appropriate sampling of such data. Class Counsel is currently interviewing and running conflict checks on several expert candidates. Class Counsel will also meet and confer with the City before the next status conference on a billing and payment mechanism by which the LADWP will agree to pay for Class Counsel utilization of such services. If the City and Class Counsel cannot come to an agreement on this issue, Class Counsel will make a motion.

## V.    LADWP CUSTOMER COMPLAINTS

As of August 9, 2019, Class Counsel has received over 40 phone calls, emails, and/or faxes from LADWP customers who complain of various billing issues. Class Counsel has expended a substantial number of hours communicating with these customers and tracking their data. The types of complaints received include: (1) recent customer complaints that suggest the City has not resolved billing issues that were supposed to be remediated under the Settlement Agreement; (2) class members dissatisfied with any settlement monies or lack thereof arising out of the *Jones* Settlement; (3) class members who claim they did not receive class notification and missed the opportunity to make a claim; (4) and, potentially new issues indicative of billing problems that fall outside the scope of the instant class action.

Class Counsel provided LADWP with a list of customer complaints received from May 2019 – July 2019. On August 14, 2019, LADWP provided Class Counsel with a status update on its investigation into the complaints which Class Counsel is currently reviewing. The parties will meet and confer before the next status conference regarding these issues. Meanwhile, both parties will continue to evaluate the legitimacy of the complaints and whether they warrant further investigation.

## VI.    LANDSKRONER/LGM DOCUMENT PRODUCTION

As the Court is aware, Class Counsel filed a contempt motion against Jack Landskroner and his law firm, Landskroner, Grieco, Merriman LLC ("LGM"), for failing to comply with the Court's Orders to provide a full accounting, including certain categories of documents, in connection with *Jones v. City of Los Angeles* and related matters. While LGM provided its original file and numerous financial records, it did not provide a full accounting as ordered by the Court and Landskroner did not provide any documents on Fifth Amendment grounds. The matter was fully briefed and set for

hearing on July 25, 2019. However, a few days before the hearing, Mr. Landskroner's personal attorney, Ian Friedman, contacted Class Counsel and indicated Mr. Landskroner was willing to waive the Fifth Amendment privilege as to documents only and LGM was willing to produce a full accounting pursuant to the Court's Orders. Accordingly, Class Counsel, Landskroner and LGM entered into a stipulation to continue the hearing to allow the parties time to resolve these issues. The Court continued the hearing to August 21, 2019. Mr. Friedman was supposed to meet with Class Counsel on August 12, 2019, documents in hand. However, on August 9, 2019, Mr. Friedman cancelled the meeting. Class Counsel and Mr. Friedman are attempting to reschedule.

Meanwhile, Paul Paradis and his law firm have served Class Counsel with letters objecting to the Landskroner/LGM production on grounds of attorney work product. The privilege log provided for the Landskroner/LGM production is nearly identical to the one Paradis has provided in response to the *Jones* documents. At the last status conference, the Court ordered Paradis to provide a more detailed privilege log so that it could make a determination on the work product issue. Paradis provided the revised privilege log on August 2, 2019. On August 9, 2019, Class Counsel filed an opposition to the revised privilege log and the matter is set for hearing on August 21, 2019.

Given that the privilege logs for the Landskroner/LGM production and the Jones' documents are nearly identical, Class Counsel will ask the Court to address both privilege logs at the August 21, 2019 hearing. Resolution of this issue is of the utmost importance as Paradis' continued work product objections have caused undue delay in providing these documents to the parties, the public, and the Special Master.

**[ATTORNEY SIGNATURES FOLLOW ON NEXT PAGE]**

Dated: August 15, 2019

**KABATECK LLP**

_[signature]_

BRIAN S. KABATECK
ANASTASIA K. MAZZELLA
_Attorneys for Antwon Jones, on behalf of the Class_

**BROWNE GEORGE ROSS**

_[signature]_

pp.

ERIC M. GEORGE
MARIBETH ANNAGUEY
_Attorneys for the City of Los Angeles_

1

2

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action; my business address is 633 West Fifth Street, Suite 3200, Los Angeles, CA 90071.

5

6

On August 15, 2019, I served a copy of the following document(s) described as **JOINT STATUS CONFERENCE STATEMENT** on the interested party(ies) in this action as follows:

7

8

9

10

[ ]    **BY MAIL:**    By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business practice for collecting and processing correspondence for mailing.  On the same day that correspondence IS placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

11

12

13

[ ]    **BY OVERNIGHT DELIVERY:**    I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

14

15

16

[X]    **VIA FILE AND SERVE:**    I caused such documents described herein to be uploaded electronically onto the website www.fileandservexpress.com per a mutual agreement between the parties.  I uploaded the above entitled document(s) with the understanding that all parties will have access and be able to download said documents

17

18

[X]    **STATE:**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20

Executed on August 15, 2019, Los Angeles, California.

21

22

23

*Irma DeLeon*

Irma Deleon

24

25

26

27

28

---

**JOINT STATUS CONFERENCE STATEMENT**
**Case No. BC577267**

1321295.1

7

**Exhibit 5**