Leela Kapur (SBN 125548)
  leela.kapur@lacity.org
Kathleen A. Kenealy (SBN 212289)
  kathleen.kenealy@lacity.org
Joseph A. Brajevich (SBN 156144)
  joseph.brajevich@ladwp.com
LOS ANGELES CITY ATTORNEY'S OFFICE
200 Main Street, 800 City Hall East
Los Angeles, California 90012
Telephone: (213) 978-8100
Facsimile: (213) 978-8312

BROWNE GEORGE ROSS LLP
Eric M. George (SBN 166403)
  egeorge@bgrfirm.com
Maribeth Annaguey (SBN 228431)
  mannaguey@bgrfirm.com
Kim S. Zeldin (SBN 135780)
  kzeldin@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendants
City of Los Angeles and Michael N. Feuer

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual,<br><br>Defendants. | Case No. 2:19-cv-06661-VAP (PLAx)<br><br>Hon. Virginia A. Phillips<br><br>**CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**<br><br>Date:        November 4, 2019<br>Time:        2:00 p.m.<br>Courtroom:    8A<br><br>Trial Date:    None Set |

Case No. 2:19-cv-06661-VAP (PLAx)

CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR
INCORPORATION BY REFERENCE ISO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendants City of Los Angeles and Michael N. Feuer (collectively, the "City/Feuer Defendants") hereby respectfully request that this Court consider and take judicial notice of the exhibits attached hereto to decide the City/Feuer Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6):

**Exhibit 1** (pages 9-35, below) is a true and correct copy of the Complaint for Damages, filed on February 13, 2014, in *Kimhi v. The City of Los Angeles*, Case No. BC536272 (Cal. Super. Ct., L.A. Cty.) (the "*Kimhi* Class Action").

**Exhibit 2** (pages 36-66, below) is a true and correct copy of the Class Action Complaint and Verified Petition for Writ of Mandamus, filed on December 4, 2014, in *Bransford v. City of Los Angeles*, Case No. BC565618 (Cal. Super. Ct., L.A. Cty.) (the "*Bransford* Class Action").

**Exhibit 3** (pages 67-115, below) is a true and correct copy of the Complaint, filed on January 7, 2015, in *Morski v. Los Angeles Department of Water and Power*, Case No. BC568722 (Cal. Super. Ct., L.A. Cty.) (the "*Morski* Class Action").

**Exhibit 4** (pages 116-141, below) is a true and correct copy of the Class Action Complaint, filed on February 5, 2015, in *Fontaine v. City of Los Angeles*, Case No. BC571664 (Cal. Super. Ct., L.A. Cty.) (the "*Fontaine* Class Action").

**Exhibit 5** (pages 142-148, below) is a true and correct copy of the Initial Status Conference Order, filed on February 17, 2015, in the *Bransford* Class Action.

**Exhibit 6** (pages 149-212, below) is a true and correct copy of the Complaint, filed on March 6, 2015, in *City of Los Angeles v. Pricewaterhouse Coopers, LLP*, Case No. BC574690 (Cal. Super. Ct., L.A. Cty.) (the "*PwC* Action").

**Exhibit 7** (pages 213-272, below) is a true and correct copy of the Class Action Complaint, filed on April 1, 2015, in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "*Jones* Class Action").

**Exhibit 8** (pages 273-278, below) is a true and correct copy of the Initial Status Conference Order (Complex Litigation Program), filed on April 20, 2015, in

1    the *Jones* Class Action.

2         **Exhibit 9** (pages 279-321, below) is a true and correct copy of the Los

3    Angeles Department of Water & Power's Board Letter Approval, and attachments

4    including Engagement and Contingency Fee Agreement, regarding Resolution

5    No. 015 197, dated April 23, 2015.

6         **Exhibit 10** (pages 322-364, below) is a true and correct copy of the

7    Reporter's Transcript of Proceedings from May 22, 2015 in the *Bransford* Class

8    Action and related cases.

9         **Exhibit 11** (pages 365-370, below) is a true and correct copy of Plaintiff

10   Hayley Fontaine's Notice That Her Case Was Related On March 30, 2015 To Other

11   Cases And Judge Berle Ordered This Case Transferred To His Court On May 22,

12   2015, and Request To Confirm That The Initial Status Conference Set For June 19,

13   2015 Hearing Is Off Calendar, filed June 5, 2015, in the *Bransford* Class Action, the

14   *Morski* Class Action, the *Fontaine* Class Action, and the *Jones* Class Action.

