# EXHIBIT 25

Michael J. Libman (SBN 222353)
**LAW OFFICES OF MICHAEL J. LIBMAN**
16133 Ventura Blvd., Suite 1200
Encino, California 91436
Telephone: (818) 995-7300

*Liaison Counsel*

Jack Landskroner (Admitted Pro Hac Vice)
**LANDSKRONER GRIECO MERRIMAN, LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Telephone: (216) 522-9000

*Class Counsel*

FILED
Superior Court of California
County of Los Angeles
MAR 11 2019
Sherri R. Carter, Executive Officer/Clerk of Court
By Isaac Lovo, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, CENTRAL DISTRICT

ANTWON JONES, on behalf of himself, and all other similarly situated,

Plaintiff,

vs.

CITY OF LOS ANGELES, by and through the Los Angeles Department of Water and Power and DOES 1 through 50, inclusive,

Defendants.

Case No. BC577267

[Related to Case Nos. BC565618 (Lead), BC568722, BC571664, and BC574690]
[CLASS ACTION]

Assigned for all purposes to Judge Elihu M. Berle, Spring Street Courthouse, Dept. 6

**PLAINTIFFS' STATUS REPORT**
(BY FAX)

Hearing: Date: March 18, 2019
Time: 10:00 a.m.
Dept: 6

Plaintiff Antwon Jones, Yaar Kimhi and the Class ("Plaintiffs"), submit this Status Report in advance of the Status Conference scheduled for March 18, 2019. The end of the 18-months Settlement Remediation Period will conclude on March 26, 2019. This Settlement has secured recovery to Class Members of LADWP's overbilling during the Class Period, by way of credits and refunds issued to Class Member accounts. In addition, the settlement has further achieved demonstrable progress toward elevated operational performance metrics at LADWP. The Independent CC&B System Monitor is presently scheduled to conduct his final on-site visit to LADWP April 9-11, 2019, to perform final verifications and assessments. He will be prepared to

file his final report after the close of the remediation period, subject to further request by the Court, by the end of April 2019.

**Status of Class Counsel**

In view of the allegations made in the briefing and argument submitted to the Court on March 1 and 4, 2019, in the *City of Los Angeles v. PricewaterhouseCoopers* case, Counsel for Mr. Jones and the Class has determined that it can no longer represent the Plaintiff, Antwon Jones, individually or in his capacity as the representative for the class of similarly-situated individuals, without ethical conflict. To avoid even the appearance of conflict, Landskroner Grieco Merriman, LLC, has moved to be relieved as Class Counsel. Class Counsel has been advised that Mr. Jones, advised by separate counsel, does not oppose this motion. Counsel requests that the Court promptly rule on these motions, as to which no opposition is anticipated.[1]

On March 4, 2019, the Court enjoined LADWP from making further payments to Class Counsel. The past practice has been for the Independent Monitor and the Special Master to submit their invoices to Class Counsel, who in turn submits them to LADWP. Class Counsel has either paid the invoices subject to reimbursement by LADWP or, more often, paid the invoices after receiving payment from LADWP. As LADWP is now enjoined from paying any money to Class Counsel, this procedure is no longer viable. Class Counsel has asked the Special Master and Independent Monitor to send invoices directly to counsel for LADWP and look directly to LADWP for payment.

**Status of the Claims-Made, Credit and Refund Process**

All completed claims received by their respective deadlines have been processed by the Claims Administrator and forwarded to the LADWP Claims Processing Unit for determination. The Claims Processing Unit has reviewed all complete claims received from the Claims Administrator and has correspondingly issued credits/refunds on approved claims to date. In addition, the Claims Administrator has issued claims determination letters to all claimants whose

[1] LADWP has advised class counsel that, in view of the pending motion to withdraw, LADWP will submit a separate status report.

claims have been determined to be without merit. Determinations have also been completed on timely submitted claims from Pre-Determined Claims Made subclass members and Omnibus subclass members. Class members with field investigations that were recently completed can submit a claim up to 60 days from the date of their claim's determination letter is issued. LADWP has reported that the last batch of field work claims investigations have been completed and determination letters were to be mailed. Accordingly, subject to verification by the Independent Monitor, the final claim submission deadline will occur 60 days from the last mailing and will bring to a close and all settlement related claims periods.

**Amended Rule 17 Credits**

Pursuant to the Settlement Agreement, Section III.C.2.f, LADWP Rule 17 of the LADWP Rules Governing Water and Electric Service has been modified, restricting LADWP from "back billing" customers for more than that of three bi-monthly billing cycles for consumer customers or six-monthly billing cycles for commercial customers. In other words, if no bill has been issued on a customer's account for an extended period, LADWP cannot charge for services provided beyond the window of approximately 6 months. As required by the Settlement, the application of this rule change retroactively applies to accounts "back billed" from September 11, 2015. The analysis of all accounts entitled to a retroactive application of a Rule 17 credits is still in process. To date, $956,325.10 has been credited to accounts for Rule 17 adjustments. This process remains ongoing. LADWP has represented that it anticipates all credits will be identified by March 26, 2019; however, LADWP has indicated some credits/refunds may not be applied until after the deadline due to some manual adjustments that must be undertaken. The Independent Monitor is aware of this situation and along with Class Counsel has requested LADWP provide a date certain by which all Rule 17 credits will be applied to class members' accounts.

