1  JOSEPH P. MCMONIGLE, Bar No. 66811
   KATHLEEN M. EWINS, Bar No. 154365
2  JOHN B. SULLIVAN, Bar No. 238306
   LONG & LEVIT LLP
3  465 California Street, Suite 500
   San Francisco, California 94104
4  Telephone:  (415) 397-2222
   Facsimile:  (415) 397-6392
5  Email:      jmcmonigle@longlevit.com
               kewins@longlevit.com
6              jsullivan@longlevit.com

7  Attorneys for Defendants
   THE LANDSKRONER LAW FIRM, LTD.
8  d/b/a LANDSKRONER, GREICO,
   MERRIMAN, LLC, and JACK
9  LANDSKRONER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated, <br><br>            Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GREICO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J. LIBMAN APC, a California Professional Corporation; MICHAEL J LIBMAN, an individual,<br><br>            Defendants. | Case No. 2:19-cv-06661-VAP-JC<br><br>Hon. Virginia A. Phillips<br><br>**THE LANDSKRONER LAW FIRM, LTD. D/B/A LANDSKRONER GREICO MERRIMAN, LLC AND JACK LANDSKRONER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CAUSES OF ACTION: 7, 10, 13, 16, 17 AND 19 IN THE FIRST AMENDED COMPLAINT**<br><br>Date:        February 3, 2020<br>Time:       2:00 p.m.<br>Courtroom:  8A<br><br>Action Filed:  July 31, 2019 |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

REQUEST FOR JUDICIAL NOTICE AND FOR
INCORPORATION BY REFERENCE
CASE NO. 2:19-cv-06661-VAP-JC

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendants The Landskroner Law Firm, Ltd. d/b/a Landskroner Greico Merriman, LLC and Jack Landskroner's (collectively, the "Landskronker Defendants") hereby respectfully request that this Court consider and take judicial notice of the exhibits attached hereto to decide the Landskronker Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6):

**Exhibit 1** (pages 8-57, below) is a true and correct copy of the Class Action Complaint, filed on April 1, 2015, in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "Jones Class Action").

**Exhibit 2** (pages 58-276, below) is a true and correct copy of the Notice of Filing Revised Class Action Settlement Agreement and Limited Release, filed November 10, 2016, in the *Jones* Class Action.

**Exhibit 3** (pages 277-290, below) is a true and correct copy of Notice of Entry of Order Granting Preliminary Approval Of Class Action Settlement And Directing Dissemination of Class Notice, filed on January 5, 2017, in the *Jones* Class Action.

**Exhibit 4** (pages 291-341, below) is a true and correct copy of Plaintiff's Notice of Unopposed Motion And Motion For Final Approval of Class Action Settlement And Award of Attorney's Fees, Costs, and Services Award, filed on May 5, 2017, in the *Jones* Class Action.

**Exhibit 5** (pages 342-366, below) is a true and correct copy of the Order Granting Final Approval Of Class Action Settlement And Final Judgment, entered July 20, 2017, in the *Jones* Class Action.

**Exhibit 6** (pages 367-417, below) is a true and correct copy of the Complaint for Damages, filed on July 31, 2019, in *Bradshaw v. The City of Los Angeles*, Case No. 2:19-cv-06661-VAP-JC (United States District Court Central District of California).

**Exhibit 7** (pages 418-421, below) is a true and correct copy of the Order Re

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 2 -

REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE
CASE NO. 2:19-cv-06661-VAP-JC

Appointment Of Brian S. Kabeteck As Class Counsel, filed on May 7, 2019, in the *Jones* Class Action.

**Exhibit 8** (pages 422-425, below) is a true and correct copy of the Order Re: Jack Landskroner's Accounting, filed on May 7, 2019, in the *Jones* Class Action.

**Exhibit 9** (pages 426-441, below) is a true and correct copy of the Order Re: Appointment Of Special Master, filed on June 17, 2019, in the *Jones* Class Action.

