ROGERS JOSEPH O'DONNELL
Merri A. Baldwin (State Bar No. 141957)
mbaldwin@rjo.com
John G. Heller (State Bar No. 129901)
jheller@rjo.com
Lauren B. Kramer (State Bar No. 259821)
lkramer@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendants
MICHAEL J. LIBMAN AND LAW
OFFICES OF MICHAEL J. LIBMAN
APC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J. LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual,<br><br>Defendants. | Case No. 2:19-CV-06661-VAP (JCx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STAY FIRST AMENDED COMPLAINT AS TO DEFENDANTS MICHAEL J. LIBMAN AND LAW OFFICES OF MICHAEL J. LIBMAN APC**<br><br>Date: February 3, 2020<br>Time: 2:00 p.m.<br>Dept.: Courtroom 8A<br>Judge: Virginia A. Phillips<br><br>Date of first filing: July 31, 2019<br>Trial Date: Not set |

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendants Michael J. Libman and Law Offices of Michael J. Libman APC (collectively, "Libman") hereby respectfully request that

Page 1

1  this Court consider and take judicial notice of the exhibits attached hereto to decide
2  Libman's Motion to Dismiss and/or Stay:
3  **Exhibit 1 (pages 7-57 below)** is a true and correct copy of the Class Action
4  Complaint, filed on April 1, 2015, in *Jones v. City of Los Angeles*, Case No.
5  BC577267 (Cal. Super. Ct., L.A. Cty.) (the "*Jones* Action").
6  **Exhibit 2 (pages 58-105 below)** is a true and correct copy of the Amended
7  Class Action Complaint, filed on August 17, 2015, in the *Jones* Action.
8  **Exhibit 3 (pages 106-324 below)** is a true and correct copy of the Notice of
9  Filing Revised Class Action Settlement Agreement and Limited Release that was
10 filed on November 10, 2016 in the *Jones* Action.
11 **Exhibit 4 (pages 325-332 below)** is a true and correct copy of the Class
12 Notice authorized by the Court in the *Jones* Action.
13 **Exhibit 5 (pages 333-382 below)** is a true and correct copy of the Reporter's
14 Transcript of Proceedings from July 7, 2017 in the *Jones* Action.
15 **Exhibit 6 (pages 383-408 below)** is a true and correct copy of the Court's
16 Order Granting Final Approval of Class Action Settlement and Final Judgment,
17 dated July 20, 2017, in the *Jones* Action.
18 **Exhibit 7 (pages 409-416 below)** is a true and correct copy of the Notice of
19 Signed Order re Appointment of Brian S. Kabateck as Class Counsel that was filed
20 on May 10, 2019 in the *Jones* Action.
21 **Exhibit 8 (pages 417-421 below)** is a true and correct copy of the Order re
22 Appointment of a Special Master filed June 3, 2019 in the *Jones* Action.
23 **Exhibit 9 (pages 422-425 below)** is a true and correct copy of the Notice of
24 Ruling re Hearing re Clarification of the Scope of Class Counsel's Authority on
25 October 18, 2019 that was filed on October 23, 2019 in the *Jones* Action.
26 **Exhibit 10 (pages 426-430 below)** is a true and correct copy of excerpts
27 from the New Class Counsel's Report Regarding the Status of Its Evaluation of the
28

Class Action Settlement (210 Days Post-Appointment) that was filed on November 22, 2019 in the *Jones* Action.

**Exhibit 11 (pages 431-435 below)** is a true and correct copy of the Notice of Ruling re Hearing on December 2, 2019 that was filed on December 4, 2019 in the *Jones* Action.

**Exhibit 12 (pages 436-450 below)** is a true and correct copy of the Notice of Entry of Order Granting Preliminary Approval of Class Action Settlement and Directing Dissemination of Class Notice that was filed January 5, 2017 in the *Jones* Action.

**Exhibit 13 (pages 451-623 below)** is a true and correct copy of the Notice of Lodging Report of Ellen A. Pansky Regarding Legal Ethics Issues that was filed October 23, 2019 in the *Jones* Action.

**Exhibit 14 (pages 624-631 below)** is a true and correct copy of *Bradsford* and *Fontaine* Plaintiffs' Ex Parte Application to Lift Discovery Stay to Allow Limited Discovery re: Procedural Fairness, filed on February 3, 2017, in *Bradsford v. City of Los Angeles*, Case No. BC565618 (Cal. Super. Ct., L.A. Cty.).

