1   JOSEPH P. MCMONIGLE, Bar No. 66811
    KATHLEEN M. EWINS, Bar No. 154365
2   JOHN B. SULLIVAN, Bar No. 238306
    NICOLA M. TILL, Bar No. 320035
3   LONG & LEVIT LLP
    465 California Street, Suite 500
4   San Francisco, California 94104
    Telephone: (415) 397-2222
5   Facsimile: (415) 397-6392
    Email:   jmcmonigle@longlevit.com
6            kewins@longlevit.com
             jsullivan@longlevit.com
7            ntill@longlevit.com

8   Attorneys for Defendants
    THE LANDSKRONER LAW FIRM, LTD.
9   dba LANDSKRONER, GREICO,
    MERRIMAN, LLC, and JACK
10  LANDSKRONER

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13

14  DENNIS BRADSHAW,                    Case No.  2:19-cv-06661-VAP-JC
    Individually and on Behalf of All
15  Others Similarly Situated,          Hon. Virginia A. Phillips

16              Plaintiff,              **DEFENDANTS THE
                                        LANDSKRONER LAW FIRM, LTD.**
17  v.                                  **dba LANDSKRONER GREICO
                                        MERRIMAN, LLC AND JACK
18  CITY OF LOS ANGELES, a              LANDSKRONER'S MOTION TO
    municipal entity; MICHAEL           STAY ACTION**
19  FEUER, in his individual and
    official capacity; JAMES CLARK,     Date:       February 3, 2020
20  in his individual and official      Time:       2:00 p.m.
    capacity; THOMAS PETERS, in his     Courtroom:  8A
21  individual and official capacity;
    THE LANDSKRONER LAW              Action Filed:  July 31, 2019
22  FIRM, LTD. dba LANDSKRONER
    GREICO MERRIMAN, LLC, a
23  limited liability company; JACK
    LANDSKRONER, an individual;
24  LAW OFFICES OF MICHAEL J.
    LIBMAN APC, a California
25  Professional Corporation;
    MICHAEL J LIBMAN, an
26  individual,

27              Defendants.

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 3, 2020, at 2:00 p.m. or as soon thereafter as this matter may be heard before the Honorable Virginia A. Phillips, United States District Judge, in the above-entitled Court, at 350 West First Street, Los Angeles, California 90012, Defendants The Landskroner Law Firm, Ltd. dba Landskroner, Greico, Merriman, LLC, and Jack Landskroner (collectively, the "Landskroner Defendants") will and hereby do move the Court for an order staying the matter pending the adjudication in state court in *Jones v. City of Los Angeles*, CIV BC5777267.

This motion is made on the following grounds:

1.    A stay is appropriate because the proceedings in *Jones v. City of Los Angeles*, Los Angeles Superior Court Case. No. CIV BC5777267, necessarily impact the issues of proximate cause and damages in this action and, under such circumstances, this Court has inherent jurisdiction to stay, and should stay, the action pending *Jones'* resolution. *Adams v. Paul*, 11 Cal.4th 583 (1995).

2.    The interests of wise judicial administration favor a stay pursuant to the *Colorado River* doctrine because the state court proceeding is sufficiently parallel and the following factors weigh heavily in favor of granting a stay:

(a) The desire to avoid piecemeal litigation and inconsistent judgments;

(b) The state court has concurrent jurisdiction over all claims, exercised jurisdiction first, can adequately protect Plaintiff's rights, and may promptly resolve the key issues in dispute in this action; and

(c) The desire to avoid forum shopping.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the accompanying request for judicial notice, all pleadings and documents on file, and on such further evidence and argument as the Court may entertain.  This motion is made following the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 2 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1    conference of counsel under Local Rule 7-3, which took place on December 17,

2    2019.

3

4    Dated:  January 3, 2020                    Respectfully submitted,

5                                              LONG & LEVIT LLP

6

7                                              By:

8                                              JOSEPH P. MCMONIGLE
                                               KATHLEEN M. EWINS
9                                              JOHN B. SULLIVAN
                                               Attorneys for Defendants
10                                             THE LANDSKRONER LAW FIRM,
                                               LTD. d/b/a LANDSKRONER,
11                                             GREICO, MERRIMAN, LLC, and
                                               JACK LANDSKRONER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 3 -                    2:19-CV-06661-VAP-JC
                         DEFS.' MPA ISO MOTION TO STAY

1

## TABLE OF CONTENTS

2

**Page**

3   I.    INTRODUCTION .................................................................6

4   II.   FACTUAL BACKGROUND...........................................................7

    A.   The Underlying Case..........................................................7

5        1.   The Settlement .........................................................7

6        2.   The *Jones* Court Grants Final Approval Of The
              Settlement And Issues A Final Judgment ................................8

7        3.   Bradshaw Receives A Refund Under The Settlement................8

8        4.   The Court Appoints New Class Counsel And A Special
              Master To Examine The Fairness Of The Underlying

9             Settlement .............................................................9

10       5.   New Class Counsel's Investigation In *Jones* Is Ongoing...........9

