Leela Kapur (SBN 125548)
  leela.kapur@lacity.org
Kathleen A. Kenealy (SBN 212289)
  kathleen.kenealy@lacity.org
Joseph A. Brajevich (SBN 156144)
  joseph.brajevich@ladwp.com
LOS ANGELES CITY ATTORNEY'S OFFICE
200 Main Street, 800 City Hall East
Los Angeles, California 90012
Telephone: (213) 978-8100
Facsimile: (213) 978-8312

BROWNE GEORGE ROSS LLP
Eric M. George (SBN 166403)
  egeorge@bgrfirm.com
Maribeth Annaguey (SBN 228431)
  mannaguey@bgrfirm.com
Kim S. Zeldin (SBN 135780)
  kzeldin@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendants
City of Los Angeles and Michael N. Feuer

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; et al.,<br><br>Defendants. | Case No. 2:19-cv-06661-VAP (JCx)<br><br>Hon. Virginia A. Phillips<br><br>**CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**<br><br>Date:      February 3, 2020<br>Time:      2:00 p.m.<br>Crtrm.:   8A<br><br>Trial Date:    None Set |

1345300

Case No. 2:19-cv-06661-VAP (JCx)

CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND
FOR INCORPORATION BY REFERENCE ISO MOTION TO DISMISS FAC

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendants City of Los Angeles and Michael N. Feuer (collectively, the "City/Feuer Defendants") hereby respectfully request that this Court consider and take judicial notice of the 37 exhibits attached hereto to decide the City/Feuer Defendants' Motion to Dismiss First Amended Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6):

**Exhibit 1** (pages 10-29, below) is a true and correct copy of the Complaint For Damages, filed on February 13, 2014, in *Kimhi v. The City of Los Angeles*, Case No. BC536272 (Cal. Super. Ct., L.A. Cty.) (the "*Kimhi* Class Action").

**Exhibit 2** (pages 30-54, below) is a true and correct copy of the Class Action Complaint And Verified Petition For Writ Of Mandamus, filed on December 4, 2014, in *Bransford v. City of Los Angeles*, Case No. BC565618 (Cal. Super. Ct., L.A. Cty.) (the "*Bransford* Class Action").

**Exhibit 3** (pages 55-98, below) is a true and correct copy of the Complaint, filed on January 7, 2015, in *Morski v. Los Angeles Department of Water and Power*, Case No. BC568722 (Cal. Super. Ct., L.A. Cty.) (the "*Morski* Class Action").

**Exhibit 4** (pages 99-119, below) is a true and correct copy of the Class Action Complaint, filed on February 5, 2015, in *Fontaine v. City of Los Angeles*, Case No. BC571664 (Cal. Super. Ct., L.A. Cty.) (the "*Fontaine* Class Action").

**Exhibit 5** (pages 120-126, below) is a true and correct copy of the Initial Status Conference Order, filed on February 17, 2015, in the *Bransford* Class Action.

**Exhibit 6** (pages 127-184, below) is a true and correct copy of the Complaint, filed on March 6, 2015, in *City of Los Angeles v. Pricewaterhouse Coopers, LLP*, Case No. BC574690 (Cal. Super. Ct., L.A. Cty.) (the "*PwC* Action").

**Exhibit 7** (pages 185-229, below) is a true and correct copy of the Class Action Complaint, filed on April 1, 2015, in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) (the "*Jones* Class Action").

**Exhibit 8** (pages 230-235, below) is a true and correct copy of the Initial

CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND
FOR INCORPORATION BY REFERENCE ISO MOTION TO DISMISS FAC

Status Conference Order (Complex Litigation Program), filed on April 20, 2015, in the *Jones* Class Action.

Exhibit 9 (pages 236-278, below) is a true and correct copy of the Los Angeles Department of Water & Power's Board Letter Approval, and attachments including Engagement And Contingency Fee Agreement, regarding Resolution No. 015 197, dated April 23, 2015.

Exhibit 10 (pages 279-282, below) is a true and correct copy of an excerpt of the Reporter's Transcript Of Proceedings from May 22, 2015 in the *Bransford* Class Action and related cases.

Exhibit 11 (pages 283-288, below) is a true and correct copy of Plaintiff Hayley Fontaine's Notice That Her Case Was Related On March 30, 2015 To Other Cases And Judge Berle Ordered This Case Transferred To His Court On May 22, 2015, And Request To Confirm That The Initial Status Conference Set For June 19, 2015 Hearing Is Off Calendar, filed on June 5, 2015, in the *Bransford* Class Action, the *Morski* Class Action, the *Fontaine* Class Action, and the *Jones* Class Action.

