# EXHIBIT 15

EXHIBIT 15                                    Page 632

64738305
Feb 18 2020
04:26PM

BRIAN S. KABATECK (SBN 152054)
bsk@kbklawyers.com
ANASTASIA K. MAZZELLA (SBN 245201)
am@kbklawyers.com
SERENA VARTAZARIAN (SBN 303260)
sv@kbklawyers.com
**KABATECK LLP**
633 West Fifth Street, Suite 3200
Los Angeles, CA 90071
Telephone:  (213) 217-5000
Facsimile:  (213) 217-5010

Attorneys for ANTWON JONES, on behalf of the Class

MICHAEL N. FEUER (SBN 111529)
JOSEPH A. BRAJEVICH (SBN 156144)
**Los Angeles City Attorney's Office**
111 N. Hope Street, Room 340
Los Angeles, CA 90012

ERIC GEORGE (SBN 166403)
MARIBETH ANNAGUEY (SBN 228431)
KATHRYN L. McCANN (SBN 245198)
**BROWNE GEORGE ROSS LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697

Attorneys for Defendant, CITY OF LOS ANGELES

[Exempt from Filing Fee
Government Code § 6103]

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ANTWON JONES, individually and on behalf of the class,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>        Defendants. | Lead Case No.: BC577267<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br><br><br>**Date**:   February 25, 2020<br>**Time:**   9:00 a.m.<br>**Dept.**:   SS6<br>**Judge**:   Honorable Elihu M. Berle |

The parties in the *Jones* matter have met and conferred and report the following positions on various issues for the Status Conference on February 25, 2020.

## I. MEDIATION ON RULE 17 ISSUES

As set forth in the parties' Joint Status Report filed on January 9, 2020, the parties' efforts to settle certain issues related to Rule 17 failed, despite two all-day sessions with mediator Hon. Carl J. West. Class Counsel intends to litigate these issues vigorously and anticipates briefing for the Court. In the interest of judicial economy and to avoid addressing issues in a piecemeal, scattershot fashion, the parties agree that all open issues will be briefed together after completion of Class Counsel's review of the Settlement Agreement and its implementation.

## II. RULE 17 REFUND AND CREDIT UPDATES

On July 15, 2019, the City began applying Rule 17 credits pursuant to the *Jones* settlement agreement. The pre-determined amount of Rule 17 credits/refunds (i.e., before accounts are adjusted for prior credits and/or other exceptions) by the LADWP is $39,250,671.26. As of February 13, 2020, the City has applied approximately $38,503,621.6 in Rule 17 credits and refunds (composed of automation and manual review). The remaining balance is under further review and investigation by the LADWP, Independent Court Monitor, Paul Bender, and his assistant Siva Thoppe. According to them, this balance is largely made up of accounts that received credits/refunds prior the Rule 17 roll out. There is also a small percentage of accounts included in the remaining balance that did not previously receive credits/refunds that are also being reviewed and investigated.

The LADWP recently queried the CC&B system to determine if there were any more Rule 17 violations between January and October 2019. It discovered 423 bills, out of 9 million sent during that time frame, that contained Rule 17 violations. A similar review of bills sent between October 2019 and January 31, 2020 found only 38 bills containing Rule 17 violations. The LADWP is implementing an ongoing review process to identify and catch potential violations going forward. Mr. Bender and Mr. Thoppe are monitoring this review process in order to ensure that those violations are identified and credited appropriately.

Class Counsel attends all meetings and calls related to the Rule 17 credit/refund process and, as explained below, has employed an independent expert in energy billing/project management and a statistician to verify that the Rule 17 credits/refunds were accurately determined and distributed.

### III.  EXPERT CONSULTANTS RETAINED BY CLASS COUNSEL

Class Counsel retained Concentric Energy Advisors in October 2019 to review and analyze available data pre and post September 3, 2013, as well as to verify the methodologies for identifying class members, calculating refunds/credits and the project management performed by the Court Monitor Paul Bender.

The City has been cooperating with Class Counsel's requests to provide the Concentric team with appropriate access needed for their review. On January 6, 2020, the City provided the Concentric team with its first set of data requests, which included the September 2013 data run as well as solar panel data. Concentric has also requested several documents including, but not limited to, test plans, defect lists, design documents related to remediation, project plans, and summary reports for bill credits. The City has cooperated with Concentric's requests.

The Concentric team participated in onsite visits to the LADWP on January 22, 23 and 24, 2020, wherein they met with different members of the LADWP to discuss various issues. Topics of discussion included: 1) Settlement history and process, including data overview and issues related to the CC&B system; 2) Strategy on optimal collaboration and coordination between data requests from Concentric and LADWP's response time; 3) Background information regarding larger customers within the settlement; 4) Remediation;5) Methodologies for Solar data analysis and credit .

