JOSEPH P. MCMONIGLE, Bar No. 66811
KATHLEEN M. EWINS, Bar No. 154365
JOHN B. SULLIVAN, Bar No. 238306
NICOLA M. TILL, Bar No. 320035
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email:    jmcmonigle@longlevit.com
          kewins@longlevit.com
          jsullivan@longlevit.com
          ntill@longlevit.com

Attorneys for Defendants
THE LANDSKRONER LAW FIRM, LTD. d/b/a
LANDSKRONER, GRIECO, MERRIMAN, LLC,
and JACK LANDSKRONER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J LIBMAN, an individual,<br><br>            Defendants. | Case No. 2:19-cv-06661-VAP-JC<br><br>Hon. Virginia A. Phillips<br><br>**DEFENDANTS THE LANDSKRONER LAW FIRM, LTD. d/b/a LANDSKRONER, GRIECO, MERRIMAN, LLC, AND JACK LANDSKRONER'S REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING THE COURT'S INHERENT AUTHORITY TO STAY THIS ACTION**<br><br>Date:      March 16, 2020<br>Time:      2:00 p.m.<br>Courtroom: 8A<br><br>Action Filed:  July 31, 2019 |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

LANDKRONER REPLY TO PLAINTIFF'S
SUPPLEMENTAL BRIEFING
CASE NO. 2:19-cv-06661-VAP-JC

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................5
II. LEGAL ARGUMENT........................................................................................6
  A. A District Court Has The Inherent Authority To Stay A Case .............6
  B. The Colorado River Doctrine Does Not Limit This Court's Discretion To Stay The Case Until Jones Is Resolved..........................7
  C. Bradshaw Has Not Pointed To Any Injury He Will Suffer If A Stay Is Granted .........................................................................................11
  D. Landskroner Will Suffer Hardship If This Motion Is Denied.............12
  E. A Stay Serves The Orderly Course Of Justice ......................................13
III. CONCLUSION.................................................................................................14

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

LANDKRONER REPLY TO PLAINTIFF'S
SUPPLEMENTAL BRIEFING
CASE NO. 2:19-cv-06661-VAP-JC

# TABLE OF AUTHORITIES

Page

**Cases**

*Adams v. Paul*
(1995) 11 Cal.4th 583 ................................................................................................ 6

*Aurionpro Solutions, Inc., v. Saicon Consultants, Inc.*
17-cv-01951-EMC, 2018 WL 4191494 (N.D. Cal. Feb. 6, 2018) ...................... 10

*California Dept. of Water Resources v. Powerex Corp.*
(E.D. Cal. 2009) 653 F.Supp.2d 1057 .................................................... 12, 13, 14

*Chen v. St. Jude Medical*
SACV 17-00143-CJC (JCGx) 2017 WL 8220441 (N.D. Cal. Jun. 5, 2017) ......... 9

*Clinton v. Jones*
(1997) 520 U.S. 681 ................................................................................................ 6

*CMAX, Inc. v. Hall*
(9th Cir. 1962) 300 F.2d 265 ................................................................................ 11

*Colorado River Water Conservation Dist. v. U.S.*
(1976) 424 U.S. 800 ....................................................................................... passim

*Cottrell v. Duke*
(8th Cir. 2013) 737 F.3d 1238 ............................................................................ 5, 8

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*
(9th Cir. 2007) 498 F.3d 1059 ............................................................................... 9

*Klein v. Cook*
5:14-cv-03634-EJD, 2015 WL 2454056 (N.D. Cal. May 22, 2015) ..................... 9

*Landis v. North American Co.*
(1936) 299 U.S. 248 ....................................................................................... passim

*Leyva v. Certified Grocers of California, Ltd.*
(9th Cir. 1979) 593 F.3d 857 .................................................................... 6, 11, 14

*Lockyer v. Mirant Corp.*
(9th Cir. 2005) 398 F.3d. 1098 ......................................................................... 9, 13

