Filippo Marchino, Esq. (SBN 256011)
FM@XLAWX.com
Damon Rogers, Esq. (SBN 263853)
DR@XLAWX.com
Thomas E. Gray, Esq. (SBN 299898)
TG@XLAWX.com
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370

Attorneys for Plaintiff Dennis Bradshaw

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual; KIESEL LAW LLP, a California limited liability partnership; PAUL KIESEL, an individual; PARADIS LAW GROUP PLLC, a New York Professional Service Limited Liability Company; PAUL PARADIS, an individual,<br><br>        Defendants. | Case No. 2:19-cv-06661-VAP (JCx)<br><br>**AMENDED JOINT RULE 26(f) REPORT**<br><br>Judge: Virginia A. Phillips<br>Courtroom: 8A<br><br>Trial Date: None Set |

Plaintiff Dennis Bradshaw ("Plaintiff") and Defendants City of Los Angeles (the "City"), Michael N. Feuer ("Mr. Feuer"), James Clark ("Mr. Clark"), Thomas Peters ("Mr. Feuer") (collectively, the City, Mr. Feuer, Mr. Clark and Mr. Peters are referred to as the "City Defendants"), The Landskroner Law Firm, Ltd. dba Landskroner Grieco Merriman, LLC, Jack Landskroner (collectively the "Landskroner Defendants"), Law Offices of Michael J. Libman APC, Michael J. Libman (collectively the "Libman Defendants"), Kiesel Law LLP, Paul Kiesel (collectively the "Kiesel Defendants"), Paradis Law Group PLLC, and Paul Paradis (collectively, the "Paradis Defendants") (collectively the City Defendants, the Landskroner Defendants, the Libman Defendants, the Kiesel Defendants and the Paradis Defendants are referred to as "Defendants") (Plaintiff and Defendants, collectively, are "the Parties") hereby submit their Amended Joint 26(f) report.

**I.     THE PARTIES' SCHEDULING PROPOSAL**

The Parties have put forth their proposed schedules, below and in Exhibit A attached hereto. The schedule proposed conforms to the Court's directive to the parties at the initial Status Conference that the proposed schedule must set a trial date of November or December 2020.

**II.    REPORT PER FED. R. CIV. P. 26(f)**

    **A. <u>Changes made in the timing, form, or requirement for disclosures under FRCP 26(a).</u>**

The Parties agree to exchange initial disclosures on February 21, 2020, anticipating that there will be rulings on the pending Motions to Dismiss before that date.

    **B. <u>Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.</u>**

The Parties' proposal regarding discovery cut-off dates are contained in Exhibit A.

**Plaintiff's Position**

Plaintiff does not believe discovery should be conducted in phases or limited or focused on particular issues as suggested by the Kiesel Defendants, the Landskroner Defendants, and the Libman Defendants. Plaintiff opposes bifurcation into class certification and merits phases for the following reasons:

- First, in light of the Court's prior indication that trial should commence in November or December of 2020, there is not sufficient time to engage in bifurcated discovery;
- Second, merits discovery may reveal additional parties who need to be named as defendants;
- Third, it will be difficult to cleanly determine which issues are relevant for class certification versus the merits of the case given the fact that any defendant may argue under Rule 23(b)(3) that individual questions predominate over common questions. Therefore, bifurcation is likely to lead to discovery disputes over whether a particular topic is relevant to the merits or class certification;
- Fourth, ordinarily a witness may only be deposed once under Rule 30(a)(2)(A)(ii). If discovery is bifurcated, the parties will either have to opt between deposing a witness for the purpose of class certification or merits discovery, depose witnesses twice, something that will require leave of the court, or agree to an exception to bifurcation for depositions. If the latter is the case, the depositions may not be very productive for merits purposes if the parties have not been able to propound written discovery first.

