Filippo Marchino, Esq. (SBN 256011)
FM@XLAWX.com
Damon Rogers, Esq. (SBN 263853)
DR@XLAWX.com
Thomas E. Gray, Esq. (SBN 299898)
TG@XLAWX.com
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370

Attorneys for Plaintiff Dennis Bradshaw

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual; KIESEL LAW LLP, a California limited liability partnership; PAUL KIESEL, an individual; PARADIS LAW GROUP PLLC, a New York Professional Service Limited Liability Company; PAUL PARADIS, an individual, | Case No. 2:19-cv-06661-VAP (JCx)<br><br>**JOINT STATUS REPORT**<br><br>Judge: Virginia A. Phillips<br>Courtroom: 8A<br><br>Date:   March 16, 2020<br>Time:   2:00 p.m.<br><br>Trial Date: None Set |

Defendants.

Plaintiff Dennis Bradshaw ("Plaintiff") and Defendants City of Los Angeles (the "City"), Michael N. Feuer ("Mr. Feuer"), James Clark ("Mr. Clark"), Thomas Peters ("Mr. Peters") (collectively, the City, Mr. Feuer, Mr. Clark and Mr. Peters are referred to as the "City Defendants"), The Landskroner Law Firm, Ltd. dba Landskroner Grieco Merriman, LLC, Jack Landskroner, Law Offices of Michael J. Libman APC, Michael J. Libman, Kiesel Law LLP, Paul Kiesel, Paradis Law Group PLLC, and Paul Paradis (collectively, "Defendants") (Plaintiff and Defendants, collectively, are "the Parties") hereby submit this Joint Status Report pursuant to the Court's order entered on January 28, 2020 (the "Order") (Dkt. 123).

As required by the Order, the following eight items summarize the recent developments in the Los Angeles Superior Court (the "State Court") action entitled *Jones v. City of Los Angeles*, Case No. BC577267 ("*Jones*"), and new information related to that action that is relevant to this Court's potential imposition of a stay.

### 1. Class Counsel's Review Of The Settlement And Its Implementation.

Class Counsel Kabateck LLP ("Kabateck") is investigating the *Jones* Settlement's fairness and is also overseeing the implementation of the Settlement terms.[1] In October 2019, Class Counsel engaged Concentric Energy Advisors to review and analyze available data, as well as to verify the methodologies for identifying class members, calculating refunds/credits, and the project management performed by the Court Monitor Paul Bender. The City advises that, on January 6, 2020, the City began providing the Concentric team with its response to Concentric's data requests. The Concentric team participated in onsite visits to the LADWP in January 2020, has had

---

[1] The *Jones* class action settlement was granted final approval on July 20, 2017. The State Court appointed Kabateck LLP as class counsel on or about April 7, 2019 and charged Kabateck with protecting the class and its rights, evaluating whether the *Jones* Settlement was fair, reasonable and adequate and seeking appropriate relief on behalf of the class.

weekly calls with counsel for the City and Class Counsel, and has been reviewing and requesting additional data from the City.[2]

The City represents that it has engaged in multiple days of mediation regarding the settlement, including the *Jones* Settlement Class' requests for additional compensation from the City.

Class Counsel filed reports to the State Court at the 90-Day and 210-Day marks in their appointment. Class Counsel has not indicated when it will complete its investigation and the State Court has not provided a date certain by which Class Counsel's investigation must be completed. Class Counsel represented to the State Court that it will file its next report on April 17, 2020.

## 2. **Stipulation Regarding Extension of Five Year Rule**.

On February 18, 2020, Plaintiff Jones, individually and on behalf of the class and the City stipulated and agreed to extend the time to bring the *Jones* action to trial from April 1, 2020 to April 1, 2021, pursuant to Code of Civil Procedure section 583.330(a). The stipulation states that the purpose of the extension was to provide sufficient time for Class Counsel to evaluate the fairness of the *Jones* Settlement and to complete implementation of the Settlement. The stipulation provides that the April 1, 2021 deadline will be revisited at a later date to determine if an additional extension would benefit LADWP ratepayers/class members. The stipulation is attached hereto as **Exhibit A**.

## 3. **Rule 17 Refunds and Credits**

The Settlement Agreement provided, among other things, that the Board of Commissioners of the LADWP would amend Rule 17 of the Rules Governing Water and Electric Service ("Rule 17") to limit the amount of time that the LADWP could "back-bill." The phrase "back-bill" was defined as "the submission of a bill by the

---

[2] To the extent any representations are contained in a joint status report filed by the City and Class Counsel in the State Court, the other parties cannot verify the accuracy of the representations in the Joint Status Reports.

