Filippo Marchino, Esq. (SBN 256011)
FM@XLAWX.com
Carlos X. Colorado, Esq. (SBN 231031)
CC@XLAWX.com
Thomas E. Gray, Esq. (SBN 299898)
TG@XLAWX.com
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370
Attorneys for Plaintiff Dennis Bradshaw

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual; KIESEL LAW LLP, a California limited liability partnership; PAUL KIESEL, an individual; PARADIS LAW GROUP PLLC, a New York Professional Service Limited Liability Company; PAUL PARADIS, an individual,<br><br>        Defendants. | Case No. 2:19-cv-06661-VAP (JCx)<br><br>**JOINT STATUS REPORT**<br><br>Judge: Virginia A. Phillips<br>Courtroom: 8A<br><br><br>Trial Date: None Set |

Plaintiff Dennis Bradshaw ("Plaintiff") and Defendants City of Los Angeles (the "City"), James Clark ("Mr. Clark"), Thomas Peters ("Mr. Peters") (collectively, the City, Mr. Clark, and Mr. Peters are referred to as the "City Defendants"), The Landskroner Law Firm, Ltd. dba Landskroner Grieco Merriman, LLC, Jack Landskroner, Law Offices of Michael J. Libman APC, Michael J. Libman, Kiesel Law LLP, and Paul Kiesel (collectively, "Defendants") (Plaintiff and Defendants, collectively, are the "Parties") hereby submit this Joint Status Report pursuant to the Court's order entered on March 23, 2020 (the "Order") (Dkt. 137).[1]

As required by the Order, the following summarizes the recent developments in the Los Angeles Superior Court (the "State Court") action entitled *Jones v. City of Los Angeles*, Case No. BC577267 ("Jones State Action"). This Joint Status Report supplements the Joint Status Report filed at the Court's request on February 28, 2020 (Dkt. 130), the Joint Status Report filed on July 1, 2020 (Dkt. 138), the Joint Status Report filed on September 29, 2020 (Dkt. 139), the Joint Status Report filed on December 28, 2020 (Dkt. 144), the Joint Status Report filed on March 29, 2021 (Dkt. 150), and the Joint Status Report filed on June 28, 2021 (Dkt. 151).

//

---

[1] Per the Court's March 1, 2021 Minute Order, filings on behalf of Paradis Law Group PLLC will not be accepted until new counsel has entered an appearance. As of the date of this report, there has been no such appearance and therefore, Paradis Law Group PLLC is not included in this report. Plaintiff's counsel attempted to contact Mr. Paradis at the phone number listed in Dkt. 147 as well as the email address listed in the Court's March 23, 2021 order in another case filed in this court, Paradis v. Pansky, Case No. 2:20-cv-09660-VAP-JC, but have not heard from him, so he is not included in this report either.

1902470.2                                    -1-                                    )

I.      **STATUS OF THE JONES STATE ACTION**

The City reports the following regarding the status of the Jones Action:

A.      **Motion for Order Approving Stipulation Re Clarification of Settlement Agreement in the Jones State Action**

In April 2021, following several mediation sessions with the Honorable Carl J. West (Ret.), the City and the Jones Class agreed to clarify the existing Jones Settlement Agreement to resolve Class Counsel's various inquiries relating to the Settlement and issues (disputed and undisputed) arising therefrom.  On May 28, 2021, the City and Class Counsel submitted a Stipulation Re Clarification of Settlement Agreement and Resolution of Open Issues and [Proposed] Order documenting their agreement.  The stipulation does not purport to make any changes, amendments, or modifications to the terms of the Jones settlement agreement.  After receiving the stipulation, Judge Berle requested that the parties file a motion for approval of the stipulation.  Accordingly, on July 26, 2021, Jones Class Counsel and the City filed a joint motion requesting that the stipulation be approved.  The motion is unopposed and at a hearing on September 24, 2021, Judge Berle approved the stipulation.  In light of the approval, the parties to the Jones State Action will begin the work necessary to implement the requirements, which include providing additional credits to customers, conducting a final review of the previous work done on the settlement, and mediating attorneys' fees with new Class Counsel.

B.      **Special Master/Auditor Edward Robbins's Report**

On July 13, 2021, Special Master Robbins publicly filed his Final Report with the State Court.  The City filed its initial response and objections to the Report on September 2, 2021.  The State Court has not taken any action on the Report.

