Filippo Marchino, Esq. (SBN 256011)
FM@XLAWX.com
Carlos X. Colorado, Esq. (SBN 231031)
CC@XLAWX.com
Thomas E. Gray, Esq. (SBN 299898)
TG@XLAWX.com
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370
Attorneys for Plaintiff Dennis Bradshaw

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, a municipal entity; MICHAEL FEUER, in his individual and official capacity; JAMES CLARK, in his individual and official capacity; THOMAS PETERS, in his individual and official capacity; THE LANDSKRONER LAW FIRM, LTD. dba LANDSKRONER GRIECO MERRIMAN, LLC, a limited liability company; JACK LANDSKRONER, an individual; LAW OFFICES OF MICHAEL J LIBMAN APC, a California Professional Corporation; MICHAEL J. LIBMAN, an individual; KIESEL LAW LLP, a California limited liability partnership; PAUL KIESEL, an individual; PARADIS LAW GROUP PLLC, a New York Professional Service Limited Liability Company; PAUL PARADIS, an individual,<br><br>        Defendants. | Case No. 2:19-cv-06661-VAP (JCx)<br><br>**JOINT STATUS REPORT**<br><br>Judge: Virginia A. Phillips<br>Courtroom: 8A<br><br><br>Trial Date: None Set |

Plaintiff Dennis Bradshaw ("Plaintiff") and Defendants City of Los Angeles (the "City"), James Clark ("Mr. Clark"), Thomas Peters ("Mr. Peters") (collectively, the City, Mr. Clark, and Mr. Peters are referred to as the "City Defendants"), The Landskroner Law Firm, Ltd. dba Landskroner Grieco Merriman, LLC, Jack Landskroner (deceased)[1], Law Offices of Michael J. Libman APC, Michael J. Libman, Kiesel Law LLP, and Paul Kiesel (collectively, "Defendants") (Plaintiff and Defendants, collectively, are the "Parties") hereby submit this Joint Status Report pursuant to the Court's order entered on March 23, 2020 (the "Order") (Dkt. 137).[2]

As required by the Order, the following summarizes the recent developments in the Los Angeles Superior Court (the "State Court") action entitled *Jones v. City of Los Angeles*, Case No. BC577267 ("Jones State Action"). This Joint Status Report supplements the Joint Status Report filed at the Court's request on February 28, 2020 (Dkt. 130), the Joint Status Report filed on July 1, 2020 (Dkt. 138), the Joint Status Report filed on September 29, 2020 (Dkt. 139), the Joint Status Report filed on December 28, 2020 (Dkt. 144), the Joint Status Report filed on March 29, 2021 (Dkt. 150), the Joint Status Report filed on June 28, 2021 (Dkt. 151), the Joint Status Report filed on September 24, 2021 (Dkt. 155), and the Joint Status Report filed on December 23, 2021 (Dkt. 156).

//

---

[1] Jack Landskroner passed away on June 19, 2021.

[2] Per the Court's March 1, 2021 Minute Order, filings on behalf of Paradis Law Group PLLC will not be accepted until new counsel has entered an appearance. As of the date of this report, there has been no such appearance and therefore, Paradis Law Group PLLC is not included in this report. Plaintiff's counsel attempted to contact Mr. Paradis at the email address listed in the Court's March 23, 2021 order in another case filed in this court, Paradis v. Pansky, Case No. 2:20-cv-09660-VAP-JC, but have not heard from him, so he is not included in this report either.

