UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06661-VAP-JC | Date | June 5, 2023 |
|---|---|---|---|
| Title | Dennis Bradshaw v. City of Los Angeles, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff/Movant: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS) ORDER (1) DIRECTING ALL PARTIES TO ADDRESS POTENTIAL RECUSAL ISSUE; AND (2) VACATING WITHOUT PREJUDICE TO BEING RE-SET JUNE 9, 2023 DEPOSITION OF BRIAN S. KABATACK AND JUNE 6, 2023 HEARING ON MOTION TO QUASH DEPOSITION SUBPOENA AND FOR A PROTECTIVE ORDER (DOCKET NO. 223)

On May 8, 2023, Non-Party Brian S. Kabateck ("Kabateck" or "Movant") filed a Motion to Quash Deposition Subpoena and for a Protective Order (Docket No. 223) ("Motion to Quash") which is set for hearing before this Court on June 6, 2023 at 9:30 a.m. The Motion to Quash essentially seeks an order quashing a deposition subpoena of Kabateck issued by Defendants Michael J. Libman and the Law Offices of Michael J. Libman (collectively, "Libman Defendants") for June 9, 2023, and shielding Kabateck from future depositions.[1]

In reviewing the Parties' submissions and preparing for the hearing on the Motion to Quash, the Magistrate Judge expended substantial time and engaged in a more comprehensive review of the pleadings and record in this matter than it had previously undertaken. Such review led to a realization that the Magistrate Judge may have been a member of the class in <u>Jones v. City of Los Angeles</u>, Los

///
///

---

[1] In connection with the Motion to Quash, the Movant and Libman Defendants have submitted the Notice of Motion with a supporting Memorandum of Points and Authorities (collectively "Motion to Quash"), a Declaration of Brian S. Kabateck with exhibits, a Declaration of Hugo B. Flores with an exhibit, a Declaration of Jeffrey Johnson, a Joint Stipulation, a Declaration of Michael J. Libman with exhibits, a Supplemental Declaration of Michael J. Libman with an exhibit, the Libman Defendants' Opposition to the Motion, another Declaration of Michael J. Libman with exhibits, the Movant's Reply to the Opposition, another Declaration of Hugo B. Flores with exhibits and the Libman Defendants' Objections to the latter Flores Declaration. (Docket Nos. 223-225, 229, 238, 240).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06661-VAP-JC | Date | June 5, 2023 |
|---|---|---|---|
| Title | Dennis Bradshaw v. City of Los Angeles, et al. | | |

Angeles County Superior Court Case No. BC577267, and may be a member of the putative class in this action as alternatively defined in Paragraph 109 of the First Amended Complaint.[2]

    In light of the foregoing, the Court deems it appropriate to afford the Parties to this action and the Movant, an opportunity to address the issue and to advise the Court of their positions as to whether the Magistrate Judge must or should recuse at this juncture or at a later point (*e.g.*, if or when the putative class as defined in Paragraph 109 of the First Amended Complaint is certified) and whether a determination by the Magistrate Judge to opt out of the putative class in this action and/or to renounce any interest in this lawsuit would impact the issue/alter the Parties'/Movant's position on whether recusal must or should occur.[3] Accordingly, the Parties and the Movant shall file any position paper/brief addressing/stating their position(s) on the foregoing recusal issues (including whether they desire a hearing relative thereto) by **June 13, 2023**.[4] Ideally, counsel would confer and attempt to agree on such matters before submitting their position papers/briefs to the Court.

    As the Court also deems it appropriate to resolve the potential recusal issue before addressing the parties'/Movant's contentions relative to the Motion to Quash, and in order to preserve the status quo and to avoid/minimize any prejudice to any Party/the Movant to the extent possible, the Court vacates without prejudice to being re-set, the June 9, 2023 deposition of Kabateck and the June 6, 2023 hearing on the Motion to Quash.

    IT IS SO ORDERED.

---

    [2]Paragraph 108 of the First Amended Complaint excludes "any judicial officer presiding over this matter" from the "LADWP Settlement Class" and "Residential Customer Subclass," but Paragraph 109 provides alternative descriptions of such putative classes which do not exclude presiding judicial officers therefrom.

    [3]See, e.g., Canale v. Colgate-Palmolive Co., 2017 WL 112610 (S.D.N.Y. Jan. 10, 2017); In re Aetna UCR Litigation, 2013 WL 1622160 (D. N.J., Apr. 15, 2013); Berthelot v. Boh Bros. Const. Co., L.L.C., 431 F. Supp. 2d 639 (E.D. La. 2006); E. & J. Gallo Winery v. EnCana Energy Services, Inc., 2004 WL 7342771 (E.D. Cal. Mar. 29, 2004); In Re Certain Underwriter, 294 F.3d 297 (2nd Cir. 2002); Gordon v. Reliant Energy, Inc., 141 F. Supp. 2d 1041 (S.D. Cal. 2001); Tramonte v. Chrysler Corp., 136 F.3d 1025 (5th Cir. 1998); LeRoy v. City of Houston, 592 F.Supp. 415 (S.D. Tex. 1984); In re Cement Antitrust Litigation, 688 F.2d 1297 (9th Cir. 1982), aff'd, 459 U.S. 1191 (1983); In re New Mexico Natural Gas Antitrust Litigation, 620 F.2d 794 (10th Cir. 1980); In re Virginia Elec. & Power Co., 539 F.2d 357 (4th Cir. 1976).

    [4]To the extent any counsel has access to the list of class members in Jones and can verify whether or not the Magistrate Judge is/was included thereon and if so, what relief if any was afforded, they should include such information in their position paper/brief.