Brian S. Kabateck, SBN 152054
 (bsk@kbklawyers.com)
Anastasia K. Mazzella, SBN 245201
 (am@kbklawyers.com)
Hugo B. Flores, SBN 340956
(hf@kbklawyers.com)
**KABATECK LLP**
633 W. Fifth Street, Suite 3200
Los Angeles, CA  90071
Telephone:     (213) 217-5000
Facsimile:      (213) 217-5010

*Attorneys for Nonparty Brian S. Kabateck*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRADSHAW,<br><br>PLAINTIFF,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.<br><br>DEFENDANTS. | CASE NO. 2:19-cv-06661-VAP-JC<br><br>**NOTICE OF STAY**<br><br>Mag. Judge: Hon. Jaqueline Chooljian<br>Place: Courtroom 750, 7th Floor of the Roybal Courthouse |

**NOTICE OF STAY**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 9, 2023 the Honorable Virginia A. Phillips issued an order staying all proceedings in the above-entitled case until July 27, 2023 (Dkt. No. 251). In light of the stay on proceedings, Counsel for nonparty Brian Kabateck will address an earlier order issued by the Magistrate Judge Hon. Jaqueline Chooljian directing all parties and movant Brian Kabateck to file briefs addressing their positions on the issue of the Magistrate Judge Hon. Jaqueline Chooljian's recusal by June 13, 2023 (Dkt. No. 244), until after the stay is lifted. Assuming the stay is not extended, Counsel for movant will meet and confer on the recusal issue and file any relevant briefs as directed after July 27, 2023.

In an abundance of caution, Counsel for nonparty Brian Kabateck files this notice informing the Magistrate Judge Hon. Jaqueline Chooljian and all parties of their intentions to eventually comply with said order in the spirit of cooperation and transparency.

True and correct copies of Hon. Virginia A. Phillips's Order (Dkt. No. 251) and Hon. Jaqueline Chooljian's Order (Dkt. No. 244) are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

DATED: June 12, 2023　　　　　　　　　　　　**KABATECK LLP**

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Brian S. Kabateck
　　　　　　　　　　　　　　　　　　　　　　Anastasia K. Mazzella
　　　　　　　　　　　　　　　　　　　　　　Hugo B. Flores
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Nonparty Brian S. Kabateck*

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-06661-VAP-JCx | Date | June 8, 2023 |
| Title | *Dennis Bradshaw v. City of Los Angeles et al* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, SENIOR UNITED STATES DISTRICT JUDGE

| WENDY HERNANDEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER STAYING CASE (IN CHAMBERS)

On March 10, 2023, the Court dismissed Plaintiff Dennis Bradshaw's ("Plaintiff") first claim against Defendant James Clark ("Clark") with leave to amend. (Doc. No. 206.) On March 29, 2023, the Court ordered that Plaintiff file an amended complaint, or a statement that no amended complaint will be filed, no later than May 26, 2023. (Doc. No. 212.)

On May 30, 2023, four days after the court-imposed deadline, Defendant Michael J. Libman ("Libman") requested that the Court issue an order to show cause as to why Plaintiff should not be sanctioned for failing to file an amended complaint or a statement that no amended complaint was forthcoming. (Doc. No. 241.) On June 6, 2023, Plaintiff, Clark, and Defendants Kiesel Law LLP, Paul Kiesel, Thomas Peters, The Landskroner Firm, Ltd., and Jack Landskroner (collectively, the "Stipulating Defendants") notified the Court that they plan to attend a full day mediation session on July 27, 2023 and asked the Court to stay the case. (Doc. No. 248.) They also stipulated to allowing Plaintiff until the conclusion of the mediation to file a seconded amended complaint or a statement that no amended complaint will be filed. (*Id.*)

As a preliminary matter, the Court declines Libman's request for an order to show cause.  Plaintiff's decision to file, or not to file, an amended complaint affects only a single claim against Clark.  As Clark has stipulated to allowing Plaintiff additional time to amend his complaint, and as Libman does not describe any prejudice arising from Plaintiff's failure to file an amended complaint or a corresponding statement, the Court does not find sanctions to be warranted.  The Court nevertheless admonishes Plaintiff to comply with the Court's orders in the future.  If Plaintiff needed additional time to decide whether or not to amend his complaint because of ongoing mediation efforts, he should have notified the Court prior to the May 26, 2023 deadline.

The Court next considers Plaintiff's and the Stipulating Defendants' request for a stay.  Libman argues that the request for a stay should have been filed as a duly noticed motion. (Doc. No. 249.)  Even so, a district court may stay a case without a motion before it.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) ("Courts have the power to consider stays *sua sponte*.").  The Court determines that a stay in this case is appropriate.  A stay would further "the orderly course of justice" by giving Plaintiff and the Stipulating Defendants an opportunity to pursue mediation without being interrupted by newly filed pleadings or motions.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Libman opposes any further delay. (Doc. No. 249.)  The Court, however, finds that any delay is outweighed by the possibility that the mediation will resolve many of the outstanding issues in this case.

The Court therefore STAYS this case until July 27, 2023.  Plaintiff and the Stipulating Defendants shall file a status report no later than seven (7) days after the mediation has concluded.  Plaintiff shall file a second amended complaint, or a statement that no amended complaint will be filed, no later than fourteen days (14) after the mediation has concluded.  Defendants shall a responsive pleading no later than twenty-one (21) days after Plaintiff files his seconded amended complaint or corresponding statement.[1]

**IT IS SO ORDERED.**

---

[1] If Plaintiff amends his first claim against Clark, Clark may file a motion to dismiss the first claim instead of a responsive pleading.

