Michael J. Libman (SBN 222353)
**Law Offices of Michael J. Libman, APC**
18321 Ventura Blvd., Suite 700
Tarzana, California 91356
Telephone: 818-995-7300
Facsimile: 866-664-6764
mjl@libmanlaw.com

*Defendant and Attorney for Defendant*
LAW OFFICES OF MICHAEL J. LIBMAN
APC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| **DENNIS BRADSHAW**,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF LOS ANGELES**, *et al.*,<br><br>Defendants. | 2:19-CV-06661-GW (MARx)<br><br>**LIBMAN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL J. LIBMAN**<br><br>Hon. George H. Wu<br><br>Date: February 22, 2024<br>Time: 08:30 a.m.<br>Place: 9D |

**PLEASE TAKE NOTICE** that on February 22, 2024, at 8:30 a.m. or as soon as thereafter as this matter may be heard before the Honorable George H. Wu United States District Judge in the above-entitled court, located at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 9D, 9th Floor, Libman defendants will and hereby do move the Court for an order, dismissing with prejudice, Plaintiff's Third Amended Complaint (Dkt.# No. 330) as to Libman pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Despite being given

**1**

the opportunity to amend their original complaint *twice,* Plaintiff has still failed to state any plausible claim to relief and cannot allege any facts to cure these fatal defects.

This motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Michael J. Libman, the Request for Judicial Notice, the pleadings and documents on file, and such other evidence and argument as may be presented at the hearing.

As set forth in the Declaration of Michael J. Libman, this motion is made following telephonic pre-motion conference pursuant to L.R. 7-3 which took place on October 31, 2023 and November 6, 2023. (Libman Decl. ¶2) Despite exchanging several emails between October 26 and November 6, 2023, and meeting telephonically for one hour total between the two telephonic conferences, the Parties could not resolve their differences thereby necessitating this motion. *Id.*

                                        Respectfully Submitted

Dated: November 15, 2023        **Law Offices of Michael J. Libman, APC**

                                        /s/ Michael J. Libman
                               By:_____.
                                   Michael J. Libman, Esq.
                                   Attorney for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, plaintiff Dennis Bradshaw ("Bradshaw") seeks to represent a class of ratepayers identical to the one that settled a high-profile overbilling class action against the City of Los Angeles ("City") two years ago, *Jones v. City of Los Angeles*. ("*Jones*") Claiming that the settlement was collusive, he sues the City's employees, its lawyers, and the attorneys who represented *Jones*, including the movants in this motion, Michael Libman and his law firm ("Libman"). Bradshaw claims that the settlement, lauded at the time by the superior court judge presiding over the *Jones* action and the mediator who facilitated the resolution, was inadequate: he and the other *Jones* class members could and should have received more.  Bradshaw claim is grounded on the claim that Libman "deprived Plaintiff and the Class of their constitutional right to due process under the 14th Amendment to the United States Constitution" and sues Libman for alleged violations of violation of 42 U.S.C. § 1983, breach of fiduciary duty, professional malpractice, affirmative misrepresentation, negligent misrepresentation, fraudulent concealment, and declaratory judgment. (Dkt. # 330 ¶649:12-15)

An overarching defect in Bradshaw's lawsuit is that it seeks to litigate the very same issues that are presently being hashed out in the superior court that has retained jurisdiction over the *Jones* settlement, as they relate to Libman, and since Bradshaw is alleging that Libman violated Bradshaw's constitutional rights, Bradshaw fails to allege, nor can he plausibly, that Libman is a government actor who acted under color of law. The only allegations against Libman in the TAC is that Libman is a private person and lawyer as alleged in paragraphs 80-82 of the TAC:

> "80. Defendant Michael Libman is a member of the State Bar of California and licensed to practice law in the State of California. Libman was admitted to practice law in California on December 3, 2002 and his California State Bar Number is 222353. As of the date of this Complaint, the website for the State Bar of California shows Libman's "License Status" as "Active" and the misconduct complained of herein occurred in California. As an attorney licensed to practice law in the State of California, Libman is subject to, and governed by, the State Bar Act and the California Rules of Professional Conduct.
> 81. Defendant Michael J. Libman is an attorney with Law Offices of

3

LIBMAN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL J. LIBMAN

Michael J Libman APC, a citizen of the State of California, and a resident of Los Angeles County, California.
82. Defendant the Law Offices of Michael Libman APC is a California professional corporation with its principal place of business in Los Angeles County, California." (Dkt. #330 ¶¶ 80-82)

Independent of the above-stated threshold deficiency, the individual claims asserted against Libman fail to survive scrutiny. The claims premised on alleged deficiencies in Libman's representation of Jones are barred under the collateral estoppel doctrine. That is so because the *Jones* judgment incorporates the superior court's determination—one made after and despite objections by related parties that the settlement was plagued by procedural unfairness, including "relationships amongst opposing counsel" and the hallmarks of a "reverse auction" (Dkt. #330 ¶649:25)—that the settlement was instead "fair, reasonable and adequate," and conducted at "arm's length." Collateral estoppel prevents Bradshaw's attempt to undo that determination in this action.

Also, Bradshaw's malpractice and fiduciary duty claims also fail because ***Bradshaw was not in an attorney-client relationship with Libman at the time the alleged misconduct occurred***. Bradshaw's claim for misrepresentation is fatally deficient first because it relies on statements in the class notice that are demonstrably true, or that despite Bradshaw's contention, turn out not to be in the notice at all; and second, because it fails to meet the Rule 9(b) standard of specificity.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Dennis Bradshaw seeks in the present litigation to represent a class of persons comprised of the same persons who were certified settlement class members in the *Jones* action. He sues not only the City's employees, but other persons that were and are presently involved in the *Jones* action. These include Libman.

Bradshaw claims that Class Counsel—defined as Libman and Landskroner (Dkt.# 330 ¶92)—colluded with the City defendants to reach a less favorable settlement than was otherwise obtainable. Of the fifteen claims for relief asserted in Bradshaw's TAC, Libman is named in seven: the *first* claim for violations of 42 U.S.C. §1983, the *second* claim for breach of fiduciary

4

duty, *fourth* claim for professional malpractice, *sixth* claim for affirmative misrepresentation, *ninth* claim for negligent misrepresentation, *twelfth* claim for fraudulent concealment, and *fifteenth* claim for declaratory judgment.

Libman now moves to dismiss these claims under FRCP Rule 12(b)(6) and Rule 8.

## II. LEGAL STANDARD

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper when the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient facts, if accepted as true, "to state a claim to relief that is *plausible on its face*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*") (emphasis added); *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") (setting forth a two-prong test to determine whether a pleading adequately states a plausible claim for relief).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement;" it asks for more than a sheer possibility that a defendant has acted unlawfully. Id.; *see also*, *Starr v. Baca* 652 F.3d 1202, 1216 (9th Cir. 2011) ("*Starr*")("[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.")

Although nothing in *Twombly/Iqbal* precludes or alters the right of plaintiffs to plead essential facts based on "information and belief," such allegations must contain some factual content; conclusory allegations based on nothing more than "information and belief" will not suffice. *Twombly,* 550 U.S. at 557 (declining to accept as true conclusory allegation "upon information and belief" that companies had entered into conspiracy).

## III. ARGUMENT

**A. The TAC Fails to State a Cognizable Claim for Violations of 42 U.S.C. §1983 as to Libman (Claim I)**

5

To state a claim under Section 1983, a petitioner must establish three elements. First, the defendant must have been acting under color of law. *Monroe v. Pape*, 365 U.S. 167, 184 (1961).

Second, the plaintiff must prove that the action deprives a right protected by the U.S. Constitution or federal law. *Blessing v. Freestone,* 520 U.S. 329, 340 (1997). Third, there must be causation.