15        **Exhibit 12** (pages 371-418, below) is a true and correct copy of the Amended

16   Class Action Complaint, filed August 17, 2015, in the *Jones* Class Action.

17        **Exhibit 13** (pages 419-628, below) is a true and correct copy of the

18   Declaration of Jack Landskroner In Support Of Plaintiff's Motion For Preliminary

19   Approval, filed August 17, 2015, in the *Jones* Class Action.

20        **Exhibit 14** (pages 629-769, below) is a true and correct copy of the

21   Complaint and Verified Petition For Writ Of Mandate, filed September 10, 2015, in

22   *Macias v. Los Angeles Department of Water and Power*, Case No. BC594049 (Cal.

23   Super. Ct., L.A. Cty.) (the "*Macias* Class Action").

24        **Exhibit 15** (pages 770-771, below) is a true and correct copy of the Minute

25   Order, entered October 5, 2015, in the *Kimhi* Class Action.

26        **Exhibit 16** (pages 772-778, below) is a true and correct copy of the Initial

27   Status Conference Order, entered October 22, 2015, in the *Macias* Class Action.

28        **Exhibit 17** (pages 779-828, below) is a true and correct copy of the

Case No. 2:19-cv-06661-VAP (PLAx)
CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR
INCORPORATION BY REFERENCE ISO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

1  Reporter's Transcript of Proceedings from July 7, 2017 in the *Jones* Class Action
2  and related actions.

3  **Exhibit 18** (pages 829-854, below) is a true and correct copy of the Order
4  Granting Final Approval Of Class Action Settlement And Final Judgment, entered
5  July 20, 2017, in the *Jones* Class Action.

6  **Exhibit 19** (pages 855-915, below) is a true and correct copy of the
7  Reporter's Transcript of Proceedings from December 12, 2018 in the *PwC* Action.

8  **Exhibit 20** (pages 916-960, below) is a true and correct copy of the
9  Reporter's Transcript of Proceedings from January 23, 2019 in the *PwC* Action.

10  **Exhibit 21** (pages 961-1039, below) is a true and correct copy of the
11  Reporter's Transcript of Proceedings from March 4, 2019 in the *PwC* Action and
12  *Jones* Class Action.

13  **Exhibit 22** (pages 1040-1043, below) is a true and correct copy of the Notice
14  Of Withdrawal Of Counsel (Paradis), filed March 6, 2019, in the *PwC* Action.

15  **Exhibit 23** (pages 1044-1047, below) is a true and correct copy of the Notice
16  Of Withdrawal (Kiesel), filed March 7, 2019, in the *PwC* Action.

17  **Exhibit 24** (pages 1048-1052, below) is a true and correct copy of the Notice
18  of Motion And Motion To Be Relieved As Counsel—Civil, filed March 8, 2019, in
19  the *Jones* Class Action.

20  **Exhibit 25** (pages 1053-1060, below) is a true and correct copy of Plaintiffs'
21  Status Report, filed March 11, 2019, in the *Jones* Class Action.

22  **Exhibit 26** (pages 1061-1070, below) is a true and correct copy of the Notice
23  Of Errata, filed March 12, 2019, in the *Jones* Class Action.

24  **Exhibit 27** (pages 1071-1086, below) is a true and correct copy of the
25  Reporter's Transcript of Proceedings from April 10, 2019 in the *Jones* Class Action
26  and related actions.

27  **Exhibit 28** (pages 1087-1089, below) is a true and correct copy of the Minute
28  Order, entered April 17, 2019, in the *Jones* Class Action.

1    **Exhibit 29** (pages 1090-1093, below) is a true and correct copy of the Order

2  Re: Appointment Of Brian S. Kabateck As Class Counsel, filed May 7, 2019, in the

3  *Jones* Class Action.

4    **Exhibit 30** (pages 1094-1110, below) is a true and correct copy of the Order

5  Re: Appointment Of Special Master, filed June 17, 2019, in the *Jones* Class Action,

6  the *PwC* Action, and the *Macias* Class Action.

7    **Exhibit 31** (pages 1111-1117, below) is a true and correct copy of an excerpt

8  (sections 270 to 275) of the Official City of Los Angeles Charter.

9    **Exhibit 32** (pages 1118-1337, below) is a true and correct copy of the Notice

10  Of Filing Revised Class Action Settlement Agreement And Limited Release, filed

11  November 10, 2016, in the *Jones* Class Action.

12  ## I.    LEGAL STANDARD

13    Although a court is generally limited to the pleadings in ruling on a Rule

14  12(b)(6) motion, there are "two exceptions to the requirement that consideration of

15  extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion":

16  judicial notice under Federal Rule of Evidence 201 and incorporation by reference.