**The Special Master Review Process**

The Court appointed Special Master, Dr. Barbara Barkovich continues her review process for Class Members who have requested a Special Master Review of the amount of the monetary credit or refund determined by the LADWP Claims Processing Unit. Once a Special Master

Review request is received by the Claims Administrator, the complete Claims File is provided to the Special Master for her review.

Upon review of the claimant's file, where the Special Master has determined that additional information is required to complete her review, either from the Class Member or LADWP, this information has been obtained and then produced to the Special Master. The Parties have conducted regular meetings with the Special Master to ensure that all information required to perform a complete *de novo* review of each Class Member's request for claim review has been made available for her consideration. The Special Master continues to conduct her reviews on a rolling basis. For each completed review, a corresponding determination letter is issued with the findings provided to both the Class Member and LADWP.

To date, there have been 285 Special Master Requests for review confirmed as timely. The Special Master continues to work through these reviews and issue detailed determination letters to be provided to the respective Class Members explaining the Special Masters efforts and findings. To date, there have been only 5 requests for Court Review of the Special Master's Determinations. These requests will be submitted to the Court collectively for consideration, per the Court's directive, once all Special Master Determinations are completed, in the Report and Recommendation of the Special Master.

**Uncashed Checks**

The Claims Administrator, KCC, has issued 158,801 credit refund checks to customers with closed accounts, totaling $12,535,165.37, of which $7,889,092.23 have been cashed. There remains $4,646,143.05 in checks that remain uncashed. The Claims Administrator, KCC, has run skip trace searches on mail returned as undeliverable to class members in an attempt to locate them in further effort to serve payment of these claims. In addition, KCC has sent out reminder post cards to class members who have been issued checks but have failed to cash them to date.

**Independent CC&B System Monitor Update on Settlement Agreement Ongoing Requirements**

The Independent Monitor has continued to assess the LADWP's ability to comply with a number of metrics established by the Revised Settlement Agreement. In addition, the Monitor has

continued to conduct regularly scheduled meetings and calls with Class Counsel, Counsel for LADWP and LADWP personnel to discuss LADWP's progress in meeting its obligations under the Settlement Agreement, including meeting the variety of Operational Metrics required.

Based on recent feedback, the Independent Monitor believes at this point, while the LADWP has made substantial progress toward meeting the required metrics established by the Revised Settlement Agreement, there are some metrics which the department may fall short of meeting by the March 26, 2019 deadline, based upon the stringent 540-day performance requirements. The Monitor has requested and been provided with detailed remediation work plans to reflect the processes that LADWP is employing to satisfy these increasingly stringent performance metrics and to assure compliance in short order and will provide a full report after completing his on-sight visit April 9-11, 2019 and completing his final verifications.

For those metrics that fall short, the Monitor has noted that each month LADWP is completing more service orders than are being created, thus reducing backlogs on each of these respective metrics. Assuming DWP continues this progress, the Monitor believes that LADWP will keep current on metrics in the foreseeable future.

Finally, the Monitor is still awaiting the final conclusions and recommendations from Gartner, Inc., the research and advisory company retained by LADWP to evaluate the structure and staffing of the Project Management Office. Although the Monitor has been provided with Gartner's preliminary conclusions, concerns and criticism of LADWP operations in this area, as reported in the CC&B Monitor Report for the period of September 2018 through December 2018, the Monitor has not received the final Gartner conclusions, which were anticipated to be completed in February. The Monitor has an expectation that he will be provided these conclusions in advance of his on-site visit in April in order to assure that this critically important area is addressed as required for compliance with the Settlement.

Independent of the Gartner conclusions, the Monitor has an expectation that, with regard to moving forward with IT projects and programming, LADWP will retain the services of a strong project manager and other qualified staffing to serve in the PMO, as well as external resources with extensive experience implementing the specific types of IT systems LADWP will be

considering for implementation, as it moves forward post settlement, before undertaking any additional IT projects and programming. The Monitor will continue to keep the Court informed and report on these conclusions as part of his final reporting.

DATED: March 11, 2019

LANDSKRONER GRIECO MERRIMAN, LLC

By: ______________________

Jack Landskroner
Class Counsel

03/12/2019

**ELECTRONIC PROOF OF SERVICE**

I am a paralegal with Landskroner Grieco Merriman, LLC in the County of Cuyahoga, State of Ohio. I am over the age of 18 and not a party to the within action. My business address is 1360 West 9th Street, Suite 200, Cleveland, Ohio 44113.

On March 11, 2019, I served the foregoing document(s) described as **PLAINTIFFS' STATUS REPORT (BY FAX)** on the interested parties in this action as follows:

**BY ELECTRONIC SERVICE VIA FILE & SERVEXPRESS**: In accordance with the Court's Order Authorizing Electronic Service governing Case No. BC565618 and related matters requiring all documents to be served upon interested parties via the File & ServeXpress Service system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 11, 2019, at Cleveland, Ohio.

Julie M. Filarski

03/12/2019