**Exhibit 10** (pages 442-458, below) is a true and correct copy of the Joint Application For Order To Show Cause Re Issuance Of A Preliminary Injunction Requiring Disgorgement Of Attorney's Fees, filed on September 26, 2019, in the *Jones* Class Action.

**Exhibit 11** (pages 459-537, below) is a true and correct copy of the First Amended Complaint for Damages, filed on July 31, 2019, in *Bradshaw v. The City of Los Angeles*, Case No. 2:19-cv-06661-VAP-JC (United States District Court Central District of California).

**Exhibit 12** (pages 538-545, below) is a true and correct copy of the Class Action Settlement Notice, "*Jones v. City of Los Angeles*, Case No. BC577267 Certain Customers of the Los Angeles Department of Water and Power," in the *Jones* Class Action.

**Exhibit 13** (pages 546-607, below) is a true and correct copy of the New Class Counsel's Report Regarding the Status of Its Evaluation of the Class Action Settlement (210 Days Post-Appointment), "*Jones v. City of Los Angeles*, Case No. BC577267 Certain Customers of the Los Angeles Department of Water and Power," in the *Jones* Class Action.

## I.   LEGAL ARGUMENT

### A.   The Court Should Take Judicial Notice Of Exhibits 1-11 And 13 Because They Are Records Of The California Superior Court And The United States District Court

A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 3 -

REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE
CASE NO. 2:19-cv-06661-VAP-JC

claim. *Skilstaf v. CVS Caremark Corp.* (9th Cir. 2012) 669 F.3d 1005, 1016, fn. 9.

The Court "may take judicial notice of court filings and other matters of public record." *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) Judicial notice is particularly appropriate for court records in prior litigation related to the case before it. *Amphibious Partners, LLC v. Redman* (10th Cir. 2008) 534 F.3d 1357, 1361-1362. This includes taking judicial notice of a complaint filed in a related state court action in order to ascertain the legal nature of the claim stated in the complaint. *Burbank-Glendale Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request to take judicial notice of pleadings filed in related state court action); *E.I. Du Pont de Nemours & Co., Inc. v. Cullen* (1st Cir. 1986) 791 F.2d 5, 7.

Here, the Court should take judicial notice of Exhibits 1-11 and 13 because they are documents, pleadings, and orders filed in the California Superior Court, County of Los Angeles and the United State District Court, Central District of California.

**B. The Court Should Consider Exhibit 12, The Notice To Class Members Of Settlement Because The Complaint Incorporates It And Causes Of Action Are Based On It**

If a plaintiff fails to attach to the complaint the documents on which it is based, the defendant may attached to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claims. See, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 US 302, 322 (2000) (court ruling on motion to dismiss must consider entire complaint and other sources incorporated by reference as well as judicially noticeable matters.)

In considering a motion to dismiss, "[t]he Court also may take judicial notice of material incorporated by reference into the Complaint." *U.S. v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). In *Ritchie*, the Ninth Circuit explained that "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 4 -

REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE
CASE NO. 2:19-cv-06661-VAP-JC

forms the basis of plaintiff's claim." *Id.* at 908. It went on to state "[t]he defendant may offer such a document, and the district court may treat the document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* The Ninth Circuit provided examples such as when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan or when a claim about stock fraud is based on the contents of SEC filings. *Id.*, citing, *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 n. 4 (9th Cir. 1998); *In re Silicon Graphics Secs. Litig.* 183 F.3d 970, 986 (9th Cir. 1999).

Where a plaintiff does not physically attach documents to the complaint, they may nonetheless be considered by the court of a 12(b)(6) motion to dismiss if: (1) the complaint refers to such a document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of that copy attached to the alleged Rule 12(b)(6) motion.

Here, the First Amended Complaint refers to the notice to class members of the settlement at paragraphs 97, 192, and 229. The document is central to Bradshaw's claim for affirmative misrepresentation (¶192) and negligent misrepresentation (¶229). There is no reason for Bradshaw to question the authenticity of the notice.