## I.     LEGAL ARGUMENT

Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion": judicial notice under Federal Rule of Evidence 201 and incorporation by reference. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Yang v. Dar-Al-Handash Consultants*, 250 Fed. Appx 771, 772 (9th Cir. 2007) (a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the non-moving party's pleading, (2) documents that are referred to in the non-moving part's pleading, or (3) facts that are included in materials that can be judicially noticed").

### A. The Court Should Take Judicial Notice of Exhibits 1-3 and 5-14 Under Rule 201(b) Because They Are Court Filings and Transcripts

The doctrine of judicial notice permits a court to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice extends to facts considered on a motion to dismiss. *E.g.*, *Reed v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 12638880, at *2, *4 (C.D. Cal. Jan. 23, 2014).

Courts regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *Reed*, 2014 WL 12638880, at *2 (taking judicial notice of documents filed in L.A. Superior Court to decide a motion to dismiss). This includes transcripts of court hearings and proceedings. *E.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of a hearing transcript and briefs filed in courts); *Business Solutions, LLC v. Ganatra*, 2019 WL 926351, at *3 (C.D. Cal. Jan. 7, 2019) (judicially noticing transcript of state-court hearing to decide motion to dismiss); *DJ St. Jon on Behalf of Herself and All Others Similarly Situated v. Tatro*, 2016 WL 1162678, at *4 (S.D. Cal. Mar. 23, 2016) (judicially noticing documents filed and submitted in state court, as well as reporter's transcripts); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request to take judicial notice of pleadings filed in related state court action); *Madani v. Cty. of Santa Clara*, 2017 WL 1092398, at *4 (N.D. Cal. Mar. 23, 2017) (judicially noticing hearing transcript). Judicial notice is appropriate where requesting party "provide[s] reference and case numbers for the documents requested for judicial notice,

showing that they were in fact court documents and matters of public record." *Life Bliss Found. v. Sun TV Network Ltd.*, 2014 WL 12589657, at *6 (C.D. Cal. Sept. 17, 2014).

Here, exhibits 1-3 and 5-14 are all documents that were filed in the California Superior Court, County of Los Angeles. The Court should therefore take judicial notice of them.

### B. The Court Should Take Judicial Notice of Exhibit 4 Because It Is Incorporated Into Plaintiff's Complaint

In considering a motion to dismiss, "[t]he Court also may take judicial notice of material incorporated by reference into the Complaint." *Johnson v. Quality Loan Serv. Corp.*, 2018 WL 6978196, at *3 (C.D. Cal. Dec. 18, 2018) (documents are properly incorporated "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."); *see also Yang*, 250 Fed. Appx. at 772 (explaining that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in . . . documents that are referred to in the non-moving part's pleading").

Indeed, the incorporation-by-reference doctrine applies even if the contents of the relied-upon documents are not explicitly alleged or referenced in the complaint. *E.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1049 (N.D. Cal. 2005) ("[T]he court may consider a document not attached to the complaint if the complaint specifically refers to it and its authenticity is not questioned."). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 958 n.1 (C.D. Cal. 2015).

//

CASE NO: 2:19-CV-06661-VAP (JCx)  LIBMAN REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STAY

504237.1

Exhibit 4 should also be considered to decide the motion to dismiss because it has been incorporated by reference into the Complaint. Plaintiff repeatedly refers to, and relies on, the notice to class members as the basis for his allegedly recovery. FAC ¶¶ 97, 192, 229. He similarly refers to and relied upon the state court filings attached as exhibits 1-3 and 5-13. FAC ¶¶ 25-66, 77-79, 90-98, 104-105. Accordingly, these should be treated as "part of the complaint, and thus [this Court] may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Barber*, 154 F. Supp. 3d at 958 n.1.

## II.   CONCLUSION

For the reasons detailed above, this Court should take judicial notice of or incorporate by reference of Exhibits 1 through 14 to decide Libman's Motion to Dismiss and/or Stay.

Dated:  December 6, 2019          ROGERS JOSEPH O'DONNELL

By:   */s/ John G. Heller*
JOHN G. HELLER
Attorneys for Defendants
MICHAEL J. LIBMAN and LAW OFFICES OF MICHAEL J. LIBMAN APC