    III.  LEGAL ARGUMENT .............................................................10

11   A.   The Court Should Stay This Action Pending Resolution Of The
              Underlying *Jones* Litigation.........................................11

12   B.   The Colorado Doctrine Should Be Applied .................................13

13   C.   The Colorado River Factors Weigh In Favor Of Staying This
              Case ..................................................................18

14       1.   The Desire To Avoid Piecemeal Litigation Weighs In

15            Favor Of A Stay .......................................................19

16       2.   The Jones Court Has Exercised Jurisdiction Over Core
              Issues Raised In The First Amended Complaint.....................20

17       3.   Source Of Law:  State Courts Have Concurrent
              Jurisdiction Over The Only Federal Claim Bradshaw Has

18            Against Landskroner ...................................................21

19       4.   The State Court Can Protect The Rights Of The *Jones*
              Class .................................................................21

20       5.   The First Amended Complaint Amounts To Forum

21            Shopping...............................................................22

22       6.   The State Court Proceedings Are An Adequate Vehicle
              For A Complete And Prompt Resolution Of The Issues ..........22

    IV.   CONCLUSION..................................................................22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 4 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

**TABLE OF AUTHORITIES**

Page

## Cases

*American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*
  843 F.2d 1253 (9th Cir. 1988) ...................................................................... 19, 20

*Canopus Biopharma, Inc. v. Supportive Therapeutics, LLC,*
  2016 WL 7438795 (C.D. Cal. Mar. 25, 2016) ............................................... 19

*Colo. River Water Conservation Dist. v. U.S.*
  424 U.S. 800 (1976) ................................................................................ 10, 23

*Coscia v. McKenna & Cuneo*
  25 Cal.4th 1194 (2001) .................................................................................. 12

*Gallagher v. Dillon Grp.*
  2003-I, No. CV-09-2135-SBA, 2010 WL 890056, at *3 (N.D Cal. Mar. 8, 2010)
  ................................................................................................... 13, 19, 21

*Goodin v. Vendley*
  356 F.Supp.3d 935 (N.D Cal. 2018) ............................................................... 13

*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*
  18 Cal.4th 739 (1998) .................................................................................... 12

*Montanore Minerals Corporation v. Blakie*
  867 F.3d 1160 (2017) ..................................................................................... 20

*Montrose Chem. Corp. v. Superior Ct.*
  6 Cal. 14th 287, 301 (1993) ........................................................................... 11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
  460 U.S. 1 (1983) ........................................................................................... 19

*Nakash v. Marciano*
  882 F.2d 1411 (9th Cir. 1989) .................................................................. 13, 21

*P6 LA MF Holdings SPE, LLC v. Shekhter*
  2017 WL 7411154, at * 15 (C.D.Cal. June 8, 2017) ............................ 13, 18, 21

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*
  656 F.3d 966 (9th Cir. 2011) .................................................................... 19, 21

*Scripsamerica, Inc., v. Ironridge Global LLC*
  56 F.Supp.3d 1121 (C.D. Cal. 2014) .............................................................. 22

*Sindell v. Gibson, Dunn & Crutcher*
  54 Cal.App.4th 1457 (1997) ........................................................................... 11

*Travelers Indemnity Company v. Madonna*
  914 F.2d 1364 (9th Cir. 1990) ....................................................................... 22

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1               **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION**

3       Jack Landskroner and the Landskroner Law Firm, Ltd. d/b/a Landskroner,

4 Greico, Merriman, LLC, ("Landskroner") successfully represented a class of Los

5 Angeles Department of Water and Power ("LADWP") ratepayers who were over-

6 billed as the result of LADWP's implementation of flawed

7 PricewaterhouseCoopers ("PwC") software.  The Los Angeles Superior Court

8 granted final approval of the settlement in that action, *Jones v. City of Los Angeles*,

9 on July 20, 2017.  But, after questions were raised in early 2019 about the

10 relationships between the attorney defendants here and the City of Los Angeles' top

11 lawyer personnel, the Hon. Elihu Berle (who presides over *Jones*) appointed Brian

12 S. Kabateck as new Class Counsel and ordered him to investigate the fairness and

13 propriety of the settlement and judgment.

14       In this action, plaintiff Dennis Bradshaw seeks to represent the *Jones* class in

15 second-guessing the *Jones* judgment despite the fact that a second-guessing is well

16 underway in Judge Berle's court. Bradshaw's claims are not ripe because the

17 foundation for the causation and damages elements of his claims are dependent on a

18 judgment that now appears unsettled. The *Jones* court is actively attempting to

19 determine whether the settlement was fair, and whether the lawyers should disgorge

20 fees. Landskroner believes the *Jones* class was compensated 100 cents on the dollar

21 through the *Jones* judgment, but that judgment may or may not stand, and the City

22 may or may not pay additional monies to the class.  Ratepayers can be made whole

23 but once.  And, many of Bradshaw's claims seek dominion over the same fees the

24 parties in Judge Berle's court are litigating over disgorging; fees cannot be

25 disgorged twice.