Exhibit 12 (pages 289-336, below) is a true and correct copy of the Amended Class Action Complaint, filed on August 17, 2015, in the *Jones* Class Action.

Exhibit 13 (pages 337-546, below) is a true and correct copy of the Declaration Of Jack Landskroner In Support Of Plaintiff's Motion For Preliminary Approval, filed on August 17, 2015, in the *Jones* Class Action.

Exhibit 14 (pages 547-682, below) is a true and correct copy of the Complaint And Verified Petition For Writ Of Mandate, filed on September 10, 2015, in *Macias v. Los Angeles Department of Water and Power*, Case No. BC594049 (Cal. Super. Ct., L.A. Cty.) (the "*Macias* Class Action").

Exhibit 15 (pages 683-684, below) is a true and correct copy of the Minute Order, entered on October 5, 2015, in the *Kimhi* Class Action.

Exhibit 16 (pages 685-691, below) is a true and correct copy of the Initial Status Conference Order, entered on October 22, 2015, in the *Macias* Class Action.

1   **Exhibit 17** (pages 692-697, below) is a true and correct copy of excerpts of

2   the Reporter's Transcript Of Proceedings from July 7, 2017 in the *Jones* Class

3   Action and related actions.

4   **Exhibit 18** (pages 698-723, below) is a true and correct copy of the Order

5   Granting Final Approval Of Class Action Settlement And Final Judgment, entered

6   on July 20, 2017, in the *Jones* Class Action.

7   **Exhibit 19** (pages 724-735, below) is a true and correct copy of excerpts of

8   the Reporter's Transcript Of Proceedings from December 12, 2018 in the *PwC*

9   Action.

10  **Exhibit 20** (pages 736-740, below) is a true and correct copy of excerpts of

11  the Reporter's Transcript Of Proceedings from January 23, 2019 in the *PwC* Action

12  and *Jones* Class Action.

13  **Exhibit 21** (pages 741-745, below) is a true and correct copy of excerpts of

14  the Reporter's Transcript Of Proceedings from March 4, 2019 in the *PwC* Action.

15  **Exhibit 22** (pages 746-749, below) is a true and correct copy of the Notice Of

16  Withdrawal, filed on March 6, 2019, in the *PwC* Action.

17  **Exhibit 23** (pages 750-753, below) is a true and correct copy of the Notice Of

18  Withdrawal Of Counsel, filed on March 7, 2019, in the *PwC* Action.

19  **Exhibit 24** (pages 754-758, below) is a true and correct copy of the Notice Of

20  Motion And Motion To Be Relieved As Counsel (by Mr. Landskroner)—Civil, filed

21  on March 8, 2019, in the *Jones* Class Action.

22  **Exhibit 25** (pages 759-766, below) is a true and correct copy of Plaintiffs'

23  Status Report, filed on March 11, 2019, in the *Jones* Class Action.

24  **Exhibit 26** (pages 767-776, below) is a true and correct copy of the Notice Of

25  Errata with respect to Mr. Landskroner's Motion To Be Relieved As Counsel, filed

26  on March 12, 2019, in the *Jones* Class Action.

27  **Exhibit 27** (pages 777-781, below) is a true and correct copy of an excerpt of

28  the Reporter's Transcript Of Proceedings from April 10, 2019 in the *Jones* Class

1   Action and related actions.

2       **Exhibit 28** (pages 782-784, below) is a true and correct copy of the Minute

3   Order, entered on April 17, 2019, in the *Jones* Class Action.

4       **Exhibit 29** (pages 785-788, below) is a true and correct copy of the Order Re:

5   Appointment Of Brian S. Kabateck As Class Counsel, filed on May 7, 2019, in the

6   *Jones* Class Action.

7       **Exhibit 30** (pages 789-805, below) is a true and correct copy of the Order Re:

8   Appointment Of Special Master, filed on June 17, 2019, in the *Jones* Class Action,

9   the *PwC* Action, and the *Macias* Class Action.

10      **Exhibit 31** (pages 806-812, below) is a true and correct copy of an excerpt

11  (sections 270 to 275) of the Official City of Los Angeles Charter.

12      **Exhibit 32** (pages 813-1032, below) is a true and correct copy of the Notice

13  Of Filing Revised Class Action Settlement Agreement And Limited Release, filed

14  on November 10, 2016, in the *Jones* Class Action.