At this time, Class Counsel and the Concentric team have weekly calls discussing Concentric's findings, status of review, and data needed for their ongoing review.

///

///

///

3

### IV. UPDATE ON WORK COMPLETED BY INDEPENDENT COURT MONITOR PAUL BENDER AND PERFORMANCE METRICS OF LADWP

Paul Bender, appointed by the Court as the Independent CC&B system monitoring expert, as well as his colleague Siva Thoppe are nearing the completion of their work on Rule 17 accounts as well as all work assigned to Mr. Bender under his assignment. Pursuant to the Settlement Agreement, at sections III.C.2.b. and IIIC.2.c, page 35 line 19-23, Mr. Bender's work specifically provides for him to "verify data; establish that the mechanism for identifying affected accounts is accurate and reliable; independently evaluate the criteria used to process the claims; and monitor the CC&B remediation efforts and corrective actions undertaken by the LADWP and its independent CC&B consultants during the Remediation Period . . ."

Thus far, Mr. Bender and Mr. Thoppe have completed their review timely and have worked diligently with the LADWP to ensure that the standards set in the settlement agreement project monitoring are met. Additionally, Class Counsel has retained outside experts who have zero prior relationship to Mr. Bender, Mr. Thoppe, Class Counsel Mr. Landskroner, class liaison Mr. Libman, former special counsel Mr. Paradis, Mr. Kiesel, or the City itself. Class Counsel has tasked these outside experts with reviewing and verifying Mr. Bender and Mr. Siva's work – not only the calculations but the methodologies as well.  Mr. Bender's most recent report to the Court will be filed by February 19, 2020.

### V. LADWP'S PERFORMANCE METRICS

The LADWP continues to work toward the remedial relief and corrective actions outlined in the settlement agreement concerning the performance and functioning of the CC&B System. Class Counsel, the City's counsel, and Court Monitor Paul Bender and his colleague Siva Thoppe receive detailed bi-weekly reports from the LADWP and participate in conference phone calls outlining the different performance metrics monitored, including, but not limited to, credits/refunds issued, KCC activities (the third party administrator in this case), field work investigations, Rule 17 credits, and call center reports.

///

Class Counsel and the City's counsel continue to meet and confer regarding several issues that have arisen related to the City's ability to meet the 100% compliance standard required by the settlement agreement.

### VI. UPDATE ON CLAIM REVIEWS BY SPECIAL MASTER BARBARA R. BARKOVICH, Ph.D.

As of January 2020[1], Barbara Barkovich, Ph.D., the Court's appointed independent Special Master responsible for conducting all independent reviews requested by any settlement class member, has received a total of 285 claims and reviewed at total of 205 claims. Of the reviewed claims, Dr. Barkovich has deemed 162 in favor of the LADWP and 39 in favor of the LADWP customer/class member. All determinations made by Special Master Barkovich will be submitted to the Court in the form of a "Report and Recommendation" upon the conclusion of the reviews. KCC has sent a total of 177 letters informing individual class members as to Dr. Barkovich's determinations of respective claims, and by the date of this status conference additional letters will have been sent. 15 letters are on hold pending additional response from the LADWP.  Finally, a total of 5 class members have appealed Dr. Barkovich's determination by submitting a claim with any supportive documentation to this Court.  Per the Court's prior direction, those appeals will be presented to the Court, under seal, for determination along with Special Master Barkovitch's Report and Recommendation.

Dr. Barkovich and her team continue to be in open communication with the City and Class Counsel with regular discussions and updates on the ongoing status of the claims review process.

### VII. KPMG AUDIT UPDATE

In or about January 2019, pursuant to the Settlement Agreement, KPMG was retained as the independent auditor to perform an audit of the newly updated CC&B billing system. Pursuant to the Settlement Agreement, the audit reviewed the capabilities of the CC&B System, including the ability of the CC&B System to consistently deliver timely and accurate customer bills. KPMG uses: 1) data analytics to recalculate values from files within the CC&B system; and 2)

---

[1] The Parties will provide the Court with the most recent numbers from Dr. Barkovich and KCC at the status conference on February 25, 2020.

performance audits to test different controls to ensure that the system is working properly (i.e., data security, accurate data entry, access to controls, etc.).

In December 2019, KPMG completed its performance audit of the LADWP CC&B System. On December 17, 2019, KPMG circulated a draft of its audit summary and findings. Based on its audit, KPMG did not identify errors in the bill recalculation it performed through data analytics related to the performance of the CC&B system. However, it did identify observations regarding processes and controls that support the generation of customer bills, particularly in the area of access and segregation of duties within CC&B, the process of monitoring and handling exceptions, and the operating effectiveness of general information technology controls.