*McClatchy v. Coblentz, Patch, Duffy & Bass, LLP*
(2016) 247 Cal.App.4th 368 ................................................................................ 12

*Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*
(1983) 460 U.S. 1 .................................................................................................... 8

*Rego v. American Honda Motor Co.*
CV 12-01193-VAP (OPX), 2012 WL 12953740 (C.D. Cal. Sep. 20, 2012) ........ 9

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 3 -

LANDKRONER REPLY TO PLAINTIFF'S
SUPPLEMENTAL BRIEFING
CASE NO. 2:19-cv-06661-VAP-JC

# TABLE OF AUTHORITIES
## (continued)

Page

*United Specialty Ins. Co. v. Bani Auto Group, Inc.*
  18-cv-01649-BLF, 2018 WL 5291992 (N.D. Cal. Aug. 12, 2019) ........................ 9

*Viner v. Sweet*
  (2003) 30 Cal.4th 1232 ................................................................................ 6

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 4 -

LANDKRONER REPLY TO PLAINTIFF'S
SUPPLEMENTAL BRIEFING
CASE NO. 2:19-cv-06661-VAP-JC

## I. INTRODUCTION

The Court should stay this action to avoid the Landskroner Defendants having to defend against claims brought simultaneously by the same plaintiff in this Court and in *Jones* and to allow *Jones* to resolve so the parties and Court can determine what, if any, harm the *Jones* settlement class has suffered. The First Amended Complaint in this case defines as "All members who were members of the Settlement Class in *Jones v. City of Los Angeles*." The only difference between this class and the class in *Jones* is the class representative and the attorneys representing the class. In *Jones,* Brian Kabatek of Kabatek, LLP is new class counsel. Here, the X-Law Group represents the class.

The Court has the inherent jurisdiction to protect Landskroner and the other defendants from having to simultaneously defend against claims by the *Jones* settlement class in two forums. The law does not confine the Court's ability to stay proceedings to the *Colorado River* doctrine. That doctrine applies only to federal courts abstaining from exercising jurisdiction because of parallel state litigation. It is seldom used because, typically, it ends litigation in the federal forum, with the future state court judgment being res judicata. *Cottrell v. Duke* (8th Cir. 2013) 737 F.3d 1238, 1242. Despite *Colorado River,* federal courts continue to grant *Landis* stays in appropriate circumstances such as this, where the stay is not permanent and will *not* preclude the federal court from *later* exercising jurisdiction.

Bradshaw's focus on telling this Court what is and is not within its jurisdiction speaks volumes about the weakness of his opposition to this motion. He cannot identify any discernable prejudice to himself, or the class he purports to represent. Even if he could, any prejudice the class would suffer as a result of the stay is a consequence of its seeking relief from Landskroner based on the same facts in two different forums at the same time. On the other hand, the potential prejudice to Landskroner and the near certainty that the *Jones* court will, at a minimum, simplify the issues, facts, and law before this Court weigh heavily in

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 5 -

LANDKRONER REPLY TO PLAINTIFF'S
SUPPLEMENTAL BRIEFING
CASE NO. 2:19-cv-06661-VAP-JC

favor of a stay.[1]

## II. LEGAL ARGUMENT

### A. A District Court Has The Inherent Authority To Stay A Case

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter into a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.* (9th Cir. 1979) 593 F.3d 857, 863. "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* A district court's power to stay proceedings is incidental to the inherent power every court has to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.* (1936) 299 U.S. 248, 254; *see also, Clinton v. Jones* (1997) 520 U.S. 681, 706.