Plaintiff anticipates discovery on at least the following subjects:

- (1) communications between Defendants, Paul Kiesel, and Paul Paradis regarding the decision to have Defendants Michael Libman and Jack Landskroner and their law firms file a class action lawsuit on behalf of Los

Angeles Department of Water and Power customers against the City of Los Angeles;

- (2) the identities of all individuals who were involved in the creation of or review of the draft "Jones v. PwC" complaint,

- (3) the awareness of and ratification by Defendants City of Los Angeles, Michael Feuer, James Clark, and Thomas Peters of the decision by Paul Kiesel and Paul Paradis to recruit a LADWP ratepayer and an outside law firm to bring a class action lawsuit against the City of Los Angeles,

- (4) communications between Paul Kiesel, Paul Paradis, Defendants City of Los Angeles, Michael Feuer, James Clark, and Thomas Peters on the one hand, and Michael Libman and Jack Landskroner and their law firms on the other hand both before the Jones lawsuit was filed and while it was pending,

- (5) misrepresentations and/or omissions by Defendants to Judge Berle and the Jones class members,

- (6) identification of class members,

- (7) various internal documents from Defendants establishing and substantiating Plaintiff's claims in this lawsuit, and

- (8) damages and restitution, including but not limited to the difference between the settlement proceeds each class member in Jones received and the actual amount each class member was incorrectly billed.

**The City Defendants' Position**

Given the limited amount of time between the hearings on the motions to dismiss and the trial date of November or December 2020, the City Defendants do not request a separate Discovery Deadline for Class Certification. However, if the Court moves the trial date to a later date, the City Defendants believe it is appropriate to bifurcate discovery focused on class certification from merits discovery, with an earlier deadline governing class certification discovery.

The City Defendants anticipate they will conduct discovery on at least the following subjects: Plaintiff's retention of the X-Law Group and any fee-sharing agreements, the alleged damages, Plaintiff's reliance on class notice or other documents, Plaintiff's contentions with respect to the RICO and 42 U.S.C. section 1983 claims against the City Defendants, Plaintiff's acceptance of the settlement in the underlying state court litigation, Plaintiff's and the purported class's alleged harm and damages. The City Defendants also may need discovery from co-defendants and/or third parties to respond to issues that Plaintiff may raise.

### Paul Paradis's Position

The Paradis Law Group, PLLC and Paul Paradis (collectively, the "Paradis Defendants") have filed a Motion to Dismiss all of the causes of action asserted against the Paradis Defendants in the First Amended Complaint based on several jurisdictional arguments. If any portion of those claims survives the Motion to Dismiss against the Paradis Defendants, the Paradis Defendants anticipate filing a motion to stay this action pending resolution of the underlying *Jones v. City of Los Angeles* case, Los Angeles Superior Court Case No. BC 577267.

In addition, the Paradis Defendants agree to and propose that the Court stay discovery (including initial disclosures) until all of the motions to dismiss are decided. A stay of discovery will promote judicial economy by (1) focusing discovery and class certification on the relevant claims, parties and issues, (2) avoiding unnecessary motion practice that will come from beginning discovery and preparing for class certification when the pleadings are unsettled, and (3) not having to repeatedly amend the case schedule.

The Paradis Defendants further contend that a stay is appropriate particularly when, as here, they have raised threshold issues involving the lack of this Court's jurisdiction over all of the matters asserted in the First Amended Complaint.

The Paradis Defendants agree with Plaintiff that discovery in this matter should not be bifurcated and that all merits and class certification related discovery should commence promptly after the Court has decided all of the motions to dismiss should any

claims remain.

In addition to the discovery subjects identified by Plaintiff and the other Defendants herein, the Paradis Defendants anticipate discovery will also be needed on the following subjects:

1. Plaintiff's relationship with X-Law Group;

2. prior contemplated or actual law suits involving Plaintiff and Plaintiff's counsel, Filippo Marciano, including but not limited to *Bradshaw v. Ashley Madison*;

3. relationships between Plaintiff or X-Law Group, on one hand, and any party or counsel that appeared in the Jones Action or in any of the Related Actions, on the other hand;