LADWP to an account holder that includes more than one billing cycle where the prior billing statements had not previously been billed to the account holder" (back-billing specifically did not include the issuance of a cancel-rebill – or a bill issued that reconciles a customer's charges from prior bills).  The Settlement Agreement provided, among other things, that all residential and commercial customers that had been back-billed at any time from September 11, 2015 through November 18, 2017 would be credited for any amounts billed in excess of 3 billing cycles for those customers billed bi-monthly, or 6 billing cycles for those customers billed monthly.

On July 15, 2019, the City began applying Rule 17 credits pursuant to the *Jones* Settlement Agreement.  The pre-determined amount of Rule 17 credits/refunds (i.e., before accounts are adjusted for prior credits and/or other exceptions) by the LADWP is $39,250,671.6 in Rule 17 credits and refunds (composed of automation and manual review).  According to the City, as of February 20, 2020, approximately $38.5 million has been credited to customers.  The remaining balance is under further review and investigation by the LADWP, Independent Court Monitor, Paul Bender, and his assistant Siva Thoppe.

**4.     Status Of Work Completed by Independent Court Monitor Paul Bender**.

Pursuant to the Settlement Agreement, Paul Bender, who was retained to act as the Independent CC&B system monitoring expert, is to "verify data; establish that the mechanism for identifying affected accounts is accurate and reliable; independently evaluate the criteria used to process the claims; and monitor the CC&B remediation efforts and corrective actions undertaken by the LADWP and its independent CC&B consultants during the Remediation Period . . . ."

Mr. Bender is required to file updates with the *Jones* court each quarter.  He filed his most recent quarterly report to the Court on February 24, 2020.  In the most recent filing, Mr. Bender reported, among other things, that LADWP completed its review of

the 128 accounts for whom there were possible Rule 17 violations within the terms of the Revised Settlement Agreement, found eight accounts that fell within the exceptions, and is discussing with Class Counsel the process to reverse the credits to those eight accounts. He also reported the LADWP completed its review of additional potential Rule 17 violations since the January 2019 cut-off, and that he is in the process of reviewing their determinations. Mr. Bender states that he will continue to monitor the Rule 17 credit and refund processes. Mr. Bender further reported that no new cases have been received by the Special Master responsible for reviewing and adjudicating claims for which class members disagreed with LADWP's determination, leaving 54 cases currently under review.

The report does not provide a deadline by which Mr. Bender's work will be completed and the State Court has not set a deadline. Based on Mr. Bender's quarterly obligation, his next report should be filed in May 2020.

### 5. Special Master/Auditor Edward Robbins:

The State Court appointed Special Master/Auditor Edward Robbins to investigate and audit financial matters and potential conflicts in *Jones*. According to the City, it has been providing documents to the Special Master/Auditor at his request. On November 14, 2019, the Special Master filed the Special Master's First Interim Report of Investigation (150 Days Post-Appointment) detailing his investigative findings and anticipated next steps. On February 13, 2020, the Special Master requested additional time to file his second report. He noted that the order appointing him required him to "proceed with all reasonable diligence and keep the Court apprised of progress and anticipated timeline towards completion of the duties and responsibilities of the appointment." The Order requires the Special Master to file with the Court an interim report within 90 days and periodic reports thereafter until the assignment is completed." The Special Master indicated that he is delaying providing a financial review at this

time. The Special Master has indicated that he plans on filing his next report on April 14, 2020.

No deadline has been set by the State Court for completion of Mr. Robbins' work nor has Mr. Robbins provided such a date to the State Court.

### 6. Audit Reports

Pursuant to the Settlement Agreement, KPMG was retained as the independent auditor to perform an audit of the newly updated CC&B billing system. The City represents that in December 2019, KPMG completed its performance audit of the Los Angeles Department of Water and Power ("LADWP") CC&B System. LADWP management's timeline to implement the majority of KPMG's recommendations range from June 2020 and May 31, 2021. The City represents that the second audit that will be performed pursuant to the Settlement Agreement is currently scheduled to begin, at the earliest, in September 2020.

### 7. Landskroner's Motion To be Relieved As Counsel.

Landskroner Grieco Merriman, LLC's Motion to Be Relieved as Class Counsel is currently scheduled to be heard by the State Court on May 11, 2020.