C.      **Motion to Disqualify Judge Berle**

On June 24, 2021, counsel for Jack Landskroner filed a Motion for Disqualification under Code Of Civil Procedure requesting that Judge Berle be disqualified from presiding over future proceedings involving Mr. Landskroner.  Judge Berle struck the motion on July 2, 2021.

D.      **Status Conference in the Jones State Action**

A status conference in the Jones State Action was conducted on September 24, 2021, concurrently with the hearing on the City and Class Counsel's motion for approval of the stipulation to resolve outstanding issues regarding the settlement.  In their joint status report, the parties to the Jones State Action updated the Court on the status of work being performed by Jones Class Counsel's expert consultant, Concentric. Concentric is currently in the process of completing a "Phase II" review of the criteria and methods used to identify class members in the following subclasses: Subclass Two (incorrect fee subclass), Subclass Three (unrefunded balance subclass), Subclass Five (premises condition/estimated bill subclass), and Subclass Six (automatic bill payment/bank overdraft charge subclass).  The parties also updated the Court on the status of the work being performed by Special Master Barbara Barkovich, who is wrapping up her review of class member claims.  As the settlement agreement provides for judicial review of any "appeals" from Dr. Barkovich's determinations, the parties will discuss how Judge Berle wishes to conduct that review.  To date there are 34 such appeals.  Finally, the parties requested, and Judge Berle authorized, release of the remaining uncashed check funds to the *cy pres* recipient identified in the settlement. The next status conference is scheduled for November 18, 2021.

II.     **STATUS OF JONES'S RECENTLY FILED FEDERAL CASE**

On December 21, 2020, Antwon Jones filed an action in this Court, *Jones v. City*

*of Los Angeles, et al.*, Case No. 2:20-cv-11502, against the City of Los Angeles, Michael N. Feuer, James P. Clark, and Thomas H. Peters (the "Jones Federal Action"). On June 25, 2021, this Court granted in part and denied in part the motion to dismiss filed by the City of Los Angeles and Mr. Feuer in the Jones Federal Action; this Court did not reach the motions filed by Mr. Clark and Mr. Peters.  Jones filed an amended complaint on July 9, 2021, and all defendants moved to dismiss.  Those motions are scheduled to be heard on October 4, 2021.

### III.   STATUS OF PARADIS BANKRUPTCY

Paul O. Paradis and one of his entities, Ardent Cyber Solutions, LLC, have each filed for Chapter 11 bankruptcy.  The bankruptcies are pending in the United States Bankruptcy Court for the District of Arizona, before the Hon. Paul Sala (the "Bankruptcy Court").  With respect to the matter In re Paul O. Paradis, 2:20-bk-06724-PS (the "Paradis BK"), proofs of claim were due no later than August 12, 2020.  Class representative Antwon Jones and defendant City of Los Angeles have each filed proofs of claim in that bankruptcy proceeding.

In or about October 2020, the City filed motions to convert each of the bankruptcy matters from Chapter 11 proceedings to Chapter 7 proceedings.  On March 23, 2021, Paradis and Ardent each sought to have their respective bankruptcies converted to Chapter 7 proceedings, which the Bankruptcy Court has ordered.  The Bankruptcy Court has also appointed trustees in each of bankruptcy.  The trustees in each bankruptcy held the Bankruptcy Code Section 341 meeting of creditors on April 26, 2021 (Ardent) and April 27 (Paradis).

With regard to Paul Paradis' bankruptcy case, on June 24, 2021, the City filed a complaint with the Bankruptcy Court to have Mr. Paradis' debt to the City deemed nondischargeable.  On September 1, 2021, Mr. Paradis filed a motion seeking to indefinitely stay the City's nondischarge litigation against him.  The Bankruptcy Court set a hearing on October 14, 2021 regarding Mr. Paradis' Motion for Stay.

## IV.   <u>PROPRIETY OF CONTINUING THE STAY</u>

<u>Plaintiff's Position</u>: Plaintiff does not believe that the Court should continue to stay this case in deference to the Jones State Action because it is unclear when the Jones State Action will be resolved and because any developments in that case will be of minimal significance to this case, which is predicated on claims arising from the attorney client relationship between counsel and the class members in the case itself. Because only Paul Paradis, but not Paradis Law Group, has filed for bankruptcy, Plaintiff believes that the stay can be lifted as it pertains to all of Plaintiff's claims except for those asserted against Paul Paradis. Alternatively, the claims asserted against Paul Paradis (and, if the Court desires, the Paradis Law Group), could be severed from the rest of the action so that this case can proceed.