## I. STATUS OF THE JONES STATE ACTION

The City reports the following regarding the status of the Jones State Action:

On February 28, 2022, a status conference in the Jones State Action took place. The parties reported that nearly every aspect of the Jones Settlement Agreement and/or the class counsel's independent evaluation of the settlement is now complete, and the parties are aiming to complete the remainder by June or July 1, 2022. The parties further reported that the City has applied approximately $39,610,032.89 in Rule 17 credits and refunds pursuant to the Jones settlement agreement. The parties hired an independent consultant to verify refunds/credits issued, and the consultant anticipates completing his scope of work on or before May 1, 2022. Additionally, the class counsel's expert consultant, Concentric Energy Advisors, has completed its scope of work, and Special Master Barbara Barkovich has completed her review of all claims and has issued her final determinations. The parties anticipate presenting all appeals of Dr. Barkovich's determinations to the Jones State Action's court by the end of May or June 2022. Pursuant to the Jones Settlement Agreement, Kurtzman Carson Consultants LLC ("KCC") was hired as the Third Party Claims Administrator to administer all claims filed by class members and to issue refunds to class members who are former customers of LADWP. To date, there are still 275 uncashed checks (same number as reported in November 2021), totaling $101,988.13. The uncashed check amount will issue to the *cy pres* recipient by April 1, 2022.

## II. RECENT GUILTY PLEAS

Three individuals have pled guilty to federal charges of bribery, extortion, and/or other charges: (1) former Special Counsel Paul Paradis; (2) David Wright, former General Manager of the LADWP; and (3) David Alexander, former executive for the LADWP. *United States of America v. Paradis*, No. 2:21-cr-540 (C.D. Cal.); *United States of America v. Wright*, No. 2:21-cr-559 (C.D. Cal.); and *United States of America*

*v. Alexander*, No. 2:21-cr-00572 (C.D. Cal.). The plea agreement of Defendant Thomas Peters, former Chief of the Civil Litigation Branch of the City Attorneys' Office, also has been filed. *United States of America v. Peters*, No. 2:22-cr-00009 (C.D. Cal.).

### III. MICHAEL LIBMAN'S RECENTLY FILED FEDERAL CASE

The City reports that, on December 6, 2021, Mr. Libman filed an action in this Court, *Libman, et al. v. United States, et al.*, Case No. 2:21-cv-09455-JAK-MAA on behalf of himself, Law Offices of Michael J. Libman APC, his wife, and two of his children against the United States, several United States Attorneys, FBI special agents, Brian Kabateck, Kabateck LLP, Michael Feuer, Judge Berle, the City, certain of the City's outside counsel in the Jones State Action, and others (the "Libman Federal Action"). The allegations focus on the raid of Mr. Libman's home by the FBI in the course of its LADWP investigation as well as the alleged treatment of Mr. Libman in the Jones State Action. The Libman Federal Action also makes repeated references to this action.

On December 8, 2021, this Court declined to transfer the Libman Federal Action to its calendar on the basis that "The Bradshaw case relates to overcharges for utility services. The Libman case relates to property damages allegedly suffered during an FBI search. The issues in the two cases are not related."

On February 3, 2022, Mr. Libman filed a First Amended Complaint. Several defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions to dismiss are scheduled to be heard on April 21, 2022 and May 19, 2022.

### IV. STATUS OF JONES'S FEDERAL CASE

The City reports that, on December 21, 2020, Antwon Jones filed an action in this Court, *Jones v. City of Los Angeles, et al.*, Case No. 2:20-cv-11502, against the City of Los Angeles, Michael N. Feuer, James P. Clark, and Thomas H. Peters (the "Jones

Federal Action"). On June 25, 2021, this Court granted in part and denied in part the motion to dismiss filed by the City of Los Angeles and Mr. Feuer in the Jones Federal Action; this Court did not reach the motions filed by Mr. Clark and Mr. Peters. Jones filed an amended complaint on July 9, 2021, and all defendants moved to dismiss or to strike. On October 5, 2021 this Court granted the defendants' motion to dismiss Mr. Jones's California Code of Civil Procedure section 526a claim without prejudice to his right to refile the claim in the California Superior Court. This Court ordered the City to file its answer to Mr. Jones's remaining claim no later than November 5, 2021. On November 5, 2021, the City filed its answer.