**Exhibit B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06661-VAP-JC | Date | June 5, 2023 |
|---|---|---|---|
| Title | Dennis Bradshaw v. City of Los Angeles, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff/Movant: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS)  ORDER (1) DIRECTING ALL PARTIES TO ADDRESS POTENTIAL RECUSAL ISSUE; AND (2) VACATING WITHOUT PREJUDICE TO BEING RE-SET JUNE 9, 2023 DEPOSITION OF BRIAN S. KABATACK AND JUNE 6, 2023 HEARING ON MOTION TO QUASH DEPOSITION SUBPOENA AND FOR A PROTECTIVE ORDER (DOCKET NO. 223)

On May 8, 2023, Non-Party Brian S. Kabateck ("Kabateck" or "Movant") filed a Motion to Quash Deposition Subpoena and for a Protective Order (Docket No. 223) ("Motion to Quash") which is set for hearing before this Court on June 6, 2023 at 9:30 a.m.  The Motion to Quash essentially seeks an order quashing a deposition subpoena of Kabateck issued by Defendants Michael J. Libman and the Law Offices of Michael J. Libman (collectively, "Libman Defendants") for June 9, 2023, and shielding Kabateck from future depositions.[1]

In reviewing the Parties' submissions and preparing for the hearing on the Motion to Quash, the Magistrate Judge expended substantial time and engaged in a more comprehensive review of the pleadings and record in this matter than it had previously undertaken.  Such review led to a realization that the Magistrate Judge may have been a member of the class in <u>Jones v. City of Los Angeles</u>, Los

///
///

---

[1] In connection with the Motion to Quash, the Movant and Libman Defendants have submitted the Notice of Motion with a supporting Memorandum of Points and Authorities (collectively "Motion to Quash"), a Declaration of Brian S. Kabateck with exhibits, a Declaration of Hugo B. Flores with an exhibit, a Declaration of Jeffrey Johnson, a Joint Stipulation, a Declaration of Michael J. Libman with exhibits, a Supplemental Declaration of Michael J. Libman with an exhibit, the Libman Defendants' Opposition to the Motion, another Declaration of Michael J. Libman with exhibits, the Movant's Reply to the Opposition, another Declaration of Hugo B. Flores with exhibits and the Libman Defendants' Objections to the latter Flores Declaration.  (Docket Nos. 223-225, 229, 238, 240).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06661-VAP-JC | Date | June 5, 2023 |
|---|---|---|---|
| Title | Dennis Bradshaw v. City of Los Angeles, et al. | | |

Angeles County Superior Court Case No. BC577267, and may be a member of the putative class in this action as alternatively defined in Paragraph 109 of the First Amended Complaint.[2]

In light of the foregoing, the Court deems it appropriate to afford the Parties to this action and the Movant, an opportunity to address the issue and to advise the Court of their positions as to whether the Magistrate Judge must or should recuse at this juncture or at a later point (*e.g.*, if or when the putative class as defined in Paragraph 109 of the First Amended Complaint is certified) and whether a determination by the Magistrate Judge to opt out of the putative class in this action and/or to renounce any interest in this lawsuit would impact the issue/alter the Parties'/Movant's position on whether recusal must or should occur.[3] Accordingly, the Parties and the Movant shall file any position paper/brief addressing/stating their position(s) on the foregoing recusal issues (including whether they desire a hearing relative thereto) by **June 13, 2023**.[4] Ideally, counsel would confer and attempt to agree on such matters before submitting their position papers/briefs to the Court.

As the Court also deems it appropriate to resolve the potential recusal issue before addressing the parties'/Movant's contentions relative to the Motion to Quash, and in order to preserve the status quo and to avoid/minimize any prejudice to any Party/the Movant to the extent possible, the Court vacates without prejudice to being re-set, the June 9, 2023 deposition of Kabateck and the June 6, 2023 hearing on the Motion to Quash.

IT IS SO ORDERED.

---

[2] Paragraph 108 of the First Amended Complaint excludes "any judicial officer presiding over this matter" from the "LADWP Settlement Class" and "Residential Customer Subclass," but Paragraph 109 provides alternative descriptions of such putative classes which do not exclude presiding judicial officers therefrom.

[3] See, e.g., Canale v. Colgate-Palmolive Co., 2017 WL 112610 (S.D.N.Y. Jan. 10, 2017); In re Aetna UCR Litigation, 2013 WL 1622160 (D. N.J., Apr. 15, 2013); Berthelot v. Boh Bros. Const. Co., L.L.C., 431 F. Supp. 2d 639 (E.D. La. 2006); E. & J. Gallo Winery v. EnCana Energy Services, Inc., 2004 WL 7342771 (E.D. Cal. Mar. 29, 2004); In Re Certain Underwriter, 294 F.3d 297 (2nd Cir. 2002); Gordon v. Reliant Energy, Inc., 141 F. Supp. 2d 1041 (S.D. Cal. 2001); Tramonte v. Chrysler Corp., 136 F.3d 1025 (5th Cir. 1998); LeRoy v. City of Houston, 592 F.Supp. 415 (S.D. Tex. 1984); In re Cement Antitrust Litigation, 688 F.2d 1297 (9th Cir. 1982), aff'd, 459 U.S. 1191 (1983); In re New Mexico Natural Gas Antitrust Litigation, 620 F.2d 794 (10th Cir. 1980); In re Virginia Elec. & Power Co., 539 F.2d 357 (4th Cir. 1976).

[4] To the extent any counsel has access to the list of class members in Jones and can verify whether or not the Magistrate Judge is/was included thereon and if so, what relief if any was afforded, they should include such information in their position paper/brief.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the *United States District Court, Central District of California* by using the CM/ECF system on June 12, 2023.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Hugo Flores*