The TAC fails to allege sufficient facts to state a plausible Section 1983 claim for the following reasons (all of which were set forth in the first motion to dismiss); (1) Libman being a liaison counsel for the *Jones* Class is insufficient to find that Libman was acting under the color of state law and authority; (2) Plaintiff's conclusory and implausible allegations of a conspiracy are insufficient to find a private person is acting under color of law. *See Simmons v. Sacramento County Superior Court* (9th Cir. 2003) 318 F.3d 1156, 1161 (finding that Plaintiff's conclusory allegations that a private lawyer was conspiring with state officers to deprive him of due process were insufficient to establish the private lawyer was a state actor); and (3) if the Court finds that any of the state officials or government employees are immune from likability under any theory, the Court must also find Libman cannot be held liable under sections 1983. *Sykes v. State of Cal.*, 497 F.2d 197, 202 (9th Cir. 1974) (*Dept. of Motor Vehicles*). ("Private persons cannot be held liable for conspiracy under the Civil Rights Statutes if other conspirators are state officials who are themselves immune to liability under the facts alleged.")

The allegations in ¶¶80-82 of the TAC clearly do not allege any facts that Libman must have been acting under color of state law. Zero. The TAC alleges only facts that Libman was at all times a private person.   Despite been given the opportunity to amend these deficiencies, Plaintiff alleged only a handful of new allegations as to Libman – none of which enabled the Plaintiff to state a plausible claim for relief. There are additional allegations of fraudulent conduct scattered throughout the TAC, but they are just as conclusory as the fraud allegations that existed in the prior iterations of the complaint. Even when read as a whole, the TAC fails to meet the heightened pleading requirements of Rule 9(b). Accordingly, the Court should dismiss these claims with prejudice as to Libman on this ground alone.

**B. The 42 U.S.C §1983 Claim Must Be Stricken Because It Does Not Relate Back**

To invoke the "relation back" doctrine, the original pleading must give some indication of the facts on which the pleader's claim for relief is based. If it fails to do so, there is no room for an amended complaint to "relate back." *Hernandez v. Valley View Hosp. Ass'n* (10th Cir. 2012) 684 F3d 950, 962—actual notice provided outside four corners of prior complaint irrelevant; *Baldwin County Welcome Ctr. v. Brown* (1984) 466 US 147, 149-150, 104 S.Ct. 1723, 1725] Here, Plaintiff provided no notice or indication to Libman that he would be pleading a §1983 claim against Libman in the original complaint and subsequent iterations. In fact, all indication was that Plaintiff would not be making a §1983 claim agaisnt Libman [because he could not as no *facts* that Libman was acting under color of law were alleged]. The Original Complaint (Dkt. #1) alleged the following claims:

1. Violation of 42 U.S.C. 1983 against the LA defendants. (City of Los Angeles, Feuer, Clark, and Peters are collectively referred to in this Complaint as "LA Defendants."
2. Unjust enrichment against class counsel defendants. (The Landskroner Firm, Jack Landskroner, Law Offices of Michael J Libman, and Michael J. Libman are collectively referred to in this Complaint as "Class Counsel Defendants.")
3. Breach of fiduciary duty against class counsel defendants
4. Professional Malpractice against class counsel defendants
5. Affirmative Misrepresentation against class counsel defendants
6. Negligent Misrepresentation against class counsel defendants
7. Fraudulent concealment against class counsel defendants
8. Violation of the consumer legal remedies act against class counsel defendants
9. Violation of the Unfair Competition law, CA B & P Code §17200 et seq. against class counsel defendants
10. Declaratory Judgment against class counsel defendants
11. RICO against all defendants

No factual allegations that Libman was acting under color of law or a §1983 claim were made in the original complaint.