17  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Yang v. Dar-*

18  *Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (a court need not

19  "blindly accept the allegations in the pleadings as true if these allegations are

20  contradicted by uncontested facts set forth in (1) exhibits to the non-moving party's

21  pleading, (2) documents that are referred to in the non-moving part's pleading, or

22  (3) facts that are included in materials that can be judicially noticed").

23  ### A.    Judicial Notice Under Rule 201(b)

24    The doctrine of judicial notice permits a court to take as true "a fact that is not

25  subject to reasonable dispute because it: (1) is generally known within the trial

26  court's territorial jurisdiction; or (2) can be accurately and readily determined from

27  sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

28  The court "***must*** take judicial notice if a party requests it and the court is supplied

1   with the necessary information."  Fed. R. Evid. 201(c)(2) (emphasis added).

2   Judicial notice extends to facts considered on a motion to dismiss.  *E.g.*, *Reed v.*

3   *Fed. Nat'l Mortg. Ass'n*, No. 13-cv-940-VAP, 2014 WL 12638880, at *2, 4 (C.D.

4   Cal. Jan. 23, 2014).

5        Courts regularly take judicial notice of "undisputed matters of public record,

6   including documents on file in federal or state courts."  *Harris v. Cty. of Orange*,

7   682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *Reed*, 2014 WL

8   12638880, at *2 (taking judicial notice of documents filed in L.A. Superior Court to

9   decide a motion to dismiss).  This includes transcripts of court hearings and

10  proceedings.  *E.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746

11  n.6 (9th Cir. 2006) (taking judicial notice of a hearing transcript and briefs filed in

12  courts); *Business Solutions, LLC v. Ganatra*, No. 18-cv-1426-DOC, 2019 WL

13  926351, at *3 (C.D. Cal. Jan. 7, 2019) (judicially noticing transcript of state-court

14  hearing to decide motion to dismiss).

15       Judicial notice of court filings is appropriate where the party shows that the

16  documents "were in fact court documents and matters of public record."  *Reed*, 2014

17  WL 12638880, at *3; *Life Bliss Found. v. Sun TV Network Ltd.*, No. 13-cv-393-

18  VAP, 2014 WL 12589657, at *6 (C.D. Cal. Sept. 17, 2014) (taking judicial notice of

19  court filings where defendants "provided reference and case numbers for the

20  documents requested for judicial notice, showing that they were in fact court

21  documents and matters of public record").

22  **B.    <u>Incorporation By Reference</u>**

23       In considering a motion to dismiss, "[t]he Court also may take judicial notice

24  of material incorporated by reference into the Complaint."  *Johnson v. Quality Loan*

25  *Serv. Corp.*, No. 18-cv-9140-VAP, 2018 WL 6978196, at *3 (C.D. Cal. Dec. 18,

26  2018); *see also Yang*, 250 F. App'x at 772 (explaining that a court need not "blindly

27  accept the allegations in the pleadings as true if these allegations are contradicted by

28  uncontested facts set forth in . . . documents that are referred to in the non-moving

1   part's pleading").

2       Documents are properly incorporated "where the complaint necessarily relies

3   upon a document or the contents of the document are alleged in a complaint, the

4   document's authenticity is not in question and there are no disputed issues as to the

5   document's relevance." *Johnson*, 2018 WL 6978196, at *3.  Indeed, the

6   incorporation-by-reference doctrine applies even if the contents of the relied-upon

7   documents are not explicitly alleged or referenced in the complaint.  *E.g.*, *Knievel v.

8   ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Busey v. P.W. Supermarkets,

9   Inc.*, 368 F. Supp. 2d 1045, 1049 (N.D. Cal. 2005) ("[T]he court may consider a

10   document not attached to the complaint if the complaint specifically refers to it and

11   its authenticity is not questioned.").  The court may treat such a document as "part

12   of the complaint, and thus may assume that its contents are true for purposes of a

13   motion to dismiss under Rule 12(b)(6)."  *Barber v. Nestle USA, Inc.*, 154 F. Supp.

14   3d 954, 958 n.1 (C.D. Cal. 2015).

15   **II.   GROUNDS FOR CONSIDERING THE ATTACHED EXHIBITS TO**

16   **DECIDE THE MOTION TO DISMISS**

17       Federal Rule of Evidence 201(c)(2) "requires" Exhibits 1 through 32 to be

18   judicially noticed because the City/Feuer Defendants have requested judicial notice

19   and have supplied the necessary information.