## II. CONCLUSION

For the reasons detailed above, this Court should take judicial notice of **or incorporate by reference each of the following documents:**

**Exhibit 1** (pages 8-57, below) is a true and correct copy of the Class Action Complaint, filed on April 1, 2015, in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "Jones Class Action").

**Exhibit 2** (pages 58-276, below) is a true and correct copy of the Notice of Filing Revised Class Action Settlement Agreement and Limited Release, filed November 10, 2016, in the *Jones* Class Action.

**Exhibit 3** (pages 277-290, below) is a true and correct copy of Notice of

- 5 -

Entry of Order Granting Preliminary Approval Of Class Action Settlement And Directing Dissemination of Class Notice, filed on January 5, 2017, in the *Jones* Class Action.

**Exhibit 4** (pages 291-341, below) is a true and correct copy of Plaintiff's Notice of Unopposed Motion And Motion For Final Approval of Class Action Settlement And Award of Attorney's Fees, Costs, and Services Award, filed on May 5, 2017, in the *Jones* Class Action.

**Exhibit 5** (pages 342-366, below) is a true and correct copy of the Order Granting Final Approval Of Class Action Settlement And Final Judgment, entered July 20, 2017, in the *Jones* Class Action.

**Exhibit 6** (pages 367-417, below) is a true and correct copy of the Complaint for Damages, filed on July 31, 2019, in *Bradshaw v. The City of Los Angeles*, Case No. 2:19-cv-06661-VAP-JC (United States District Court Central District of California).

**Exhibit 7** (pages 418-421, below) is a true and correct copy of the Order Re Appointment Of Brian S. Kabeteck As Class Counsel, filed on May 7, 2019, in the *Jones* Class Action.

**Exhibit 8** (pages 422-425, below) is a true and correct copy of the Order Re: Jack Landskroner's Accounting, filed on May 7, 2019, in the *Jones* Class Action.

**Exhibit 9** (pages 426-441, below) is a true and correct copy of the Order Re: Appointment Of Special Master, filed on June 17, 2019, in the *Jones* Class Action.

**Exhibit 10** (pages 442-458, below) is a true and correct copy of the Joint Application For Order To Show Cause Re Issuance Of A Preliminary Injunction Requiring Disgorgement Of Attorney's Fees, filed on September 26, 2019, in the *Jones* Class Action.

**Exhibit 11** (pages 459-537, below) is a true and correct copy of the First Amended Complaint for Damages, filed on July 31, 2019, in *Bradshaw v. The City of Los Angeles*, Case No. 2:19-cv-06661-VAP-JC (United States District Court

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 6 -

REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE
CASE NO. 2:19-cv-06661-VAP-JC

1  Central District of California).

2  **Exhibit 12** (pages 538-545, below) is a true and correct copy of the Class
3  Action Settlement Notice, "*Jones v. City of Los Angeles*, Case No. BC577267
4  Certain Customers of the Los Angeles Department of Water and Power," in the
5  *Jones* Class Action.

6  **Exhibit 13** (pages 546-607, below) is a true and correct copy of the New
7  Class Counsel's Report Regarding the Status of Its Evaluation of the Class Action
8  Settlement (210 Days Post-Appointment), "*Jones v. City of Los Angeles*, Case No.
9  BC577267 Certain Customers of the Los Angeles Department of Water and
10 Power," in the *Jones* Class Action.

Dated: December 6, 2019.

LONG & LEVIT LLP

By: /s/ *[signature]*
JOSEPH P. MCMONIGLE
KATHLEEN M. EWINS
JOHN B. SULLIVAN
Attorneys for Defendants
THE LANDSKRONER LAW
FIRM, LTD. d/b/a
LANDSKRONER, GREICO,
MERRIMAN, LLC, and JACK
LANDSKRONER

4844-0931-4478, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 7 -

REQUEST FOR JUDICIAL NOTICE AND FOR
INCORPORATION BY REFERENCE
CASE NO. 2:19-cv-06661-VAP-JC