26       Bradshaw asserts ten causes of action against Landskroner, but each is at its

27 essence, a claim of legal malpractice, the foundation of which is the *Jones* class

28 action settlement that may be unwound, and fees that may be disgorged.  For that

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 6 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1   reason, the fact and scope of injury to the class Bradshaw purports to represent

2   remain uncertain.  Simply put, a stay until the *Jones* proceedings run their course

3   makes sense.

4        Landskroner respectfully submits that wise judicial administration,

5   conservation of judicial resources, good sense, and the possibility of inconsistent,

6   overlapping judgments, makes this one of the rare cases in which a stay should

7   issue.

8   **II.    FACTUAL BACKGROUND**

9        **A.    The Underlying Case**

10       In September 2013, LADWP began utilizing Customer Care and Billing

11   ("CC&B") software developed and implemented by PwC.  The CC&B system was

12   "inherently and fundamentally flawed" and resulted in a vast array of "over-billing

13   and other billing problems for LADWP's customers."  FAC ¶ ¶25-66.

14       Six putative class action lawsuits were filed against LADWP and the City in

15   2014-2015, each asserting that LADWP customers were overbilled.  On April 1,

16   2015, Landskroner filed one of those actions, *Jones v. City of Los Angeles*, on

17   behalf of ratepayer Antwon Jones and other LADWP customers.  FAC ¶ 81. The

18   Court assigned Judge Elihu Berle to preside over *Jones* and the related cases.  FAC

19   ¶ 84.

20            **1.    The Settlement**

21       The parties in four of the class action cases agreed to a settlement that

22   provided monetary relief and non-monetary relief.  The settlement covered claims

23   that accrued during the period from September 3, 2013, when Bradshaw alleges

24   LADWP began using the CC&B system (FAC ¶25), through December 30, 2016.

25   RJN 12, p.558.

26       LADWP agreed to reimburse or refund ratepayers "…100% of any amounts

27   that the LADWP overcharged or damaged" class members.  RJN 2, pp. 85-89.  The

28   Settlement also required, among other things, the adoption of new billing system

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 7 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

metrics; the appointment of an independent billing system monitoring expert; audits of LADWP's billing system to confirm billing accuracy; and the creation and implementation of a team at LADWP to address unique or complex billing issues. RJN 12, p. 560.  LADWP further agreed to pay the various law firms that represented the classes up to $19,000,000, and to reimburse litigation expenses of up to $3,000,000.  RJN 2, p. 126.

The Court granted Preliminary Approval of the Settlement on December 30, 2016.  At that time, Judge Berle also approved the form and content of the notice of settlement to be sent to Class members.  RJN 15, pp. 629-641.

### 2. The Court Grants Final Approval Of The Settlement And Issues A Final Judgment

On May 5, 2017, Landskroner filed a motion for final approval of class action settlement and award of attorney's fees and costs.  RJN 3.

The Court granted final approval of the settlement and final judgment on July 20, 2017.  The order states, "…this Court hereby approves the Settlement Agreement as fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages…."  RJN 4, p. 332 ¶ 8; FAC ¶ 98.  Judge Berle determined "that all members of the Settlement Class who have not opted out are bound by this Final Order…"..  RJN 4, p. 331:25-26.  The Court awarded Class Counsel $19 million in attorneys' fees and $2.74 million in costs with the City to make payment within seven business days of entry of the order.  FAC ¶98.

### 3. Bradshaw Receives A Refund Under The Settlement

Bradshaw, who rents a house in Los Angeles, is an LADWP ratepayer and a *Jones* class member.  He did not object to or opt out of the settlement. He received a refund credit on his December 2017 bill.  FAC ¶107.

Bradshaw alleges in his amended complaint that he and the *Jones* class may not have been fairly compensated. FAC ¶¶ 105-106.  He also claims that he and the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 8 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1    Class suffered at least "nominal damages" and that "a separate lawsuit is

2    necessary…because it is impossible for them to obtain meaningful relief because

3    *Jones* is a settled class action." FAC ¶ 106. But, Bradshaw acknowledges the

4    ongoing investigation in L.A. Superior Court as to whether the *Jones* settlement

5    was fair. FAC ¶ 105.

6    **4.    The Court Appoints New Class Counsel And A Special
          Master To Examine The Fairness Of The Underlying
7          Settlement**

8         On May 7, 2019, Judge Berle appointed attorney Brian Kabateck the new

9    class counsel in *Jones*. Judge Berle ordered, among other things, that Kabateck

10   conduct an analysis "as to whether the settlement of the class action was fair,

11   reasonable, and adequate under all the circumstances." The court further ordered

12   Kabateck to coordinate with a special master and an auditor the court would appoint

13   and, if, after conducting his evaluation, Kabateck deems it necessary, he is to seek

14   appropriate relief. RJN 6, p. 406.