15      **Exhibit 33** (pages 1033-1041, below) is a true and correct copy of the Order

16  Granting Motion For Preliminary Approval Of Class Action Settlement And

17  Directing Dissemination Of Class Notice, filed on December 30, 2016, in the *Jones*

18  Class Action.

19      **Exhibit 34** (pages 1042-1046, below) is a true and correct copy of an excerpt

20  of the transcript of the deposition of Paul Kiesel, Volume III, dated May 29, 2019,

21  in the *PwC* Action.

22      **Exhibit 35** (pages 1047-1064, below) is a true and correct copy of the Joint

23  Application For Order To Show Cause Re Issuance Of A Preliminary Injunction

24  Requiring Disgorgement Of Attorneys' Fees, filed on September 26, 2019, in the

25  *Jones* Class Action and related actions.

26      **Exhibit 36** (pages 1065-1237, below) is a true and correct copy of the Notice

27  of Lodging Report of Ellen A. Pansky Regarding Legal Ethics Issues, filed on

28  October 23, 2019, in the *Jones* Class Action.

**Exhibit 37** (pages 1238-1241, below) is a true and correct copy of an excerpt of the Reporter's Transcript Of Proceedings from December 30, 2016 in the *Jones* Class Action.

## I.    LEGAL STANDARD

Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, there are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion": judicial notice under Federal Rule of Evidence 201 and incorporation by reference. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (explaining that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed").

### A.    Judicial Notice Under Federal Rule of Evidence 201

The doctrine of judicial notice permits a court to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). Judicial notice extends to facts considered on a motion to dismiss. *E.g.*, *Reed v. Fed. Nat'l Mortg. Ass'n*, No. 13-cv-00940-VAP, 2014 WL 12638880, at *2, *4 (C.D. Cal. Jan. 23, 2014).

Courts regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *Reed*, 2014 WL

12638880, at *2-3 (taking judicial notice of documents filed in L.A. Superior Court to decide a motion to dismiss).  This includes transcripts of court hearings and proceedings.  *E.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of a hearing transcript and briefs filed in courts); *Business Solutions, LLC v. Ganatra*, No. 18-cv-1426-DOC, 2019 WL 926351, at *3 (C.D. Cal. Jan. 7, 2019) (judicially noticing transcript of state-court hearing to decide motion to dismiss); *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (judicially noticing "pleadings filed in a related state court action").

Judicial notice of court filings is appropriate where the party shows that the documents "were in fact court documents and matters of public record."  *Reed*, 2014 WL 12638880, at *3; *Life Bliss Found. v. Sun TV Network Ltd.*, No. 13-cv-00393-VAP, 2014 WL 12589657, at *6 (C.D. Cal. Sept. 17, 2014) (taking judicial notice of court filings where defendants "provided reference and case numbers for the documents requested for judicial notice, showing that they were in fact court documents and matters of public record").

### B.    Incorporation By Reference

In considering a motion to dismiss, "[t]he Court also may take judicial notice of material incorporated by reference into the Complaint."  *Johnson v. Quality Loan Serv. Corp.*, No. 18-cv-09140-VAP, 2018 WL 6978196, at *3 (C.D. Cal. Dec. 18, 2018); *see also Yang*, 250 F. App'x at 772 (reiterating that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in . . . documents that are referred to in the non-moving party's pleading").

Documents are properly incorporated "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.  *Johnson*, 2018 WL 6978196, at *3.  Indeed, the

CITY OF LOS ANGELES AND MICHAEL N. FEUER'S REQUEST FOR JUDICIAL NOTICE AND
FOR INCORPORATION BY REFERENCE ISO MOTION TO DISMISS FAC

incorporation-by-reference doctrine applies even if the contents of the relied-upon documents are not explicitly alleged or referenced in the complaint.  *E.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *see also U.S. v. Ritchie.*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining a document "may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim").  The court may "treat such document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss."  *Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 958 n.1 (C.D. Cal. 2015).

## II.  <u>GROUNDS FOR CONSIDERING THE ATTACHED EXHIBITS TO DECIDE THE MOTION TO DISMISS</u>

Federal Rule of Evidence 201(c)(2) requires Exhibits 1 through 37 to be judicially noticed because the City/Feuer Defendants have requested judicial notice and have supplied the necessary information.