The management team at the LADWP responded to KPMG's report and agreed to implement all of the proposed changes. On January 29, 2020, Class Counsel, KPMG, LADWP management and the City met to discuss the entirety of the report and responses thereto. LADWP management's timeline to implement the majority of KPMG's recommendations range from June 2020 and May 31, 2021. Currently, Class Counsel intends to file the Executive Summary portion of KPMG's report with its next report to the Court and a full-version of the Report will be filed under seal for cybersecurity purposes.

## VIII. THE BRADSHAW CLASS ACTION

A class action was filed by the X-Law Group P.C. on July 31, 2019 in the United States District Court of California, Central District, entitled *Dennis Bradshaw v. City of Los Angeles, et al.* (2:19-cv-06661) ("*Bradshaw*"). The putative class members are defined as "all persons who were members of the Settlement Class in *Jones v. City of Los Angeles*." The legal theories alleged include: violation of 42 U.S.C.§ 1983, unjust enrichment, breach of fiduciary duty, professional malpractice, affirmative misrepresentation, negligent misrepresentation, fraudulent concealment, violation of the Consumer Legal Remedies Act, violation of the Unfair Competition Law, declaratory judgment, and violation of the Racketeer Influenced and Corrupt Organizations Act. This action is currently pending before Chief Judge Virginia Philips (the (*Bradshaw* Court").

On September 26, 2019, the City filed a motion to dismiss under United States Code of Civil Procedure Section 12(b)(6). Before the motion was heard, plaintiff took the opportunity to voluntarily amend his complaint. All defendants, including the City, filed motions to dismiss some or all of the claims in the first amended complaint. The City seeks to dismiss all claims against it. The *Bradshaw* Court continued the hearing to March 16, 2020 from February 3, 2020 and requested additional briefing as to its inherent authority to stay the *Bradshaw* case pending resolution of the *Jones* case. In the event that the action is not dismissed, Class Counsel will possibly file a motion to stay or other appropriate pleadings.

## IX. SPECIAL MASTER/AUDITOR EDWARD ROBBINS

Class Counsel, the City and its counsel continue to cooperate with Special Master/Auditor Edward Robbins, who was appointed by this Court to investigate and audit financial matters in this case. The Special Master/Auditor has requested numerous documents from the City, which the City has been providing on a rolling basis as requests come in. Likewise, Class Counsel has met with Mr. Robbins numerous times and has provided Mr. Robbins with access to all non-privileged documents in their possession.

On November 14, 2019, the Special Master filed the Special Master's First Interim Report of Investigation (150 Days Post-Appointment) detailing his investigative findings and anticipated next steps toward completion per the Court's Order. The Special Master intends on filing his next report on April 14, 2020.

## X. CLASS COUNSEL REQUESTS PERMISSION TO FILE ITS NEXT REPORT TO THE COURT ON THE ONE-YEAR ANNIVERSARY OF ITS APPOINTMENT.

Class Counsel previously filed lengthy reports to the Court at the 90-Day and 210-Day marks in their appointment. Class Counsel respectfully requests permission to file the next report on the one-year anniversary of their appointment, or on or about April 17, 2020. This will allow Class Counsel time to continue working with Concentric and conduct confirmatory discovery with their assistance. It will also allow the parties the opportunity to litigate certain issues between the *Jones* Class and the City as well as with the *Macias* Class. As the Court is aware, the *Macias* Class

1  is attempting to bring a Fourth Amended Complaint which may overlap and/or interfere with work

2  Class Counsel is performing with respect to the *Jones* settlement.

3  Thus, based on the foregoing, Class Counsel believes it would be more efficient and

4  substantively meaningful to wait until April 17, 2020 to file their next Report.

Dated: February 18, 2020

**KABATECK LLP**

*a. Maz*

BRIAN S. KABATECK
ANASTASIA K. MAZZELLA
SERENA J. VARTAZARIAN
*Attorneys for Antwon Jones, on behalf of the Class*

**BROWNE GEORGE ROSS**

*/s/ Kathryn L. McCann*

ERIC M. GEORGE
MARIBETH ANNAGUEY
KATHRYN L. McCANN
*Attorneys for the City of Los Angeles*

8

**JOINT STATUS CONFERENCE STATEMENT**
**Case No. BC577267**                    EXHIBIT 15                    Page 640

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action; my business address is 633 West Fifth Street, Suite 3200, Los Angeles, CA 90071.

On February 18, 2020, I served a copy of the following document(s) described as **JOINT STATUS CONFERENCE STATEMENT** on the interested party(ies) in this action as follows:

[X] **VIA FILE AND SERVE:** I caused such documents described herein to be uploaded electronically onto the website www.fileandservexpress.com per a mutual agreement between the parties. I uploaded the above entitled document(s) with the understanding that all parties will have access and be able to download said documents

[X] **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 18, 2020, at Los Angeles, California.

*Irma DeLeon*
Irma Deleon