Actions against attorneys such as legal malpractice claims are unique and susceptible to stays where the underlying action has not resolved because they require the plaintiff to prove that he or she would have obtained a better result but for the attorney's alleged negligence. *Viner v. Sweet* (2003) 30 Cal.4th 1232, 1241. Because of this rule, California courts have recognized that they may stay malpractice cases pending resolution of underlying litigation. *Adams v. Paul* (1995) 11 Cal.4th 583, 593. In such cases, the court is not abstaining from deciding the legal malpractice case, but instead, simply "holding [the case] in abeyance pending the resolution of underlying litigation." *Id.*

Here, the underlying action – *Jones v. City of Los Angeles* – is not complete. The class members may receive additional relief and the attorney's fees awarded to Landskroner may be reduced or disgorged. Until that action is complete, there is no

---

[1] If other defendants prefer to have their motions to dismiss heard at this time, Landskroner does not object to the Court hearing the motions to dismiss prior to determining whether to stay the action.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 6 -

LANDKRONER REPLY TO CITY OF LOS ANGELES
AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC

way for this Court to assess the class members' damages, if any.

There is nothing unique about this malpractice case that precludes the Court from issuing a stay until the underlying litigation is resolved. If Bradshaw had filed this case in state court instead of federal court, there is no question that it would be stayed pending *Jones*' resolution. The fact that the malpractice case was filed in federal court does not eliminate the problems that arise when a malpractice suit is filed before the underlying action is resolved.

**B.    The *Colorado River* Doctrine Does Not Limit This Court's Discretion To Stay The Case Until *Jones* Is Resolved**

Bradshaw claims that the Court would be circumventing *Colorado River* if it exercised its inherent authority to stay the case. But that is wrong.

The *Colorado River* doctrine is used by courts to determine when a district court may abstain from exercising its jurisdiction. *Colorado River Water Conservation Dist. v. U.S.* (1976) 424 U.S. 800, 813. *Colorado River* involved a disagreement over water rights. The United States, brought suit against some 1,000 nonfederal water users seeking a declaration of the water rights of certain federal entities and Indian tribes. *Id.* at 805. Shortly thereafter, a defendant in that suit sought to join the United States in a state-court proceeding for the comprehensive adjudication of all water rights within the river system that was the subject of the federal-court suit. *Id.* The District Court dismissed the federal case on the ground that the doctrine of abstention required deference to the state court proceedings.

The Supreme Court agreed. It described abstention as the federal court's decision to decline or postpone the exercise of its jurisdiction to adjudicate a controversy properly before it. *Id.* at 813. After recognizing the "virtually unflagging obligation" of the federal courts to exercise the jurisdiction given to them, the Court held that there are exceptional circumstances permitting the "dismissal of a federal suit due to the presence of a concurrent state proceedings" based on "reasons of wise judicial administration." *Id.* at 818. The Court then went

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 7 -

LANDKRONER REPLY TO CITY OF LOS ANGELES
AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC

on to set forth a number of factors that a court should consider. Those factors were later recognized as the *Colorado River* doctrine.

Seven years later, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation* (1983) 460 U.S. 1, the Supreme Court held that the *Colorado River* doctrine precluded the district court from abstaining from deciding whether a contractual arbitration provision should be enforced when the same issue was under consideration by a state court. But still, it recognized the Court's power to stay a case for other reasons. When addressing the fact that the case involved three parties, only two of which were parties to the contractual arbitration provision, the Supreme Court inserted the following footnote:

> In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court (or to the state trial court under applicable state procedural rules) as a matter of its discretion to control its docket. See generally *Landis v. North American Co.*, 299 U.S. 258, 254-255, 57 S.Ct. 163, 165-166, 81 L.Ed 153 (1936).

*Id.* at 21, n. 23. In doing so, it made clear that although the *Colorado River* doctrine precluded the federal court from abstaining from deciding arbitrability, the federal court still could stay the litigation among the non-arbitrating parties.

*Cottrell*, the case relied on by Bradshaw, illustrates this. In *Cotrell,* the Court held that the *Colorado River* doctrine could not be used to stay or dismiss a federal proceeding in favor of a concurrent state proceeding when the federal proceedings includes a claim over which federal courts have exclusive jurisdiction. 737 F.3d at 1248. The Court explained that the district court's inherent power to stay could not be used to circumvent the rule in part because the stay sought in *Cotrell* "effectively dismissed the federal proceeding in favor of a concurrent state dispute."