4. Plaintiff's purported status as a California resident;

5. Plaintiff's financial ability to pay attorneys' fees associated with this litigation;

6. non-privileged statements made by Plaintiff concerning this litigation; and

7. X-Law Group's adequacy as putative class counsel.

**Michael Libman's Position**

The Libman Defendants believe that bifurcation of class certification is appropriate. The Libman Defendants suggest that the Court set a Class Certification Discovery Cut Off before class certification is briefed, and that "the parties engage only in discovery related to issues of class certification" before the cut off. *A.A. v. Cty. of Riverside*, No. 14:cv-2556-VAP (SPx), 2016 WL 10576640, at *2 (C.D. Cal. Mar. 14, 2016) ("limiting discovery at this time to discovery having some bearing on class certification"); see also *Munro v. Univ. of S. Cal.*, No. 16-cv-6191-VAP (C.D. Cal. May 11, 2018) (explaining that "discovery has been bifurcated into a class certification phase and a merits phase").

In addition to the discovery subjects identified by Plaintiff and the other Defendants herein, the Libman Defendants anticipate discovery will also be needed on the following subjects: The appropriateness of Plaintiff as a class representative, commonality, Plaintiff's and the purported class's alleged damages, class members'

communications with the Libman Defendants and other counsel, class members' decisions to opt into the settlement class, allegations of causation, and contentions regarding materiality.

### Landskroner Defendants' Position

The Landskroner Defendants believe that bifurcation of class certification is appropriate in this action, but given the time constraints should the Court provide the parties a December 2020 trial date, concedes bifurcation is likely not feasible.

In addition to discovery subjects identified by Plaintiff and other defendants, the Landskroner Defendants anticipate they will require discovery regarding class member communications with the Landskroner Defendants and other counsel, class member decisions to opt into the settlement class and the issues of duty, breach, causation and damages.  The causation and damages issues to be discovered include whether the *Jones* class would have been certified but for the settlement, and whether there was a better settlement deal available to the *Jones* class.  In other words, information pertinent to the case-within-the-case.  *Viner v. Sweet*, 30 Cal.4th 1232 (2003).

### The Kiesel Defendants' Position

The Kiesel Defendants suggest that the Court set a class certification discovery cut off before class certification is briefed and, during that phase, the parties engage only in discovery pertaining to issues of class certification.  In addition to the discovery subjects described by the other defendants, *supra*, the Kiesel Defendants anticipate conducting discovery of what evidence, if any, Bradshaw has to support his allegations specific to the Kiesel Defendants (*e.g.*, evidence of any communications between the Kiesel Defendants and Bradshaw, evidence of Bradshaw relying on any statements made by the Kiesel Defendants, etc.).

**C. Issues about disclosure, discovery, or preservation of electronically stored information**

The Parties do not currently anticipate any issues relative to the disclosures or discovery of electronically stored information.

### D. Issues about claims of privilege or of protection as trial-preparation materials

The Parties will prepare and file a stipulation for a protective order and a proposed protective order that will include a "claw back" provision under Federal Rule of Evidence 502 for any inadvertent production of privileged material.

The Parties anticipate, based upon the former attorney-client relationships of the parties and the positions taken in the *Jones v. LADWP* action pending in the Los Angeles Superior Court and the claims asserted by the Paradis Defendants below, that there will be issues regarding whether documents and information are protected by the attorney-client privilege, work-product privilege, and mediation privilege. In addition, the Parties anticipate that there may be discovery issues arising from Messrs. Landskroner and Paradis invocation of the Fifth Amendment.

### Paul Paradis's Additional Issues

In addition to the above, the Paradis Defendants anticipate that issues involving the production of emails authored by, and sent to: (i) Los Angeles Chief Deputy City Attorney, James P. Clark ("Clark"), and (ii) the President of the Board of Commissioners of the Los Angeles Department of Water and Power, Meldon E. Levine ("Levine"), concerning the Jones Action will necessitate discovery of non-party witness Gibson Dunn & Crutcher, LLP ("Gibson Dunn") and may require motion practice to compel production of these documents.