### 8. The City and Plaintiff's Motion To Disgorge Attorneys' Fees.

On September 26, 2019, the City and Jones, on behalf of himself and the Class, filed a Joint Application for an order to Show Cause re Issuance of a Preliminary Injunction Requiring Disgorgement of Attorneys' Fees ("Joint Application") to preserve approximately $11,755,000 in attorneys' fees paid to the law firm of Landskroner Grieco Merriman, LLC ("LGM"), the partners of LGM – Jack Landskroner, Paul Grieco, and Tom Merriman – the Law Offices of Michael J. Libman, and Michael J. Libman individually. On December 2, 2019, the State Court granted the Joint Application, issuing an order to show cause for the issuance of a preliminary injunction. The Court set the OSC for hearing on February 25, 2020.

In the interim, the City and Class Counsel reported, in a stipulation, to the State Court that the United States Attorney's Office ("USAO") advised Plaintiff Jones and the City that the briefing on the OSC may result in the disclosure of sensitive, non-public information that may be harmful to its investigation and requested that the City and Plaintiff Jones agree to stay the February 25, 2020 hearing.  The City and Plaintiff Jones reported to the State Court that, they wished to proceed cooperatively with the USAO in this matter for the benefit of the ratepayers and to avoid any action that may jeopardize the USAO's investigation, and they jointly requested that the State Court stay further proceedings on the OSC, filing a stipulation and proposed order.  **Exhibit B**.  The Court did not sign the submitted proposed order.  Instead, the City and Plaintiff were informed that the Court required that all parties to the OSC proceeding stipulate to vacating the OSC hearing in order for it to be taken off-calendar.

Subsequently, Jones, the City, Landskroner and Libman entered into a stipulation requesting that the State Court "STAY further proceedings on the OSC at this time, and VACATE the February 25, 2020 OSC hearing, without prejudice to the City and/or Plaintiff re-filing an application for an OSC, or similar motion for disgorgement, at a later date."  **Exhibit C**.  The State Court entered the order vacating the hearing on the Joint Application on January 30, 2020, without prejudice to the City and/or Plaintiff refiling an application for an OSC or similar motion for disgorgement.  **Exhibit D**.

**9.     Next Status Conference in *Jones*.**

The next status conference in *Jones* is scheduled for May 11, 2020.  The State Court ordered that a Joint Status Report be filed by May 4, 2020.

DATED: February 28, 2020           THE X-LAW GROUP, P.C.


                                   By:   /s/ Filippo Marchino
                                   FILIPPO MARCHINO

Attorneys for Plaintiff

DATED: February 28, 2020    **BROWNE GEORGE ROSS LLP**

By:   /s/ Kim Zeldin
ERIC M. GEORGE
MARIBETH ANNAGUEY
KIM S. ZELDIN
Attorneys for Defendants City of Los Angeles and Michael N. Feuer

DATED: February 28, 2020    **SQUIRE PATTON BOGGS**

By:   /s/ Adam Fox
ADAM R. FOX
MARISOL C. MORK
Attorneys for Defendant James Clark

DATED: February 28, 2020    **ROBIE & MATTHAI**

By:   /s/ John Fitzgibbons
EDITH R. MATTHAI
T. JOHN FITZGIBBONS
Attorneys for Defendant Thomas Peters

DATED: February 28, 2020    **LONG & LEVIT LLP**

By:   /s/ John Sullivan

| | |
|---|---|
| | JOSEPH P. MCMONIGLE<br>KATHLEEN M. EWINS<br>JOHN B. SULLIVAN<br>Attorneys for Defendants Jack Landskroner and The Landskroner Grieco Merriman, LLC |
| DATED: February 28, 2020 | **ROGERS JOSEPH O'DONNELL**<br><br>By:  /s/ John Heller<br>MERRI BALDWIN<br>JOHN HELLER<br>Attorneys for Defendants Michael J. Libman and Law Offices of Michael J. Libman |
| DATED: February 28, 2020 | **NEMECEK & COLE**<br><br>By:  /s/ Vikram Sohal<br>JONATHAN B. COLE<br>VIKRAM SOHAL<br>Attorneys for Defendants Paul Kiesel and Kiesel Law LLP |
| DATED: February 28, 2020 | **SCHEPER KIM & HARRIS LLP**<br><br>By:  /s/ Jeffrey Steinfeld<br>DAVID C. SCHEPER<br>Attorneys for Defendants Paul O. Paradis and Paradis Law Group, PLLC |

4814-4799-4550, v. 1