With the filing of Special Master Robbins' report, it is unlikely that there will be any further developments in this Jones State Action that could simplify discovery in this case.  Further, there is no indication that the Jones settlement agreement will be unwound.

<u>The City's and Mr. Clark's Position</u>: The City and Mr. Clark request that the Court lift the stay in this case and rule on the merits of the balance of the City's pending motion to dismiss and Mr. Clark's motion to dismiss. A stay spanning an indeterminate time in this case compounds the unfair prejudice to the City.  It is unclear when, or whether, developments in the Jones State Action will occur or when it will conclude. For example, although the City and Class Counsel have entered into, and the Court has approved, a stipulation to resolve remaining open issues relating to the settlement, several months of work remain to be done to implement the requirements.  It is, however, clear that no matter how the Jones Court Action "develops," a Section 1983 claim cannot be maintained against the City Defendants.

<u>Landskroner's Position</u>: The Court entered the stay to allow the state court responsible for the *Jones* case to reach substantial conclusions concerning potential revisions to the terms of the settlement in that case, as well as to decide what if any

remedial measures it might impose in response to the allegations of collusion between prior counsel for the class and counsel for the City. Given the recent developments cited above, including that fees for New Class Counsel are to be mediated, it appears that *Jones* may soon come to a conclusion. The reasons for the stay adopted by the Court have not changed and the stay should remain in effect.

Libman's and Kiesel's Position: The circumstances cited by this Court in ruling that the action should be stayed are unchanged, and the stay should therefore remain in effect.

DATED: September 24, 2021          **THE X-LAW GROUP, P.C.**

By:  /s/ Filippo Marchino /s/
FILIPPO MARCHINO
*Attorneys for Plaintiff*

DATED: September 24, 2021          **BROWNE      GEORGE      ROSS      O'BRIEN
ANNAGUEY & ELLIS LLP**

By:  /s/ Jason Kelly /s/
ERIC M. GEORGE
KATHRYN L. MCCANN
JASON Y. KELLY
*Attorneys for Defendant City of Los Angeles*

DATED: September 24, 2021          **SQUIRE PATTON BOGGS**

By:   /s/ Marisol Mork /s/
ADAM R. FOX
MARISOL C. MORK
*Attorneys for Defendant James Clark*

DATED: September 24, 2021 **ROBIE & MATTHAI**

By: /s/ John Fitzgibbons /s/

EDITH R. MATTHAI
T. JOHN FITZGIBBONS
*Attorneys for Defendant Thomas Peters*

DATED: September 24, 2021 **LONG & LEVIT LLP**

By: /s/ Katheleen Ewins /s/

JOSEPH P. MCMONIGLE
KATHLEEN M. EWINS
JOHN B. SULLIVAN
*Attorneys for Defendants Jack
Landskroner and The Landskroner Grieco
Merriman, LLC*

DATED: September 24, 2021 **ROGERS JOSEPH O'DONNELL**

By: /s/ Lauren Kramer Sujeeth /s/

MERRI BALDWIN
JOHN HELLER
LAUREN KRAMER SUJEETH
*Attorneys for Defendants Michael J.
Libman and Law Offices of Michael J. Libman*

DATED: September 24, 2021 **NEMECEK & COLE**

By: /s/ Vikram Sohal /s/

JONATHAN B. COLE
VIKRAM SOHAL
*Attorneys for Defendants Paul Kiesel and
Kiesel Law LLP*

-7-

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 625 Fair Oaks Avenue, Suite 390, South Pasadena, CA 91030.

On September 24, 2021, I served the following document(s) described as JOINT STATUS REPORT on the interested parties in this action as follows:

Paul Paradis, Pro Se
4422 N. 75th Street, Unit 4005
Scottsdale, AZ 85251

[ X ] BY MAIL:  I enclosed the document(s) in a sealed envelope or package addressed to the persons identified in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with my firm's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with first class postage fully prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 24, 2021, at South Pasadena, California.

/s/ Suzy Garcia
Declarant