On February 18, 2022, the City filed a motion for summary judgment. The motion is scheduled to be heard on May 9, 2022.

## V.     STATUS OF PARADIS BANKRUPTCY

Paul O. Paradis and one of his entities, Ardent Cyber Solutions, LLC, have each filed for Chapter 11 bankruptcy. The bankruptcies are pending in the United States Bankruptcy Court for the District of Arizona, before the Hon. Paul Sala (the "Bankruptcy Court"). With respect to the matter *In re Paul O. Paradis*, 2:20-bk-06724- PS (the "Paradis BK"), proofs of claim were due no later than August 12, 2020. Antwon Jones and the City of Los Angeles have each filed proofs of claim in that bankruptcy proceeding.

In or about October 2020, the City filed motions to convert each of the bankruptcy matters from Chapter 11 proceedings to Chapter 7 proceedings. On March 23, 2021, Paradis and Ardent each sought to have their respective bankruptcies converted to Chapter 7 proceedings, which the Bankruptcy Court has ordered. The Bankruptcy Court has also appointed trustees in each of bankruptcy. The trustees in each bankruptcy held the Bankruptcy Code Section 341 meeting of creditors on April 26, 2021 (Ardent) and April 27 (Paradis).

//

With regard to Paul Paradis's bankruptcy case, on June 24, 2021, the City filed a complaint with the Bankruptcy Court to have Mr. Paradis's debt to the City deemed nondischargeable. On September 1, 2021, Mr. Paradis filed a motion seeking to indefinitely stay the City's nondischarge litigation against him. The Bankruptcy Court issued an order on November 17, 2021 denying Mr. Paradis' Motion for Stay. Paradis filed a motion to dismiss on December 7, 2021, and the City opposed. At the hearing, Judge Sala noted that as the City's initial complaint was constrained by the then pending federal investigation – which limited what the City could allege – it would assist the Court if the City filed an amended complaint. The City agreed to do so by March 28, 2022.

In the Ardent bankruptcy case, on June 24, 2021, the City filed a complaint with the Bankruptcy Court against Ardent for a declaratory judgment determining that its contract with Ardent is void and there is no amount owing by the City to Ardent. On September 20, 2021, the Bankruptcy Trustee for the Ardent case filed a complaint against the City, among others, in the U.S. District Court for the Central District of California. On September 21, 2021, the Ardent Bankruptcy Trustee filed a motion seeking to transfer the City's Complaint against Ardent to the Central District of California. The Bankruptcy Court denied the Ardent Trustee's Motion to Transfer, keeping the case in Arizona.

## VI. PROPRIETY OF CONTINUING THE STAY

Plaintiff's Position: Plaintiff does not believe that the Court should continue to stay this case in deference to the Jones State Action because it is unclear when the Jones State Action will be resolved and because any developments in that case will be of minimal significance to this case, which is predicated on claims arising from the attorney client relationship between counsel and the class members in the case itself. Because only Paul Paradis, but not Paradis Law Group, has filed for bankruptcy, Plaintiff believes that the stay can be lifted as it pertains to all of Plaintiff's claims except for those asserted against Paul Paradis. Alternatively, the claims asserted against Paul Paradis (and, if the Court

desires, the Paradis Law Group), could be severed from the rest of the action so that this case can proceed.

With the filing of Special Master Robbins' report, it is unlikely that there will be any further developments in this Jones State Action that could simplify discovery in this case. Further, there is no indication that the Jones settlement agreement will be unwound.

The City's and Mr. Clark's Position: The City and Mr. Clark request that the Court lift the stay in this case and rule on the merits of the balance of the City's pending motion to dismiss and Mr. Clark's motion to dismiss. A stay spanning an indeterminate time in this case compounds the unfair prejudice to the City. While the parties to the Jones State Action are working to bring the case to a close by this Summer, it is unclear when, or whether, developments in the Jones State Action will occur or when it will conclude. For example, although the City and Class Counsel have entered into, and the Court has approved, a stipulation to resolve remaining open issues relating to the settlement, at least 2-3 months of work remain to be done to implement the requirements. It is, however, clear that no matter how the Jones Court Action "develops," a Section 1983 claim cannot be maintained against the City Defendants.