The FAC was filed on October 17, 2019. (Dkt# 48) against LA defendants, Class Counsel defendant and added Defendants Kiesel Law LLP, Paul Kiesel, Paradis Law Group PLLC, and Paul Paradis collectively referred to in this Complaint as <u>*"Special Counsel Defendants."*</u> No factual allegation that Libman was acting under color of state law was made nor was a §1983 claim made.

On March 10, 2023, based on the several motions to dismiss, the Court granted the FAC in part and denied it in part.  The Court allowed leave to amend **as to defendant Clark only**. (Dkt # 206)

The SAC was filed on August 18, 2023 (Dkt # 269). No factual allegation that Libman was acting under color of state law was made nor was a §1983 claim made Thereafter, the Court allowed the parties to amend the pleadings under FRCP 15 up to September 22, 2023. (Dkt # 287)

The novel-long TAC was, thereafter, filed on September 22, 2023. (Dkt # 330) with newly added defendants as follows: Brian Kabateck ("Kabateck"), Kabateck LLP (the "Kabateck Firm"), Richard Kellner ("Kellner"), Defendants Angela Agrusa, Maribeth Annaguey, and Katherine L. McCann are collectively referred to as "Liner Defendants), Liner Defendants and Ellis George Cipollone O'Brien LLP are collectively referred to in this Complaint as "Outside Counsel Defendants" on entirely different set of facts and theories and a §1983 claim against Libman for the very first time. Therefore, the TAC is in clear violation of this court's order of August 21, 2023 (Dkt. #) and Rule 15(c). *Williams v. Boeing Co*. (9th Cir. 2008) 517 F3d 1120, 1133.

Additionally, the statute of limitations as to §1983 for Libman has run. In none of the prior iterations of the complaints did Bradshaw allege §1983 claim against Libman. The §1983 claim was alleged for the ***very first time*** agaisnt Libman on September 22, 2023, more than four years post and three prior iterations of the original complaint.  FRCP 15(c) states:

> **"(c) Relation Back of Amendments.**
> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction,

8

LIBMAN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL J. LIBMAN

or occurrence set out--or attempted to be set out--in the original pleading; or
**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by <u>Rule 4(m)</u> for serving the summons and complaint, the party to be brought in by amendment:
**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Rule 4(m) provides:

"(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)."

The statute of limitations for §1983 claim is two years. *Wallace v. Kato*, 549 U.S. 384 (2007). All the alleged misconduct as to Libman occurred by July 20, 2017—the date the class was certified, and class settlement judgment entered. (RJN **Exh. 1**). The original complaint was filed on July 31, 2019—more than two years post the alleged misconduct—without asserting a §1983 claim against Libman (Dkt. #1). The FAC, or SAC did not allege a §1983 claim agaisnt Libman. For the very first time the §1983 claim was alleged against Libman more than six years after the misconduct alleged in the original and prior iterations of the complains has occurred, and more than four years after the original complaint was filed. Clearly, Bradshaw cannot meet the requirements of Rule 15(c) to relate back the §1983 claim against Libman and no facts explaining why it was not asserted earlier are alleged in the TAC at all, nor can any be plausibly alleged.

**C. The TAC Fails to State a Claim for Professional Malpractice Because Bradshaw Had <u>No Attorney-Client relationship with Libman</u> at the time of the alleged misconduct, his claims for malpractice and breach of fiduciary duty are not viable (Claims II & IV)**

Bradshaw's second and fourth claims for malpractice and breach of fiduciary duty

additionally fail because they are collaterally estopped by the judgment in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.) and because Bradshaw had no attorney client relationship with Libman at the time of the alleged misconduct.

The existence of an attorney-client relationship is an essential element of a claim for legal malpractice." *Hass v. Sacramento County Dep't of Support Servs.*, 2013 WL 6844754, at *3 (E.D. Cal. Dec. 20, 2013). The same applies to a claim for breach of fiduciary duty. "If that relationship [attorney-client] does not exist, the fiduciary duty to a client does not arise." *Fox v. Pollack*, 181 Cal. App. 3d 954, 959 (1986).