20   **A.   Court Records**

21       Federal Rule of Evidence 201(c)(2) "requires" judicial notice of Exhibits 1-8,

22   10-30, and 32, which are all L.A. Superior Court records.  Judicial notice is

23   warranted because they are court filings and transcripts of court hearings.  "Courts

24   have routinely taken judicial notice of . . . pleadings filed with the state court."  *DJ

25   ST. Jon on Behalf of Herself and All Others Similarly Situated v. Tatro*, No. 15-cv-

26   2252, 2016 WL 1162678, at *4 (S.D. Cal. Mar. 23, 2016) (judicially noticing

27   documents filed and submitted in state court, as well as reporter's transcripts); *see

28   also Reyn's Pasta*, 442 F.3d at 746 n.6 (recognizing that "[w]e may take judicial

Case No. 2:19-cv-06661-VAP (PLAx)

notice of court filings and other matters of public record"); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request to take judicial notice of pleadings filed in related state court action); *Madani v. Cty. of Santa Clara*, No. 16-cv-7026, 2017 WL 1092398, at *4 (N.D. Cal. Mar. 23, 2017) (judicially noticing hearing transcript).

## B.   Public Records

Judicial notice of Exhibits 9 and 31 is warranted because they are government records. *E.g.*, *Sims v. Kia Motors Am., Inc.*, No. 13-cv-1791, 2014 WL 12558249, at *2 (C.D. Cal. Mar. 31, 2014) (judicially noticing documents because they "are government records"); *Lifeway Foods, Inc. v. Millenium Prods., Inc.*, No. 16-cv-7099, 2016 WL 7336721, at *1 (C.D. Cal. Dec. 14, 2016) ("Publicly available government records are commonly subject to judicial notice."); *Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts . . . [and] public documents . . . ."). Specifically, they are the City of Los Angeles's Charter (Ex. 31) and resolutions and measures that were passed (Ex. 9). "The Court may take judicial notice of city charters, city ordinances and resolutions, and the contents and legislative history of a proposed city ordinance or resolution." *Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994); *Ass'n of L.A. City Attorneys v. City of L.A.*, No. 12-cv-4235, 2012 WL 12887541, at *6 n.31 (C.D. Cal. Nov. 20, 2012) (judicially noticing the City of Los Angeles's Charter "because it is not subject to reasonable dispute, it is a public record commonly known in this jurisdiction, and its accuracy can be readily determined from sources that cannot reasonably be questioned"); *Madani*, 2017 WL 1092398, at *4 ("The Charter of the County of Santa Clara, the Rules of Procedures for the Santa Clara County Personnel Board, and the County of Santa Clara Ordinance Code are also proper subjects of judicial notice.").

## C.   Documents Incorporated By Reference

Several of the Exhibits should also be considered to decide the motion to

1  dismiss because the Court "may take judicial notice of material incorporated by

2  reference into the Complaint." *Johnson*, 2018 WL 6978196, at *3.  The Class

3  Action Complaint quotes, references, and necessarily relies on several court filings

4  and hearing transcripts that are judicially noticeable under Rule 201.  (*E.g.*, Dkt.

5  No 1 ¶¶ 20-61, 69, 76, 80.)

6         The Class Action Complaint also necessarily relies on public records, thereby

7  making them incorporated by reference.  (*E.g.*, Ex. 12.)  Exhibit 9, which contains

8  the contract retaining Former Special Counsel, is incorporated by reference in

9  paragraph 62 of the Class Action Complaint.  Plaintiff relies on the "terms of the

10 contract" to allege—in conclusory fashion—that, *inter alia*, the City/Feuer

11 Defendants directed Special Counsel to file and settle the *Jones* Class Action.

12 (Compl. ¶ 62.)  Plaintiff's claims against the City/Feuer Defendants necessarily rely

13 on the contents of Exhibit 9.  *E.g.*, *Knievel*, 393 F.3d at 1076; *Busey*, 368 F. Supp.

14 2d at 1049.  Accordingly, Exhibit 9 should be treated as "part of the complaint, and

15 thus [this Court] may assume that its contents are true for purposes of a motion to

16 dismiss under Rule 12(b)(6)." *Barber*, 154 F. Supp. 3d at 958 n.1.

17 **III.    CONCLUSION**

18        For the reasons detailed above, this Court should take judicial notice of

19 Exhibits 1 through 32 to decide the City/Feuer Defendants' Motion to Dismiss

20 Pursuant to FRCP 12(b)(1) and 12(b)(6).

21 DATED:  September 26, 2019          BROWNE GEORGE ROSS LLP

22                                     Eric M. George
                                       Maribeth Annaguey
23                                     Kim S. Zeldin

24

25                                By:  ___/s/ Eric M. George___
26                                     Eric M. George
27                                Attorneys for Defendants
                                  City of Los Angeles and Michael N. Feuer
28