15        Also on May 7, 2019, Judge Berle ordered an accounting regarding, among

16   other things, the fees and costs that Landskroner Greico & Merriman received and

17   disbursed. RJN 7. Shortly thereafter, on June 17, 2019, Judge Berle appointed

18   Special Master Edward Robbins and ordered him to "investigate and audit all

19   financial matters relating to payments … in connection with the settlement" of

20   *Jones,* "and the facts and circumstances surrounding the representation of Mr.

21   Jones, the ethical duties owed to Mr. Jones and by whom." RJN 8, p. 414, 417. In

22   addition to scrutinizing the fairness of the *Jones* settlement, the court also ordered

23   the Special Master to investigate whether any party or counsel engaged in collusive

24   or fraudulent conduct, or made misrepresentations, during the course of the *Jones*

25   litigation and subsequent settlement. RJN 8, p. 418.

26        **5.    New Class Counsel's Investigation In *Jones* Is Ongoing**

27        After being appointed Class Counsel, Kabateck requested that Judge Berle

28   reopen discovery in the case and retained outside independent consultants with

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 9 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1  experience in public utilities and billing systems "to conduct an evaluation of all

2  aspects of the settlement, including a review of the methodologies and assumptions

3  the LADWP self-selected to determine refunds/credits and verification of

4  refunds/credits issued to all subclasses." RJN 13, p. 567.  As of November 22,

5  2019, Mr. Kabateck claimed to have invested over 2000 hours in his investigation.

6  RJN 13, p. 566.

7       Notwithstanding Bradshaw's position that *Jones* is a settled action, in his first

8  July 25, 2019, status report Kabateck advised the Court he may request "…that the

9  Court vacate final approval of the class action settlement and cause it to be re-

10 opened in whole or in part… depending upon the City's willingness to cooperate."

11 RJN 9, p. 442.  Further, on September 26, 2019, Kabateck and the City of Los

12 Angeles filed a "Joint Application For Order To Show Cause Re Issuance Of a

13 Preliminary Injunction Requiring Disgorgement of Attorneys' Fees."  Through that

14 application, the applicants seek an order disgorging "approximately $11,755,000 in

15 attorneys' fees paid" to Landskroner Greico & Merriman and others. RJN 10, p.

16 463.  In a December 2, 2019 order, Judge Berle issued an OSC re Preliminary

17 Injunction; that hearing is set for February 25, 2020.  RJN 14.

18      Kabateck has advised the court that he is continuing to oversee the

19 independent consultants engaged to evaluate all aspects of the *Jones* settlement,

20 including the methodologies and assumptions the LADWP selected to determine

21 refunds and credits, and to review documents provided by Landskroner and others.

22 RJN 13.

23 **III.   LEGAL ARGUMENT**

24      Generally, "the pendency of an action in state court is no bar to proceedings

25 concerning the same matter in the Federal court having jurisdiction." *Colo. River*

26 *Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976).  However, under rare

27 circumstances, "considerations of wise judicial administration, giving regard to

28 conservation of judicial resources and comprehensive disposition of litigation,"

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 10 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1    may counsel in favor of abstention.  *Id.* at 817.  As detailed herein, the exceptional

2    circumstances of this case justify staying this case.

3            **A. The Court Should Stay This Action Pending Resolution Of The**
             **Underlying *Jones* Litigation**
4

5            Though the causes of action against Landskroner are dressed up with a vast

6    variety of labels, Bradshaw's claims are all, at their core, for legal malpractice

7    based on the purported under-settlement of *Jones*.  The *Jones* court is actively

8    endeavoring to address and rectify any and all defects in the *Jones* settlement and

9    the fee award of which Bradshaw complains.  Because the *Jones* court's decisions

10   as to the questions currently pending before it could dramatically impact the

11   causation and damages elements of Bradshaw's causes of action here, this action

     should be stayed until the *Jones* court has completed its work.
12

13           There is ample authority for staying actions until underlying litigation has

14   run its course. For example, in *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 14th

15   287, 301 (1993), the California Supreme Court held that a trial court's inherent

16   power to control proceedings pending before it includes the power to stay an action

17   awaiting the final decision in the another action that may impact the course of the

18   litigation before the court.  *Montrose*, 6 Cal. 14th at 301 (staying insurer's

19   declaratory relief action pending outcome of third-party action against insured).

20           In a legal malpractice context, where there is a still-pending underlying

21   action, the question is whether the client will sustain any damage as the result of the

22   eventual judgment. *Sindell v. Gibson, Dunn & Crutcher* 54 Cal.App.4th 1457, 1473

23   at fn. 11 (1997).  An insoluble problem is presented if a suit is permitted to proceed

24   through litigation before there is clarity as to the amount of the underlying

25   judgment that purports to provide the basis for damage claims.  An injury is not

26   "actual" for purposes of bringing a legal malpractice action if it causes only

27   nominal damages, speculative harm, or the threat of future harm. *Adams v. Paul*,

28   11 Cal.4th 583, 588 (1995).  At this point, Bradshaw's claim that the class has not

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 11 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1    been, or will not be, made whole in *Jones*, by the *Jones* court, is entirely

2    speculative.