### A.  <u>Court Records</u>

The Court must take judicial notice of Exhibits 1-8, 10-30, 32-33, and 35-37, all of which are records of the L.A. Superior Court.  Fed. R. Evid. 201(c)(2).  Judicial notice is warranted because they are court filings and transcripts of court hearings.  "Courts have routinely taken judicial notice of . . . pleadings filed with the state court."  *DJ St. Jon on Behalf of Herself and All Others Similarly Situated v. Tatro*, No. 15-cv-2552, 2016 WL 1162678, at *4 (S.D. Cal. Mar. 23, 2016) (judicially noticing documents filed and submitted in state court, as well as reporter's transcripts); *see also Reyn's Pasta*, 442 F.3d at 746 n.6 (recognizing that "[w]e may take judicial notice of court filings and other matters of public record"); *Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364 (granting request to take judicial notice of pleadings filed in related state court action); *McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) ("[P]leadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201."); *Madani v. Cty. of Santa Clara*, No. 16-cv-07026, 2017 WL 1092398, at *4 (N.D. Cal. Mar. 23,

2017) (judicially noticing hearing transcript).

### B. Public Records

Judicial notice of Exhibits 9 and 31 is warranted because they are government records. *E.g.*, *Sims v. Kia Motors Am., Inc.*, No. 13-cv-1791, 2014 WL 12558249, at *2 (C.D. Cal. Mar. 31, 2014) (judicially noticing documents because they "are government records"); *Lifeway Foods, Inc. v. Millenium Prods., Inc.*, No. 16-cv-7099, 2016 WL 7336721, at *1 (C.D. Cal. Dec. 14, 2016) ("Publicly available government records are commonly subject to judicial notice."); *see also Greeson v. Imperial Irr. Dist.*, 59 F.2d 529, 531 (9th Cir. 1932) ("[T]he court is bound to take notice of public facts and . . . public documents . . . ."). Specifically, they are the City of Los Angeles's Charter (Ex. 31) and resolutions and measures that were passed (Ex. 9). "The Court may take judicial notice of city charters, city ordinances and resolutions, and the contents and legislative history of a proposed city ordinance or resolution." *Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994); *see also Ass'n of L.A. City Attorneys v. City of L.A.*, No. 12-cv-4235-MMM (JCx), 2012 WL 12887541, at *6 n.31 (C.D. Cal. Nov. 20, 2012) (judicially noticing the City of Los Angeles's Charter "because it is not subject to reasonable dispute, it is a public record commonly known in this jurisdiction, and its accuracy can be readily determined from sources that cannot reasonably be questioned"); *Madani*, 2017 WL 1092398, at *4 ("The Charter of the County of Santa Clara, the Rules of Procedures for the Santa Clara County Personnel Board, and the County of Santa Clara Ordinance Code are also proper subjects of judicial notice.").

### C. Documents Incorporated By Reference

Several of the Exhibits also should be considered to decide the motion to dismiss because the Court "may take judicial notice of material incorporated by reference into the Complaint." *Johnson*, 2018 WL 6978196, at *3. The First Amended Class Action Complaint (Doc. No. 48) ("FAC") quotes, references, and necessarily relies on several court filings and hearing transcripts that are judicially

1  noticeable under Rule 201. (*E.g.*, FAC ¶¶ 26-66, 69, 90, 94, 97-98.)

2  The FAC also necessarily relies on public records, thereby making them

3  incorporated by reference. (*E.g.*, Ex. 12.) Exhibit 9, which contains the contract

4  retaining Former Special Counsel, is incorporated by reference in paragraph 67 of

5  the FAC. Plaintiff relies on the "terms of the contract" to allege—in conclusory

6  fashion—that, *inter alia*, the City/Feuer Defendants directed Special Counsel to file

7  and settle the *Jones* Class Action. (FAC ¶ 67.) Plaintiff's claims against the

8  City/Feuer Defendants necessarily rely on the contents of Exhibit 9. *E.g.*, *Knievel*,

9  393 F.3d at 1076; *Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1049

10  (N.D. Cal. 2005). The FAC also necessarily relies upon the deposition testimony of

11  Paul Kiesel (*e.g.*, FAC ¶ 75) thereby incorporating his deposition transcript (Ex. 34)

12  by reference. Accordingly, Exhibits 9 and 34 should be treated as "part of the

13  complaint, and thus [this Court] may assume that its contents are true for purposes

14  of a motion to dismiss." *Barber*, 154 F. Supp. 3d at 958 n.1.

15  **III.   CONCLUSION**

16  For the reasons detailed above, this Court should consider Exhibits 1 through

17  37 to decide the City/Feuer Defendants' Motion to Dismiss First Amended

18  Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6).

19

20  DATED:  January 6, 2020        BROWNE GEORGE ROSS LLP

21                                 Eric M. George
                                   Maribeth Annaguey
22                                 Kim S. Zeldin

23

24                                 By:   */s/ Kim S. Zeldin*
                                         _____
25                                       Kim S. Zeldin

26                                 Attorneys for Defendants
                                   City of Los Angeles and Michael N. Feuer
27

28