Several California district courts have continued to recognize the appropriateness of *Landis* stays in situations where a stay will not circumvent a

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 8 -

LANDKRONER REPLY TO CITY OF LOS ANGELES
AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC

federal court from exercising its exclusive jurisdiction. For example, in *Chen v. St. Jude Medical*, SACV 17-00143-CJC (JCGx) 2017 WL 8220441 (N.D. Cal. Jun. 5, 2017), the district court opined:

> Despite the existence of the *more narrow Colorado River* abstention doctrine, the Ninth Circuit *continues to "recognize* the importance of the district court having *the ability to control its own docket*, particularly in this time of scarce judicial resources and crowed dockets" *through a Landis stay. Lockyer v. Mirant Corp.* (9th Cir. 2005) 398 F.3d. 1098, 1112; *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.* (9th Cir. 2007) 498 F.3d 1059, 1063 n.3 (…where the Ninth Circuit rejected the plaintiff's argument that the stay was an example of *Colorado River* abstention and affirming that *Landis* and *Colorado River* are two independent grounds to stay proceedings). (Emphasis added.)

Neither *Chen*, nor the other cases cited by Landskroner in its original reply brief are outliers as Bradshaw suggests. Contrary to his suggestion that *Rego v. American Honda Motor Co.*, CV 12-01193-VAP (OPX), 2012 WL 12953740 (C.D. Cal. Sep. 20, 2012), ought to be confined to the annals of history, California District Courts continue to follow its lead.

For example, in *United Specialty Ins. Co. v. Bani Auto Group, Inc.*, 18-cv-01649-BLF, 2018 WL 5291992 at *1-2 (N.D. Cal. Aug. 12, 2019), the court stayed an insurance coverage dispute between the parties, pending resolution of the underlying wrongful death action in state court (for which Bani had tendered its defense to USIC). Although defendants also requested a stay pursuant to the *Colorado River* doctrine, the court concluded it did not apply. Instead, it exercised its inherent jurisdiction under *Landis*.[2]

---

[2] See also *Klein v. Cook*, 5:14-cv-03634-EJD, 2015 WL 2454056, at *1 (N.D. Cal. May 22, 2015) (In granting a *Landis* stay, the court rejected plaintiff's argument that the *Colorado River* doctrine was the only proper standard to apply); *Aurionpro Solutions, Inc., v. Saicon Consultants, Inc.*, 17-cv-01951-EMC, 2018 WL 4191494

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 9 -

LANDKRONER REPLY TO CITY OF LOS ANGELES AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC

Courts in other jurisdictions also have continued to recognize the *Landis* stay despite *Colorado River*. In *Freed v. Friedman*, 215 F.Supp.3d 642 (N.D. Ill. Oct. 17, 2016), a law firm partner brought an action against his law firm's accountant, alleging the accountant had misstated various aspects of his financial dealings with the partnership. *Id.* at 646. The accountant moved for abstention under the *Colorado River* doctrine based on the law firm partner's earlier filed suits against the partnership and an individual partner in state court. *Id.* Although the court ultimately granted a stay pursuant to the *Colorado River* doctrine, it noted that, even if this had not been warranted, it would have nevertheless exercised its inherent jurisdiction to issue a more limited stay pending resolution of the state court action that had a motion to enforce settlement pending. *Id.* at 658. The court described this position as "common sense," noting that pressing forward with the federal action irrespective of the motion to enforce settlement in state court risked subjecting the defendant to undue hardship by forcing him to defend a suit that *might* have been resolved by a recent settlement. *Id.*

Consistent with *Moses* and subsequent district court decisions, this Court may stay this case – even if the *Colorado River* doctrine does not apply – until the *Jones* settlement class resolves its claims in the state action before the *Jones* settlement class is allowed to litigate claims against Landskroner here. Allowing *Jones* to proceed through resolution will not deprive this Court of its jurisdiction to resolve this case. Instead, it will avoid a result where this Court is forced to resolve this action before the case is ripe. Until the underlying case is resolved, any claim for damages is speculative as it is not clear if the *Jones* class members will receive additional payments.