In the initial Joint Rule 26(f) Report filed with the Court on October 15, 2019, defendant City of Los Angeles made clear that the City intends to oppose production of "documents and information that are protected by privileges including the attorney-client privilege, work-product privilege and mediation privilege" that are otherwise relevant to the claims asserted in this Action.

The Paradis Defendants believe that discovery of non-party witness Gibson Dunn will be necessary because Chief Deputy City Attorney Clark, who is a retired Gibson Dunn Partner, and LADWP Board President Levine, who is currently employed as "Of

Counsel" by Gibson Dunn, both utilized their respective Gibson Dunn email addresses (JClark@retiredpartner.gibsondunn.com) and (MLevine@gibsondunn.com) to conduct official business on behalf of the Los Angeles City Attorney's office and Los Angeles Department of Water and Power since at least as early as 2014 and at all times relevant hereto. By doing so, Messrs. Clark and Levine caused the official communications that they authored and received as senior ranking City officials concerning the Jones matter, LADWP business matters and a vast array of other litigation matters handled by the Los Angeles City Attorney's Office, to originate from and/or be stored on Gibson Dunn's email servers – rather than the email servers owned and operated by the City (which were purportedly secured by City IT and cyber security personnel). The Paradis Defendants contend that by communicating through the Gibson Dunn server, any applicable privilege with respect to those particular communications was waived.

**The City Defendants' Position With Respect to The Paradis's Defendants Statements**

To the extent that the Paradis Defendants make accusations against City officials, or Messrs. Clark or Levine, the City Defendants disagree with those contentions. However, the City Defendants do not believe it is appropriate to address such allegations in this Report or at this time.

**E. Changes in the limitations on discovery imposed under these rules or by local rules**

**Plaintiff's Position**

Plaintiff believes the ten (10) deposition limit set by Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure should be expanded to 20 depositions in light of the complexities of this case, the issues presented, and the number of defendants.

**The Defendants' Position**

The Defendants do not believe any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules. Defendants do not stipulate to Plaintiff exceeding the ten-deposition limit that Federal

Rule of Civil Procedure 30(a)(2) imposes. No increase is warranted because Plaintiff has failed to make the "particularized showing" required to support a deviation from the presumptive limit. *See, e.g.*, *Aerojet Rocketydyne, Inc. v. Global Aerospace, Inc.*, No. 2:17-cv-1515-KJM-AC, 2019 WL 1437767, at *2 (E.D. Cal. Apr. 1, 2019) ("A party seeking leave of court to exceed 10 depositions must make a 'particularized showing' why the discovery is necessary under Rule 26.").

### F. Other orders that the court should issue under FRCP 26(c), 16(b) and (c).
**Plaintiff's Position**

As noted above, the Parties will prepare and file a stipulation for a protective order and a proposed protective order that will include a "claw back" provision under Federal Rule of Evidence 502 for any inadvertent production of privileged material.

## III. REPORT PER CENTRAL DISTRICT LOCAL RULE 26-1

Pursuant to Local Rule 26-1, counsel for the Parties discussed the following additional matters:

### A. Complex Cases

Notwithstanding the complexity of the case, the parties do not believe, at this time, that use of the Manual for Complex Litigation is necessary.

### B. Contemplated Dispositive Or Partially Dispositive Motions

The Parties anticipate that Plaintiff will file a motion for class certification and that Defendants and/or Plaintiff will file motions for summary judgment or adjudication and have set forth their respective proposed schedules for those motions.

### C. ADR

With the exception of the Paradis Defendants, the Parties have agreed to a private dispute resolution proceeding to be completed by September 14, 2020.

**Paul Paradis's Position**

The Paradis Defendants are willing to participate in alternative dispute resolution before the Magistrate assigned to this Action and are willing to do so along with defendants Paul Kiesel and Kiesel Law LLP (the "Kiesel Defendants"). The Paradis

Defendants respectfully propose that the alternative dispute resolution session(s) be scheduled as soon as the Magistrate is available to conduct such session(s) so that the alternative dispute resolution process as to the Paradis and Kiesel Defendants may be concluded by no later than March 27, 2020.