Landskroner's Position: The Court entered the stay to allow the state court responsible for the *Jones* case to reach substantial conclusions concerning potential revisions to the terms of the settlement in that case, as well as to decide what if any remedial measures it might impose in response to the allegations of collusion between prior counsel for the class and counsel for the City. Those processes appear to be reaching closure, but the reasons for the stay adopted by the Court have not changed and the stay should remain in effect until the remaining issues before the State Court are determined.

Libman's and Kiesel's Position: The circumstances cited by this Court in ruling that the action should be stayed are unchanged, and the stay should therefore remain in effect.

| | | |
|---|---|---|
| 1 | DATED: March 29, 2022 | **THE X-LAW GROUP, P.C.** |
| 2 | | |
| 3 | | By: /s/ Filippo Marchino /s/ |
| 4 | | FILIPPO MARCHINO |
| | | *Attorneys for Plaintiff* |
| 5 | | |
| 6 | DATED: March 29, 2022 | **ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP** |
| 7 | | |
| 8 | | |
| 9 | | By: /s/ Jason Y. Kelly /s/ |
| 10 | | ERIC M. GEORGE |
| | | KATHRYN L. MCCANN |
| 11 | | JASON Y. KELLY |
| 12 | | *Attorneys for Defendant City of Los Angeles* |
| 13 | | |
| 14 | DATED: March 29, 2022 | **SQUIRE PATTON BOGGS** |
| 15 | | |
| 16 | | By: /s/ Marisol C. Mork /s/ |
| 17 | | ADAM R. FOX |
| | | MARISOL C. MORK |
| 18 | | *Attorneys for Defendant James Clark* |
| 19 | | |
| 20 | DATED: March 29, 2022 | **ROBIE & MATTHAI** |
| 21 | | |
| 22 | | By: /s/ John Fitzgibbons /s/ |
| | | EDITH R. MATTHAI |
| 23 | | T. JOHN FITZGIBBONS |
| | | *Attorneys for Defendant Thomas Peters* |
| 24 | | |
| 25 | DATED: March 29, 2022 | **LONG & LEVIT LLP** |
| 26 | | |
| 27 | | By: /s/ Kathleen M. Ewins /s/ |
| | | JOSEPH P. MCMONIGLE |
| 28 | | KATHLEEN M. EWINS |

|   |   |
|---|---|
|   | JOHN B. SULLIVAN<br>*Attorneys for Defendants Jack Landskroner and The Landskroner Grieco Merriman, LLC* |
| DATED: March 29, 2022 | **ROGERS JOSEPH O'DONNELL**<br><br>By: /s/ John Heller /s/<br>MERRI BALDWIN<br>JOHN HELLER<br>LAUREN KRAMER SUJEETH<br>*Attorneys for Defendants Michael J. Libman and Law Offices of Michael J. Libman* |
| DATED: March 29, 2022 | **NEMECEK & COLE**<br><br>By: /s/ Vikram Sohal /s/<br>JONATHAN B. COLE<br>VIKRAM SOHAL<br>*Attorneys for Defendants Paul Kiesel and Kiesel Law LLP* |

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 625 Fair Oaks Avenue, Suite 390, South Pasadena, CA 91030.

On March 29, 2022, I served the following document(s) described as JOINT STATUS REPORT on the interested parties in this action as follows:

Paul Paradis, Pro Se
4422 N. 75th Street, Unit 4005
Scottsdale, AZ 85251

[ X ] BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons identified in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with first class postage fully prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 29, 2022, at South Pasadena, California.

/s/ Suzy Garcia
Declarant