Under California law, "**putative class members are not clients before class certification**." *Sherman v. CLP Res., Inc.*, 2015 WL 13542762, at *5 (C.D. Cal. Feb. 4, 2015) (denying motion to disqualify class counsel based on purported conflict of interest between named plaintiff and putative class members) (emphasis added.). See *Kullar v. Foot Locker Retail, Inc.*, 191 Cal. App. 4th 1201, 1205 (2011) ("since no class has yet been certified … no attorney-client relationship has yet arisen between [class counsel] and the members of the putative class"); *Koo v. Rubio's Restaurants, Inc.*, 109 Cal. App. 4th 719, 736 (2003) (putative class members are not "deemed parties represented by class counsel … before class certification").

This principle was applied by the Second Circuit, applying Texas law which, like California's, provides that "counsel for a class does not, prior to certification of the class, owe a fiduciary duty to unnamed class members simply by virtue of their membership in the class." Id. at 116-17. Affirming the dismissal of a breach of fiduciary claim, the court in *Schick v. Berg,* 430 F.3d 112 (2d Cir. 2005) held that:

> Until a trial court determines that all prerequisites to certification are satisfied, there is no class action, the case proceeds as an ordinary lawsuit, and attorneys for named class members have no authority to represent or otherwise act on behalf of the unnamed class members. Under these circumstances, we decline to hold that named plaintiffs' attorneys owe a precertification duty to unnamed class members. Id. at 117 (quoting *Gillespie v. Scherr*, 987 S.W.2d 129, 132 (Tex. App. 1998)).

The same result is mandated here. The *Jones* class was finally certified on July 20, 2017, in the judgment entered by the superior court. (RJN **Ex. 1**) At that point, but not before, an attorney-client relationship between the Jones class members and Libman and other class counsel was formed. But all the alleged misconduct of which Bradshaw now complains occurred **prior to that date**.

For example, in seeking to justify his role as an appropriate class representative, Bradshaw alleges that he "reasonably relied on the statements contained in the notice he received that Judge Berle had preliminarily approved of the settlement, that class counsel fairly and adequately protected class members, and that the settlement was superior to all other available methods for fairly and efficiently resolving the dispute…." TAC ¶645. That notice was issued on April 4, 2017, *predating* the July 20, 2017 judgment by several months. RJN **Exh. 2.** Bradshaw further claims that because of defendants' actions, including failing to disclose that they were "quickly reaching a collusive settlement with The City," he "did not object or otherwise opt out of the settlement . . . ." TAC ¶645. But the time for him to object or opt out occurred prior to the court's final approval and class certification, and the alleged misdeeds that supposedly kept Bradshaw from taking these steps necessarily occurred before that.

Because the alleged misconduct occurred at a time during which he had no attorney-client relationship with Libman, ***Bradshaw cannot establish a necessary element for his claims of malpractice and breach of fiduciary duty***.

### D. Bradshaw Has Failed To State a Viable Claim for Affirmative and Negligent Misrepresentation (Claims VI & IX).

Bradshaw's sixth and ninth claims for affirmative and negligent misrepresentation fail because they are collaterally estopped by the judgment in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.), because Libman did not make a false statement, and because Bradshaw failed to plead this claim with the requisite specificity.

A necessary element of a claim for intentional or negligent misrepresentation is defendant making an untrue statement of fact. *See Cohen v. S&S Construction Co.,* 151 Cal.