3        Numerous courts have embraced staying legal malpractice actions where

4    causation and damages are unclear because underlying proceedings are ongoing. In

5    *Adams v. Paul*, 11 Ca1.4th at 592-93, the California Supreme Court recognized that

6    "trial courts have inherent authority to stay malpractice suits, holding them in

7    abeyance pending resolution of underlying litigation" There, the Supreme Court

8    remanded the case to the trial court to resolve issues related to a statute-of-

9    limitations defense, the resolution of which would determine whether the Plaintiff

10   suffered a "palpable and definite" injury.  *Id.*  In *Sindell,* 54 Cal.App.4th at 1473,

11   fn.11, the Court of Appeal suggested that the trial court stay a legal malpractice

12   action because it did not "…appear that the full extent of plaintiffs' damages" could

13   be determined "until the resolution of…pending litigation."

14       The California Supreme Court again endorsed staying legal malpractice

15   actions pending definitive underlying outcomes in *Jordache Enterprises, Inc. v.*

16   *Brobeck, Phleger & Harrison*, 18 Ca1.4th 739, 758 (1998).  There, the Court held

17   that policy concerns regarding the statute of limitations for legal malpractice claims

18   did not justify the court interpreting "actual injury" in a manner that prolonged the

19   limitations period because the "… case management tools available to trial courts,

20   including the inherent authority to stay an action…can overcome problems of

21   simultaneous litigation if they do occur."

22       In *Coscia v. McKenna & Cuneo,* 25 Cal.4th 1194, 1209-1210 (2001), the

23   Supreme Court further endorsed trial courts' inherent power to stay proceedings in

24   malpractice cases when there are unresolved issues in the underlying proceedings.

25   There, the court approved a "two-track approach" whereby, to ensure a malpractice

26   claim was timely filed, a plaintiff ought to file their malpractice claim within the

27   applicable one or four-year time period set forth in California Code of Civil

28   Procedure section 340.6, albeit with the expectation that the court *would* stay the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 12 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1   proceedings until the plaintiff had exhausted the remedies available in the

2   underlying case. *Id.* (Emphasis added.)

3      Much has been said about the *Jones* judgment, but one thing is clear:  it

4   appears to be in a state of flux.  If the *Jones* class was not made whole in 2017, it

5   may be made whole in the near term, thus extinguishing the causation and damages

6   elements of Bradshaw's claims.

7      In light of the Court's inherent authority to stay malpractice suits pending the

8   underlying determination of critical issues, Landskroner respectfully requests that

9   the Court exercise its discretion and stay this action until *Jones* is resolved.

10  **B.      The Colorado Doctrine Should Be Applied**

11     "The threshold inquiry when considering the *Colorado River* doctrine is

12  whether the state and federal actions are 'substantively similar.'" *Goodin v.*

13  *Vendley*, 356 F.Supp.3d 935, 944 (N.D Cal. 2018) citing *Nakash v. Marciano* , 882

14  F.2d 1411, 1416 (9th Cir. 1989).

15     "Exact parallelism" is not required to meet this threshold.  *Nakash,* 882 F.2d

16  at 1416.  Rather, proceedings are substantially similar when "substantially the same

17  parties are contemporaneously litigating substantially the same issues in another

18  forum." *Goodin,* 356 F.Supp.3d at 944 citing *Gallagher v. Dillon Grp.* 2003-I, No.

19  CV-09-2135-SBA, 2010 WL 890056, at *3 (N.D Cal. Mar. 8, 2010); see *Nakash,*

20  882 F.2d at 1416 ("All of these disputes concern how the respective parties have

21  conducted themselves since Nakash purchased a portion of Guess").

22     In *P6 LA MF Holdings SPE, LLC v. Shekhter*, the court deemed a state court

23  case alleging a single breach of contract claim arising out of a joint venture

24  sufficiently similar to a subsequent federal action in which the state court

25  defendants alleged RICO claims, various tort claims, in addition to breach of

26  contract claim, against the state court Plaintiffs.  2017 WL 7411154, at * 15

27  (C.D.Cal. June 8, 2017).  There, the court held, despite the differing claims, the two

28  cases were substantially similar because both involved the "same core actors, then

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 13 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1   employees, and entities under their control…" and were based upon the same

2   underlying core issues. *Id.*

3       Here, Bradshaw seeks to represent the *identical* class of LADWP ratepayers

4   covered by the *Jones* litigation and, in addition to suing *Jones* defendant City of

5   Los Angeles, also sues core actors involved in the *Jones* litigation. Adjudication of

6   the federal case will unquestionably involve deciding key issues currently being

7   litigated in *Jones,* including whether: (1) the *Jones* class was deprived of the ability

8   to obtain fair and adequate compensation for its claims; (2) Landskroner and others

9   violated ethical duties in representing the *Jones* class and, if so, (3) whether these

10   violations require a forfeiture of attorney's fees. RJN 6, 8.