---

(N.D. Cal. Feb. 6, 2018) (Although defendant argued a stay was appropriate under both *Landis* and/or *Colorado River*, the court analyzed and granted the motion on the former basis.)

### C. Bradshaw Has Not Pointed To Any Injury He Will Suffer If A Stay Is Granted

Bradshaw argues that he will be harmed because the stay will likely be indefinite. But in the absence of concrete harm, the fact a stay *may* be lengthy or indefinite is not persuasive. To the contrary, the length of a likely stay, and whether the length is reasonable, is assessed in *relation* to the *urgency* of the claims presented to the courts. *Leyva*, 593 F.2d at 864.

Here, there is no urgent need to address Bradshaw's claims in this Court as the *Jones* settlement class currently is prosecuting similar claims in the state court and Landskroner is not requesting a permanent stay. If the *Jones* settlement class believes that prosecuting these claims in this Court is so urgent, it should instruct Kabatek, its counsel in the state action, to cease its efforts to recover more money from LADWP or Landskroner's attorney's fees in the state action.

Moreover, the Jones settlement class is not injured by this action being stayed. Bradshaw, and the other settlement class members, are currently in a net positive position. They are not out-of-pocket (having incurred no legal fees) and have retained the settlement payment they received from the *Jones* settlement, which was a 100% refund or credit of any overpayments made to LADWP.

Bradshaw's claim that a stay *could* result in evidence preservation issues is pure conjecture. Even if it *were* a risk, the Ninth Circuit has dismissed similar arguments, reasoning that if a stay creates discovery problems, "an application could be made in the district court to permit further discovery proceedings" during the stay's duration. *CMAX, Inc. v. Hall* (9th Cir. 1962) 300 F.2d 265, 268.

Moreover, Bradshaw's claim that a stay *may* create statute of limitations issues for the parties is untethered from reality. Bradshaw has sued almost every conceivable party involved in the *Jones* settlement. To the extent he genuinely believes discovery could result in additional Defendants coming to light, he is free to amend his pleadings to set forth causes of actions against unknown Doe

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 11 -

LANDKRONER REPLY TO CITY OF LOS ANGELES
AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC

defendants to ensure the statute of limitations stops running[3].

Finally, any prejudice that the *Jones* class members suffer is caused by their own litigation tactics of pursuing this action at the same time they continue to seek relief in *Jones*.

### D. Landskroner Will Suffer Hardship If This Motion Is Denied

Bradshaw's narrow focus on overlapping discovery being the *only* hardship defendants will endure here ignores Landskroner's broader argument. That argument is that absent a stay, Landskroner will be forced to litigate *overlapping issues* in different forums, brought by the same plaintiff even though the ultimate outcome in *Jones* may result in this action being dismissed or greatly reduce the amount of recoverable damages. For example, if the LADWP were to pay more in the state court action, or the state court were to reduce Landskroner's fee award, that would affect the recoverable damages in this case.

In such circumstances courts have recognized that a duplication of efforts *can* amount to an undue burden on a party. *California Dept. of Water Resources v. Powerex Corp.* (E.D. Cal. 2009) 653 F.Supp.2d 1057, 1065. In *California Dept. of Water*, Powerex, an electricity provider in California, sought a stay on the basis that the California Attorney General had initiated separate proceedings before the Federal Energy Regulatory Commission. The investigation before the Commission and the pending federal action were both premised on the same underlying allegations – that Powerex manipulated the California Energy market, precipitating the California energy crisis of 2001. *Id.* at 1058-1059.