### D. Preliminary Estimation of Trial Length

All Parties, except for the Paradis and Kiesel Defendants estimate a 15-20 court day jury trial. The Paradis and Kiesel Defendants estimate that the jury trial in this matter will take 14 court days.

### E. Additional Parties

The proposed deadlines for adding additional parties are set forth in Exhibit A.

**Plaintiff's Position**

Plaintiff anticipates that additional parties may be added, depending on the results of early discovery. Further Plaintiff reserves the right to add and/or substitute class representative(s) pursuant to the FRCP and relevant case law applicable to adding and/or substituting class representative(s).

**Paul Paradis's Position**

Based on knowledge of certain facts, the Paradis Defendants anticipate that additional cross-claim defendants may be named if the motions to dismiss are not successful. At this stage of the litigation and pending the outcome of the motions to dismiss, potential cross claim defendants to be named will likely include, but will not necessarily be limited to, officials in the City Attorney's Office, the DWP, the Mayor's Office, and outside counsel for the City in the Jones Action.

**The City Defendants' Position**

The cross-complaints suggested by the Paradis Defendants against City officials or its outside counsel, should they be filed, would be meritless. The City Defendants, however, do not believe that it is appropriate to address the potential cross-complaints in this Report or at this time.

F. **Expert Witnesses**

The Parties' proposed deadlines regarding expert witness disclosures, reports and discovery are set forth in Exhibit A.

Pursuant to Local Rule 5-4.3.4(2)(i), the filer attests that all signatories listed, and on whose behalf the fling is submitted, concurs in the filing's content and have authorized the filing.

DATED: January 27, 2020    **THE X-LAW GROUP, P.C.**

By: /s/ Filippo Marchino
FILIPPO MARCHINO
Attorneys for Plaintiff

DATED: January 27, 2020    **BROWNE GEORGE ROSS LLP**

By: /s/ Kim Zeldin
ERIC M. GEORGE
MARIBETH ANNAGUEY
KIM S. ZELDIN
Attorneys for Defendants City of Los Angeles and Michael N. Feuer

DATED: January 27, 2020    **SQUIRE PATTON BOGGS**

By: /s/ Adam Fox
ADAM R. FOX
MARISOL C. MORK
Attorneys for Defendant James Clark

DATED: January 27, 2020            **ROBIE & MATTHAI**

By: /s/ John Fitzgibbons
   EDITH R. MATTHAI
   T. JOHN FITZGIBBONS
      Attorneys for Defendant Thomas Peters

DATED: January 27, 2020            **LONG & LEVIT LLP**

By: /s/ John Sullivan
   JOSEPH P. MCMONIGLE
   KATHLEEN M. EWINS
   JOHN B. SULLIVAN
      Attorneys for Defendants Jack Landskroner and The Landskroner Grieco Merriman, LLC

DATED: January 27, 2020            **ROGERS JOSEPH O'DONNELL**

By: /s/ John Heller
   MERRI BALDWIN
   JOHN HELLER
      Attorneys for Defendants Michael J. Libman and Law Offices of Michael J. Libman

//

| | | |
|---|---|---|
| 1 | DATED: January 27, 2020 | **NEMECEK & COLE** |
| 2 | | |
| 3 | | |
| 4 | | By:  /s/ Vikram Sohal  |
| 5 | | JONATHAN B. COLE<br>VIKRAM SOHAL |
| 6 | | Attorneys for Defendants Paul Kiesel and Kiesel Law LLP |
| 7 | | |
| 8 | DATED: January 27, 2020 | **SCHEPER KIM & HARRIS LLP** |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | By:  /s/ Jeffrey Steinfeld  |
| 13 | | DAVID C. SCHEPER<br>ANGELA M. MACHALA |
| 14 | | JEFFREY L. STEINFELD |
| 15 | | Attorneys for Defendants Paradis Law Group PLLC and Paul Paradis |