App. 3d 941, 946 (1983); *Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1469 (2014). Under Rule 9(b), this and other elements must be pled with specificity. *See Vess v. Ciba-Geigy Corp. USA*, 317. F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") This includes identifying which among several defendants made the challenged statements of fact. *See Johnson v. Mazza,* 2016 WL 11505262, at *3 (C.D. Cal. Sept. 20, 2016) (fraud claims not adequately pleaded where complaint did "not clearly identify who made the misrepresentations"; "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant."); *Renner v. Bluegreen Corp.*, 2016 WL 10835981, at * 5 (C.D. Cal. Aug. 15, 2016) (fraud claim alleging that employees of two affiliated corporations "together made six fraudulent misrepresentations" was insufficient because it "fail[s] to specifically identify whether and how [the two corporations] were involved in the misrepresentations...."). For several reasons, Bradshaw has failed meet these requirements in his claim for affirmative and negligent misrepresentation.

First, Bradshaw has failed to allege what false statement Libman made. Bradshaw claims that he "reasonably relied on the statements contained in the notice he received stating that Judge Berle had preliminarily approved of the settlement, that class counsel fairly and adequately protected class members, and that the settlement was superior to all other available methods for fairly and efficiently resolving the dispute…" TAC ¶¶ 645, 653. The first of these statements, the reference in the class notice that Judge Berle had preliminarily approved the settlement, was true, and therefore not actionable. The second are not contained (Bradshaw's representations to the contrary) anywhere in the notice. RJN **Exh. 2.** Bradshaw has thus failed to plead a false statement of fact.

Second, Bradshaw fails to plead with requisite specificity. He alleges, for example, that "Class Counsel Defendants represented to [him] and the Class as well as to the Court that they would represent the interest of the Jones class members and had entered into a fair settlement with the City. They made these representations by, among other methods, in-court filings and

12

**LIBMAN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL J. LIBMAN**

orally in Jones to Judge Berle. This included the draft notice they prepared, which formed the basis for the notice that Judge Berle ordered to be sent out to members of the Jones class." TAC ¶¶720, 731. This does not specify "the who, what, when, where, and how" of the alleged statements made by Libman. *See Vess,* 317. F.3d at 1106. Bradshaw fails to identify the specific statements Libman made, nor which of the Class Counsel made them, nor when and where they were made. Dismissal is warranted on this basis.

### E. The TAC Fails to State a Claim for Fraudulent Concealment (Claim XII)

Bradshaw's twelfth claim for fraudulent concealment fails because it is collaterally estopped by the judgment in *Jones v. City of Los Angeles*, Case No. BC577267 (Cal. Super. Ct., L.A. Cty.). Furthermore, both fraudulent concealment and fraudulent misrepresentation claims, as species of fraud claims, must be pleaded in accordance with Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to satisfy the particularity requirements of Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is fals*e."* *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011)(quoting *Ebeid ex rel. U.S. v. Lungwitz,* 616 F.3d 993, 998 (9th Cir. 2010)(internal quotation and citations omitted).)

Claim XII attempts to allege fraudulent concealment by Libman. The problem lies in the lack of particularity in all these allegations in the fraud count. In order to set forth a claim, the TAC must set forth the who, what, when, where, and how of the misconduct - whether it was a statement or an act taken to conceal - and it must explain what was false about the statement or action, and why it was false.

Plaintiff did not do any of that warranting the dismissal of these claims.

### F. The TAC Fails to State a Claim for Declaratory Judgment (Claim XV)

Bradshaw's fifteenth claim for declaratory judgment fails because neither he nor the putative class members paid the attorney fees for which restitution is sought.

### G. The TAC Must Be Stricken and Dismissed In Its Entirety For Failure To Comply With FRCP 8

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "s**hort and plain statement**" of the claim showing that the pleader is entitled to relief" The Court in *Twombly* held that while Rule 8 doesn't require "***detailed factual allegations"***, it does demand "more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citing *Papasoa v. Allain*, 478 U.S. 265, 286.) *Iqbal* requires that factual allegations "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (internal citation omitted). While a court normally must accept as true all of the allegations contained in a complaint, that tenant is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic v. Twombly*, 550 U.S. at 555.

Therefore, the Court in *Iqbal* held that a "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950.