11       Bradshaw's ten causes of action against Landskroner are premised on the

12   *Jones* judgment being defective and collusive, and on the claim that Class Counsel

13   should return the fees paid to them because of ethical breaches. Thus, the causation

14   and damages elements of Bradshaw's causes of action go precisely to the issues

15   Judge Berle, Kabateck and Special Master Robbins are scrutinizing and dissecting.

16   RJN 6, 8, 9, 10. As the below summary demonstrates, this litigation should be

17   held in abeyance because the *Jones* proceedings could significantly alter, and

18   perhaps dispose of, Bradshaw's claims that the *Jones* class received an insufficient

19   payout and that the lawyers obtained an excessive fee award, as follows:

20         •  <u>Cause of Action No. 2, Unjust Enrichment</u>: Bradshaw alleges Class

21           Counsel forfeited their right to any attorneys' fees in *Jones* and it

22           would be unjust to allow them to retain them. FAC ¶ 132, 137-138.

23           Judge Berle ordered Special Master Edward Robbins to "investigate

24           and audit all financial matters relating to payments… in connection

25           with the settlement" of *Jones.* The *Jones* Class's and the City of Los

26           Angeles's OSC regarding a Preliminary Injunction with respect to

27           whether $11,755,000 in fees should be disgorged is scheduled for

28           hearing on February 25, 2020. RJN 8, p. 414 and RJN 10.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 14 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

- No. 3, Breach of Fiduciary Duty: Bradshaw alleges that through breaching ethical duties, Class Counsel's "conduct was a substantial factor in causing" injury and "a constructive trust must be imposed on the *Jones*' attorneys' fees and any other revenue generated. FAC ¶145-149. Judge Berle ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the *Jones* litigation and subsequent settlement. RJN 8, p. 418. "Upon conclusion of the Special Master's investigation… the Special Master shall make recommendations to the Court about the… conduct of counsel." RJN 8, p. 422.

- No. 5, Professional Malpractice: Bradshaw alleges that Class Counsel violated ethical rules and breached fiduciary duties which conduct was a "substantial factor in causing Plaintiffs and the Class injury," entitling them to damages. FAC ¶¶169-172. He demands that a constructive trust be imposed. FAC ¶ 173. Judge Berle ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the Jones litigation and subsequent settlement. RJN 8, p. 418. Judge Berle also ordered Special Master Robbins to determine the nature of any preexisting relationships between and among counsel and the extent to which these relationships led to the naming of counsel in *Jones*. RJN 8, p. 416. Robbins was further tasked with determining "…whether written submissions or oral presentations made by counsel in the Related Cases to support the settlement complied with ethical duties and responsibilities, specifically, whether there was any unethical conduct." RJN 8, p. 418.

- No. 7, Affirmative Representation: Bradshaw alleges that Class

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 15 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

Counsel represented to Plaintiff and the Class that they would represent their interests and "had entered into a fair settlement with The City." FAC ¶ 192.  The representations were false and that "conduct was a substantial factor in causing… injury…" FAC ¶¶ 193, 197.  Judge Berle ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the *Jones* litigation and subsequent settlement.  RJN 8, p. 418.

- No. 10, Negligent Misrepresentation: Bradshaw alleges that Class Counsel said it would represent the interests of the Class and enter into a fair settlement, but that was false.  FAC ¶¶ 229-230.  This conduct was allegedly a substantial factor in causing Plaintiff and the Class injury.  FAC ¶ 234.  Judge Berle ordered Kabateck to conduct an analysis "as to whether the settlement of the class action was fair, reasonable, and adequate under all the circumstances" and ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the *Jones* litigation and subsequent settlement.  RJN 6, p. 406 and 8, p. 418.

- No. 13, Fraudulent Concealment: Bradshaw alleges that Class Counsel intentionally failed to disclose that they had been picked by The City and Special Counsel Defendants to bring a class action and then settled it "for less than the claims' true value, which caused injury to the Class.  (FAC ¶¶ 267, 271.)  Judge Berle ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the *Jones* litigation and subsequent settlement.  RJN 8, p. 418.  Judge Berle also ordered Special Master Robbins to determine the nature of

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 16 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

any preexisting relationships between and among counsel and the extent to which these relationships led to the naming of counsel in *Jones*. RJN 8, p. 416.

- No. 16, Violation of the C.L.R.A: Bradshaw alleges that Class Counsel Defendants misrepresented the nature of their services and did not represent the Jones' ratepayers' interests and instead plotted a collusive settlement which resulted in damage. FAC ¶¶ 307-311. Judge Berle ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the *Jones* litigation and subsequent settlement. RJN 8, p. 418. Judge Berle also ordered Special Master Robbins to determine the nature of any preexisting relationships between and among counsel and the extent to which these relationships led to the naming of counsel in Jones. RJN 8, p. 416.

- No. 17, Violation of the UCL: Bradshaw alleges that Class Counsel conceded that they did not represent Class interests and instead entered into a collusive settlement with The City, whose interests they actually represented. FAC ¶¶ 318-319, 322. Judge Berle ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the *Jones* litigation and subsequent settlement. RJN 8, p. 418. Judge Berle also ordered Special Master Robbins to determine the nature of any preexisting relationships between and among counsel and the extent to which these relationships led to the naming of counsel in *Jones*. RJN 8, p. 416.