In granting the motion to stay, the Court held that the duplication of efforts that would arise if Powerex was forced to simultaneously defend itself against

---

[3] See *Butler v. National Community Renaissance of California* (9th Cir. 2014) 766 F.3d 1191, 1199-1200 (holding if state law affords a more forgiving principle of relation back than FED.R.CIV.P. 15(c)(1), it should be available to save a claim; *McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 371 (C.C.P. § 474 permits parties to designate a defendant with a fictitious name and amending once their identify is discovered.)

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 12 -

LANDKRONER REPLY TO CITY OF LOS ANGELES
AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC

substantially similar allegations in both forums weighed in favor of granting a *Landis* stay:

> [When] the facts material to each examination may in large part be the same[,],[w]e are then confronted with the prospect of two tremendously complex proceedings simultaneously assembling the same factual data in painstaking detail for the purpose of considering these facts from two different points of view. The situation is one which cried out for the elimination of wasteful duplication…*The burden of duplication of effort is not, of course, borne by the courts alone. It is borne as well by the litigants* and their counsel. *Id.* (Emphasis added.)

Here, the hardship to Landskroner in being forced to litigate two separate but interrelated proceedings is clear. Like *Powerex*, if this action is not stayed pending resolution of *Jones*, Landskroner will be forced to defend himself against interrelated allegations based on the same underlying facts, which will almost certainly result in a wasteful duplication of effort on his part. Given the outcome in *Jones* may narrow many of the issues before this court, or even render some moot, pressing forward with this action prior to the resolution of *Jones* would be a tremendously inefficient use of this court's resources.

### E. A Stay Serves The Orderly Course Of Justice

Bradshaw analyzes this factor purely through the lens of issue preclusion. But this factor is broader than Bradshaw suggests. In actuality, the orderly course of justice is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d at 1110.

Again *California Department of Water* is instructive in assessing this factor. There, the court accepted Powerex's argument that a *Landis* stay would serve the orderly course of justice because there was a high likelihood that the FERC proceedings would grant "make whole" monetary relief and, even if the FERC denied relief, the scope of transactions and issues for the Court to address would be "radically narrowed, if not eliminated entirely." *California Dept. of Water*

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 13 -

LANDKRONER REPLY TO CITY OF LOS ANGELES
AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC

*Resources*, 653 F.Supp.2d at 1066.

Here, like *California Dept. of Water Resources*, the ongoing investigation in *Jones* may increase the recovery to the *Jones* settlement class and eliminate or narrow issues before this Court. Further, the findings of Special Counsel Kabateck and Special Master Robbins may crystalize the questions in the FAC and allow any judicial decisions in this case to be made on a more distilled record. *California Dept. of Water Resources*, 653 F.Supp.2d at 1066. At the very least, Kabateck's investigation will provide a means of developing comprehensive evidence bearing upon the methodologies and assumptions the LADWP used to identify refunds/credits to the class, and wider questions concerning any alleged unethical conduct of the parties and/or whether the *Jones* class, Bradshaw included, have received fair, adequate, and reasonable compensation under all the circumstances. *Id*; *see also Leyva*, 593 F.2d at 863 (even if the court is not bound by the concurrent proceeding's conclusions, findings, and testimony produced may be of valuable assistance.)

## III. CONCLUSION

For the foregoing reasons set out in this reply and Landskroner's moving papers, Landskroner respectfully requests that the Court stay this action.

Dated: February 25, 2020.

Respectfully submitted,

LONG & LEVIT LLP

By: */s/ Kathleen M. Ewins*
    KATHLEEN M. EWINS
    Attorney For Defendants
    THE LANDSKRONER LAW FIRM, LTD. D/B/A LANDSKRONER, GRIECO, MERRIMAN, LLC, AND JACK LANDSKRONER

4840-8166-5462, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 14 -

LANDKRONER REPLY TO CITY OF LOS ANGELES
AND FEUER'S RESPONSE TO MOTIONS TO STAY
CASE NO. 2:19-cv-06661-VAP-JC