The 204-page TAC, consisting of 831, lengthy, convoluted, implausible, conflicting and largely fictional allegations as to Libman, is far from a "short and plain statement of the claim" but rather a fictional novel as to Libman defendants.

### IV. CONCLUSION

For the above reasons Libman defendants respectfully request that the Court grant this motion in its entirety and dismiss Libman with prejudice.

Respectfully Submitted

Dated: November 15, 2023    LAW OFFICE OF MICHAEL J. LIBMAN, APC.

By: *Michael J. Libman* [E-Signature]
    _____.
    MICHAEL J. LIBMAN
    Attorney for Defendants

14

# CERTIFICATE OF SERVICE

On November 15, 2023, I served the following document(s) described as: **LIBMAN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** on all parties and their attorneys electronically through CMS, and I declare this to be true pursuant to the penalty of perjury under 28 U.S.C. §1746.

Filippo Marchino, Esq.
FM@XLAWX.com
Damon Rogers, Esq.
DR@XLAWX.com
Thomas E. Gray, Esq.
TG@XLAWX.com
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370

*Attorneys for Plaintiff Dennis Bradshaw*


Adam R. Fox
adam.fox@squirepb.com
Marisol C. Mork
marisol.mork@squirepb.com
Hannah J. Makinde
hannah.makinde@squirepb.com
Shima Vasseghi
shima.vasseghi@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

*Attorneys for Defendant*
*JAMES CLARK*


VIKRAM SOHAL
vsohal@nemecek-cole.com
**NEMECEK & COLE**
A Professional Corporation
16255 Ventura Boulevard, Suite 300 Encino, California 91436-2300
Tel: (818) 788-9500 / Fax: (818) 501-0328

15

LIBMAN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL J. LIBMAN

*Attorneys for Defendants*
*KIESEL LAW, LLP and PAUL KIESEL*

Hydee Feldstein Soto
hydee.feldsteinsoto@lacity.org
Kathleen A. Kenealy
kathleen.kenealy@lacity.org
Julie C. Riley
julie.riley@ladwp.com
**LOS ANGELES CITY ATTORNEY'S OFFICE**
200 Main Street, 800 City Hall East
Los Angeles, California 90012
Telephone: (213) 978-8100
Facsimile: (213) 978-8312

**ELLIS GEORGE CIPOLLONE**
**O'BRIEN ANNAGUEY LLP**
Eric M. George
egeorge@egcfirm.com
Kathryn L. McCann
kmccann@egcfirm.com
Jason Y. Kelly
jkelly@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Tel: (310) 274-7100
Fax: (310) 275-5697

*Attorneys for Defendant City of Los Angeles*

James J. Kjar, Esq.
Gregory B, Emdee, Esq.
**KJAR, McKENNA & STOCKALPER, LLP**
841 Apollo Street, Suite 100
El Segundo, CA 90245
Telephone: (424) 217-3026
Facsimile: (424) 367-0400
Email: kjar@kmslegal.comgemdee@kmslegal.com

*Attorneys for Defendants*
THE LANDSKRONER LAW FIRM, LTD. d/b/a LANDSKRONER, GREICO, MERRIMAN, LLC, and JACK LANDSKRONER

Paul Paradis, Pro Se

16

4422 N. 75th Street, Unit 4005
Scottsdale, AZ 85251

**ROBIE & MATTHAI**
**A Professional Corporation**
Edith R. Matthai, Esq.
Email: ematthai@romalaw.com
T. John Fitzgibbons, Esq.
Email: jfitzgibbons@romalaw.com
350 S. Grand Avenue, Suite 3950
Los Angeles, California 90071-2609
Telephone: (213) 706-8000
Facsimile: (213) 706-9913

*Attorneys for Defendant THOMAS PETERS*

*Dated: 11/15/2023*             s/ Zhanna Sanamyan
                                            Zhanna Sanamyan