- No. 18. Declaratory Relief: Bradshaw alleges that, due to ethical violations, Class Counsel must forfeit the fees and costs paid to them

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 17 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

in Jones. FAC ¶ 325. In *Jones*, Class Counsel and the City jointly requested that the Court set an Order to Show Cause regarding why a preliminary injunction should not issue ordering disgorgement of approximately $11,755,000 in attorneys' fees…" RJN 10, p. 463. That hearing is scheduled for February 25, 2020. RJN 14, p. 627.

- No 19, R.I.C.O: Bradshaw alleges that Defendants engaged in racketeering activity through mail and wire fraud that created the illusion that *Jones* was a legitimate class action (FAC ¶¶ 334-335) and, as a result, Judge Berle approved a collusive settlement the Class incurred damages "for settling for less than it would have in an arm's length settlement." FAC ¶ 338. Judge Berle ordered the Special Master to investigate whether any party or counsel engaged in collusive or fraudulent conduct, or made misrepresentations, during the course of the *Jones* litigation and subsequent settlement. RJN 8, p. 418.

Though *Jones* and this action involve different causes of action, as in *P6 LA MF Holdings SPE*, the core allegations central to the federal court claims remain live and pending in state court. Given the common factual and substantive issues at play, the cases are substantially similar, a stay is warranted. *P6 LA MF Holdings SPE, LLC v. Shekhter*, 2017 WL 7411154, at * 14 (C.D.Cal. June 8, 2017).

## C.     The Colorado River Factors Weigh In Favor Of Staying This Case

If the aforementioned threshold is satisfied, the *Colorado River* doctrine requires the Court to weigh the following eight factors in determining whether to grant a stay:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 18 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011) (internal footnotes omitted).  "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).)  Although the first and second factors are not relevant here, the remaining factors weigh heavily in favor of staying this motion pending resolution of the ongoing litigation concerning the *Jones* settlement in Judge Berle's court.

### 1.    The Desire To Avoid Piecemeal Litigation Weighs In Favor Of A Stay

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines)*, 843 F.2d at 1258.

Here, Plaintiff's claims are based on the same primary, purported wrongs and damages that new Class Counsel is seeking relief for in state court: the alleged under-settlement of *Jones* and the return of fees because of alleged violations of ethical duties.  RJN 6, 8, 10.  Thus, the *Jones* Court is undergoing the very same exercise for the *Jones* class that Bradshaw calls upon this Court to embark upon here.  Though the causes of action alleged here are not identical to those originally in *Jones*, the substantive issues now at play, applicable law, and respective liabilities of the parties are so inexplicably intertwined that proceeding with the federal court action at this juncture poses the very real danger of inconsistent rulings.  *Gallagher v. Dillon Grp.* 2003-I, 2010 WL 890056, at *3 (N.D. Cal. Mar. 8, 2010); *see Canopus Biopharma, Inc. v. Supportive Therapeutics, LLC*, 2016 WL 7438795, at *3 (C.D. Cal. Mar. 25, 2016) (holding that this factor weighed "heavily

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 19 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1   in favor of granting the stay because resolution of both the New York action and

2   this case depend on a determination of the same questions").

3        In light of the clear duplication of efforts which will arise from both courts

4   determining the key issues in dispute, and the general goal of avoiding piecemeal

5   litigation and inconsistent results, a stay of this case is warranted.

6        ## 2.   The *Jones* Court Has Exercised Jurisdiction Over Core
            Issues Raised In The First Amended Complaint

7

8        Landskroner does not contend that Judge Berle has exercised jurisdiction

9   over Bradshaw's claims for legal malpractice, breach of fiduciary duty and assorted

10  other torts.  Rather, for the reasons set forth in Section III.A above, and as set forth

11  below, Landskroner respectfully asks that the Court stay this action while Judge

12  Berle decides the fundamental issues central to causation and damages of each of

13  Bradshaw's causes of action.

14       The relative progress of Judge Berle's inquiry weighs heavily in favor of this

15  Court granting a stay pursuant to the Colorado Doctrine.  *Montanore Minerals*

16  *Corporation v. Blakie,* 867 F.3d 1160, 1168 (2017) citing *Am. Int'l Underwriters*

17  *(Philippines), Inc. v. Cont'l Ins. Co.,* 843 F.2d 1253, 1257 (9th Cir. 1988).  As of

18  November 22, 2019, Class Counsel Kabateck has spent "… well over 2,000 hours

19  learning every nuance of the *Jones* action and settlement…" including, reviewing

20  "tens of thousands of pages of documents" filed with the court, produced in

21  discovery or by court order; interviewing "scores of individuals currently or

22  formerly connected with the case"; participating in weekly meetings with the court

23  appointed monitor; and "written several briefs at both the trial and appellate levels."

24  RJN 13, p. 566.  As noted above, Kabateck's work has not been limited to a mere

25  review; he filed a motion asking that the fees paid to Landskroner and others be

26  disgorged and held either by the Court or a third party escrow service pending the

27  conclusion of the Special Master's investigation and issuance of any Court order

28  relating to the attorneys' fees award.  RJN 10.  A hearing is scheduled for February

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 20 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

1   25, 2020.

2   　　　In comparison, this action is in its infancy.  No discovery has been conducted

3   and a number of parties have filed motions to dismiss in lieu of answering the First

4   Amended Complaint.

5   　　　**3.　Source Of Law:  State Courts Have Concurrent Jurisdiction
6   　　　　　Over The Only Federal Claims Bradshaw Has Against
　　　　　Landskroner**

7   　　　The fifth *Colorado River* factor requires the Court to evaluate whether the

8   federal case involves federal or state law.  *P6 LA MF Holdings SPE, LLC v.*

9   *Shekhter*, 2017 WL 7411154, at * 15 (C.D.Cal. June 8, 2017).

10   　　　Here, California law controls all of the claims against Landskroner excluding

11   the RICO allegation.  As to the RICO claim, state courts have concurrent

12   jurisdiction.  In the 9th Circuit, "… state courts have concurrent jurisdiction over

13   RICO claims and therefore the California courts may resolve these claims."

14   *Nakash*, 882 F.2d at 1416 and see *Gallagher v. Dillon Group 2003-I*, 2010 WL

15   890056 at 4* (N.D. Cal. March 8, 2010).

16   　　　Further, Bradshaw's RICO claim is rooted in the same allegations as the

17   malpractice-based claims, and changes nothing.  As set forth in Landskroner's

18   motion to dismiss, Bradshaw's RICO cause of action is defective because, among

19   other things, it alleges a single fraudulent scheme rather than a pattern of

20   racketeering activity.

21   　　　**4.　State Court Can Protect The Rights Of The *Jones* Class**

22   　　　"A district court may not stay or dismiss the federal proceeding if the state

23   proceeding cannot adequately protect the rights of the federal litigants." *R.R. Street*

24   *& Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 981. "Like source of law, however,

25   this factor is more important when it weighs in favor of federal jurisdiction." *Id.*

26   　　　Here, Judge Berle has appointed a new Class Counsel and Special Master

27   who have both been specifically tasked with protecting the rights of the *Jones*

28   Class.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 21 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

### 5.   The First Amended Complaint Amounts To Forum Shopping

"In the *Colorado River* context, this Circuit has held that forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Travelers Indemnity Company v. Madonna* 914 F.2d 1364, 1371 (9th Cir. 1990).

Here, Bradshaw's complaint seeks determination of the core issues being determined by Judge Berle in state court. Bradshaw filed it months after Judge Berle initiated his investigation into the propriety of the *Jones* settlement and attorneys' fees. Though purporting to represent the *Jones* class, Bradshaw seeks to circumvent the *Jones* Court's procedures for resolving issues related to the fairness of the *Jones* settlement.

### 6.   The State Court Proceedings Are An Adequate Vehicle For A Complete And Prompt Resolution Of The Issues

"The last, and most important, factor is whether state court proceedings will conclusively resolve all issues pending in federal court." *Scripsamerica, Inc., v. Ironridge Global LLC*, 56 F.Supp.3d 1121, 1155 (C.D. Cal. 2014). Here, the crux of Bradshaw's complaint is that, as a result of alleged malfeasance of various parties, the *Jones* class was deprived of the opportunity to obtain a more favorable settlement. But this allegation is also at the heart of the dispute before Judge Berle. Class Counsel Kabteck has made clear his intention to review and amend the settlement as needed to ensure it is fair and reasonable to the class. RJN 13. The contention that Bradshaw's/the *Jones* class's alleged damages cannot be remedied by Judge Berle is purely speculative at this juncture and the underlying judgment appears far from settled.

## IV.   CONCLUSION

The causation and damages elements of Bradshaw's causes of action revolve

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 22 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY

around whether the *Jones* settlement was fair and the fee award appropriate.  These issues are inextricably linked to issues pending before Judge Berle.  Proceeding here will result in a duplication of efforts as between courts and runs a substantial risk of the cases producing differing results.   Consequently, Landskroner respectfully requests that the Court stay this action to promote "wise administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

Dated:  January 3, 2020                        Respectfully submitted,

                                                              LONG & LEVIT LLP


                                                              By:
                                                              JOSEPH P. MCMONIGLE
                                                              KATHLEEN M. EWINS
                                                              JOHN B. SULLIVAN
                                                              Attorneys for Defendants
                                                              THE LANDSKRONER LAW FIRM,
                                                              LTD. d/b/a LANDSKRONER,
                                                              GREICO, MERRIMAN, LLC, and
                                                              JACK LANDSKRONER

4839-5029-4704, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 23 -

2:19-CV-06661-VAP-JC
DEFS.' MPA ISO MOTION TO STAY